# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**CAROLYN DAVIS**
**Personal Representative**
**Of The Estate Of**
**Andrew Davis (Deceased)**
    **and**
**JENNIFER DAVIS**
**17 Pine Hill Drive**
**Bath, Maine 04530**
    **and**
**JOHN SANTOS and TRACY ANN SANTOS**
**Parents and Next Friends of**
**ABBIGIAL ELIZABETH  SANTOS**
**ALEXANDRA ELIZABETH SANTOS**
**LIBBI ELIZABETH SANTOS**
**LILLI ELIZABETH SANTOS**
**COOPER JEFFREY SANTOS**
**4 Dukes Drive**
**Sandwich, Massachusetts 02563**
        **Plaintiffs**


    **v.**                                                            **Civil No.**


**THE ISLAMIC REPUBLIC OF IRAN**
**Ministry of Foreign Affairs**
**Khomeini Avenue**
**United Nations Street**
**Tehran, Iran**
    **and**
**THE IRANIAN MINISTRY**
**OF INFORMATION AND SECURITY**
**Pasdaran Avenue**
**Golestan Yekom**
**Tehran, Iran**
        **Defendants**

# **COMPLAINT**

(1) This action is brought by the Plaintiffs, Carolyn Davis, et al., by counsel, in the individual capacity of each plaintiff and, as appropriate, in the capacity of each as personal representative of the estate more particularly described in the caption of this action for the benefit and on behalf of all those legally entitled to assert a claim under the District of Columbia Wrongful Death Act, the District of Columbia Survival Act and the Foreign Sovereign Immunities Act. (28 United States Code Section 1602 et seq.). This Court exercises subject matter jurisdiction in accordance with the provisions of 28 United States Code Sections 1330(a), 1331, 1332(a)(2), and 1605. The Court exercises in personam jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 United States Code Section 1605 (a)(7). Venue in this Court is proper in accordance with the provisions of 28 United States Code Section 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2) The Plaintiffs in this action consist entirely of members of the United States Marine Corps, United States Navy and United States Army, the estates of such persons, and the heirs at law and legatees of such persons, who suffered physical or emotional injuries or died as a result of injuries inflicted in the terrorist attack upon the United States Marine Corps, Battalion 1/8, Headquarters Building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983. Members of the United States Marine Corps were assigned to the 24th Amphibious Unit. Members of the United States Navy and United States Army were present at the site of the occurrence in support of the 24th Amphibious Unit, either on a regular assigned basis or temporarily on the date of the

occurrence below set forth. The term "estate" as hereinafter used refers not only to the estate of any member of the Armed Forces of the United States above referred to, but also to all persons who are beneficiaries entitled to compensation and/or punitive damages in accordance with any statute of the United States, the District of Columbia, or their state of residence or domicile at the time of death, including 28 United States Code Section 1602 through 1611, District of Columbia Code, Title 16, Section 16-2701 or District of Columbia Code, Title 12, Section 12-301.

(3) The Defendant, The Islamic Republic of Iran, is a foreign state which was as a result of the acts hereinafter complained of, and is to the present, designated as a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 United States Code Appendix, Section 2405(j)).

(4) The Defendant, The Iranian Ministry of Information and Security, is an agency of the Defendant, The Islamic Republic of Iran, whose activities included, at all times relevant to this action, the prosecution of terrorist acts directed against the armed forces of the United States and United States citizens, by and through material support to various terrorist organizations including the Lebanese terrorist organization known as "Hezbollah".

(5) Hezbollah[1] is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of

the State of Israel. At all times relevant to this action, Hezbollah was being given extensive support by the Defendants which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the Shiite population of Lebanon. In 1983, at the time of the acts which give rise to this action, Hezbollah was under the complete operational control of the Defendants, through Iranian Revolutionary Guards units within Lebanon. The Shia or Shiite Community in Lebanon had been economically depressed for an extended period of time prior to the date of the occurrence and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendants to Hezbollah was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the attack of October 23, 1983.

(6) The mission statement of the 24th Amphibious Unit on October 23, 1983 was "to provide a presence in Beirut, that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital."[2] The Unit operated under normal, peacetime rules of engagement. Their geographic position was in a reinforced concrete building at the Beirut Airport. Although there was sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the ongoing civil war. The building being used by the Unit gave excellent

---

[1] The spelling of this word differs slightly in various publications. It is believed that this spelling is the most common. The organization also refers to itself in some publications as the "Party of God".
[2] Statement of General Paul X. Kelly, Commandant, United States Marine Corps.

protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding October 23, 1983.

(7)Acting on instructions from the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Iranian agents of the Defendants in operational control of Hezbollah, with high level technical participation which would not have been available to Hezbollah in the absence of Iranian control and participation, carried out the construction of a gas enhanced explosive device with an explosive force equal to 22,000 pounds of explosives. This was in turn mounted in a large truck of a type used to transport beverage supplies to hotels, restaurants, stores and, in this case, airport terminal facilities. It had been determined by Iranian military engineers/terrorist experts to have sufficient weight to crash through an outer barbed wire emplacement, yet would fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and though a sandbag inner barrier obstruction into a passenger entry hallway into the center lobby of the building to a position at which the Iranian military engineers/terrorist experts had calculated an explosion of the magnitude to be produced by the device would collapse the structure. At approximately 6:22 a.m., Beirut time, on October 23, 1983 the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The collapse of the four story, reinforced concrete structure resulted in the deaths of approximately 241 members of the Armed Forces of the United States and injury to numerous others.

(8) The actions of the agents of the Defendants as above set forth constituted acts torture, extrajudicial killing and the provision of material resources for these acts as defined in Section 2339A, Title 18, United States Code.

(9) The formation of Hezbullah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Defendant the Ministry of Information and Security and Ali Akbar Mohtashemi, acting as Interior Minister of the Defendant, The Islamic Republic of Iran, and the Iranian Ambassador to Syria. The above referred to activities of Hezbollah were financed, technologically supported and commanded by Iranian military/intelligence operatives.

## COUNT I
## ESTATE OF ANDREW DAVIS
## CLAIM FOR WRONGFUL DEATH
## PURSUANT TO THE LAW OF THE STATE OF MAINE

(10) Plaintiff, Carolyn Davis, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(11) On October 23, 1983, when the explosive device described above was detonated, Andrew Davis, an American citizen and a member of the United States Marine Corps, suffered fatal injuries. The death of Andrew Davis was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Andrew Davis. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(12) This action is brought by Carolyn Davis, Personal Representative of the Estate of Andrew Davis, exclusively for the benefit of Jennifer Davis, the minor beneficiary of Andrew Davis who survived him and who was born on the 23rd day of March, 1982. As a direct and proximate consequence of the actions of the agents of Defendants for which said Defendants are vicariously, jointly and severally liable, Jennifer Davis suffered pecuniary loss, including financial assistance to said beneficiary, and the loss of the care and parental assistance of Andrew Davis, and has thereby suffered damages in the amount of $10,000,000.00.

**WHEREFORE,** Plaintiff, Carolyn Davis, demands judgment for the benefit of Jennifer Davis, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

### COUNT II
### CLAIM OF JENNIFER DAVIS
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PURSUANT TO THE LAW OF THE STATE OF MAINE

(13) Plaintiff, Jennifer Davis, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(14) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, Andrew Davis, to wit, Jennifer Davis, has suffered extraordinary grief and mental anguish, in that (1) the defendants, acting through their agent and employee, on or about September 26, 1983, instructed members of the Iranian Revolutionary Guards stationed at Baalback in the Bakaa Valley of Lebanon, to carry out a suicide attack upon

the Marine Barracks in Beirut, Lebanon, which instructions were, after extensive preparation, carried out on October 23, 1983, by driving a truck carrying over 20,000 pounds of PETN, a high explosive, into the building inhabited by Andrew Davis and approximately 500 other members of the Armed Forces of the United States, and by their conduct they intentionally inflicted physical injury resulting in death to Andrew Davis and severe emotional distress upon his daughter, Jennifer Davis, beneficiary of this action; (2) the conduct was above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of the defendant's employees and agents caused plaintiff's emotional distress; and (4) the emotional distress suffered by the Jennifer Davis was so severe that no reasonable person could be expected to endure it. See Curtis v. Porter, 2001 ME 158, 784 A.2d 18, 22-23 (Me. 2000) quoting Champagne v. Mid-Maine Medical Ctr., 1998 ME 87, 711 A.2d 842, 847 (Me. 1998); Purty v. Kennebec Valley Medical Center, 551 A.2d 858(1988). Jennifer Davis has thereby suffered damages in the amount of ten million dollars.

**WHEREFORE,** Plaintiff, Jennifer Davis, demands judgment in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

### COUNT III
### CLAIMS OF JOHN SANTOS AND TRACY ANN SANTOS
### ON BEHALF OF ABBIGIAL ELIZABETH SANTOS
### ALEXANDRA ELIZABETH SANTOS, LIBBI ELIZABETH SANTOS
### LILLI ELIZABETH SANTOS AND COOPER JEFFREY SANTOS
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PURSUANT TO THE LAW OF THE STATE OF MASSACHUSETTS

(15)Plaintiffs, John Santos and Tracy Ann Santos, on behalf of Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi Elizabeth Santos, Lilli Elizabeth Santos and

Cooper Jeffrey Santos, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(16) John Santos and Tracy Ann Santos are the parents of Abbigial Elizabeth Santos (b. 2/5/90), Alexandra Elizabeth Santos (b. 8/28/91), Libbi Elizabeth Santos(b. 6/12/95), Lilli Elizabeth Santos (b. 9/7/96) and Cooper Jeffrey Santos (b. 5/26/99). On October 23, 1983, Plaintiff, John Santos, was a member of the 24th Marine Amphibious Unit, 1st Battalion, 8th Marine Regiment. He suffered severe physical and emotional injuries as a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security. The injuries inflicted upon John Santos on said date constituted an act of terrorism and were caused by a willful and deliberate act of the agents of these Defendants who financed the attack, planned the attack, provided the suicide truck driver, provided the explosives and rendered material support to the activities of Hezbollah that resulted in the injuries to John Santos. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(17)As a direct and proximate result of the attack on October 23, 1983, the children of John Santos, Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi Elizabeth Santos, Lilli Elizabeth Santos and Cooper Jeffrey Santos, suffered severe emotional injuries as a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in that (1) the defendants, acting through their agent and employee, on or about September 26, 1983, instructed members of the Iranian Revolutionary Guards stationed at Baalback in the

Bakaa Valley of Lebanon, to carry out a suicide attack upon the Marine Barracks in Beirut, Lebanon, which instructions were, after extensive preparation, carried out on October 23, 1983, by driving a truck carrying over 22,000 pounds of PETN, a high explosive, into the building inhabited by approximately 500 other members of the Armed Forces of the United States, and by their conduct they intentionally inflicted physical injury resulting in injury to John Santos which in turn resulted in severe emotional distress suffered by his children, Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi Elizabeth Santos, Lilli Elizabeth Santos and Cooper Jeffrey Santos. The conduct of these Defendants through their agents and employees as above described was far in excess of that found to be necessary by the Appeals Court Of Massachusetts to sustain the tort of intentional infliction of emotional distress. In Bailey v. Shriberg, 31 Mass. App. Ct. 277(1991) the Court noted

> "the elements of the tort (as to which, see Agis v. Howard Johnson Co., 371 Mass. 140, 144-145 [1976]) were made out: conduct intended to cause and in fact causing emotional distress. The other elements are more subject to doubt: that the conduct was extreme and outrageous, beyond all possible bounds of decency; and that the emotional distress suffered was severe, "of a nature 'that no reasonable man could be expected to endure it.'" Id. at 145.

Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi Elizabeth Santos, Lilli Elizabeth Santos and Cooper Jeffrey Santos have each thereby suffered damages in the amount of three million dollars.

**WHEREFORE,** Plaintiffs, John Santos and Tracy Ann Santos, on behalf of Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi Elizabeth Santos, Lilli Elizabeth Santos and Cooper Jeffrey Santos, demand judgment for each in the amount of **THREE MILLION DOLLARS** ($3,000,000.00), besides costs.

Date: July 23, 2007                                    Respectfully submitted,

    /s/_____
**THOMAS FORTUNE FAY**
**Unified Bar No. 23929**


    /s/_____
**Caragh Glenn Fay**
**U.S.D.D.C. Bar No. 16955**
**601 Pennsylvania Avenue, NW**
**#900 - South Building**
**Washington, D.C.  20004**
**(202) 638-4534**


**Attorneys for Plaintiff**

07-1302
RCL

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Carolyn Davis, et al.   55888

## DEFENDANTS
The Islamic Repiublic of Iran, ET AL

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas Fortune Fay, P.A.
601 Pennsylvania Avenue, NW, #900 South
Washington, DC 20004

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01302
Assigned To : Lamberth, Royce C.
Assign. Date : 7/23/2007
Description: PI/Malpractice

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⊙ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ⊙ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ⊗ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(2)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- ⊙ 1) Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Intentional infliction of emotional distress arising as a result of terrorist attack.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 35,000,000.00    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE 7/23/2007    SIGNATURE OF ATTORNEY OF RECORD *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.