# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**CAROLYN DAVIS, ET AL**

       **Plaintiff,**

   **v.**                                **Civil No. 07-01302 (RCL)**

**THE ISLAMIC REPUBLIC OF IRAN**

       **Defendants.**

## <u>MOTION FOR LEAVE TO FILE</u>
## <u>SECOND AMENDED COMPLAINT</u>

    Plaintiff, Carolyn Davis, et al., by Counsel, herewith moves the Court pursuant to Federal Civil Rule 15 that the Court grant leave to file a Second Amended Complaint.

    WHEREFORE, Plaintiff prays that the Court enter an Order as follows: (a) That leave be and it is granted to the Plaintiff to file the Amended Complaint filed with the Motion For Leave To File Amended Complaint; (b) That the Amended Complaint is deemed filed as of the date of the Order Granting Leave.

**Date:  3-26-2008**

# FAY LAW, PA

/s/***Thomas Fortune Fay***           
**Thomas Fortune Fay**
**Law Office of Thomas Fortune Fay, P.A.**
**700 Fifth Street, NW #200**
**Washington, DC 20001**
**202/589-1300**
**Attorney For Plaintiff**


/s/***Caragh Glenn Fay***           
**Caragh G. Fay**
**Law Office of Thomas Fortune Fay, P.A.**
**9 North Adam Street**
**Rockville, MD 2**
**202/589-1300**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**CAROLYN DAVIS, ET AL**
                    **Plaintiff,**


        **v.**                                    **Civil No. 07-01302 (RCL)**



**THE ISLAMIC REPUBLIC OF IRAN**
                **Defendants**

## <u>ORDER</u>

The Court having considered the Motion For Leave To File Second Amended Complaint, and the Memorandum Of Defendants In Opposition, it is, by the Court this 26th day of March, 2008

**ORDERED,** that leave be and it is hereby granted to the Plaintiff to file the Amended Complaint filed with the Motion For Leave To File The Second Amended Complaint, and it is further

**ORDERED**, that the Amended Complaint is deemed filed as of the date of this Order Granting leave to file.


_____
**Royce C. Lamberth**
**United States District Judge**

**COPIES TO:**                    **FAY LAW, PA**

**Thomas Fortune Fay**
**Caragh Glenn Fay**
**700 Fifth Street, NW #200**
**Washington, DC 20001**
**202/589-1300**
**Attorneys For Plaintiffs**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**CAROLYN DAVIS,**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Andrew Davis (Deceased)**
**4824 Battaglia Blvd.**
**St. Cloud, FL 34769**

**JENNIFER DAVIS**
**17 Pine Hill Drive**
**Bath, Maine 04530**

**CHARLES E. BAILEY and VINA S. BAILEY**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**C. Keith Bailey**
**201 Morris Drive**
**Salisbury, MD 21804**

**KAREN L. COOPER**
**4475 Eastwicke Drive**
**Salisbury, MD 21804**

**SHIRLEY DOUGLASS MILLER,**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Frederick Douglass**
**P.O. Box 482**
**Cataumet, MA 02534**

**SUSAN BAKER**
**P.O. Box 463**
**Cataumet, MA 02534**

**REGINA PEREIRA**
**P.O. Box 463**
**Cataumet, MA 02536**

**GAIL BLACK**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**David D. Gay**
**805 Jimblake Road**
**Jacksonville, NC 28540**

**RONALD GAY**
**819 Adams Drive**
**Eldorado, IL 62930**

**TIMOTHY GAY**
**100 Meadows Avenue**
**E. Peoria, IL 61611**

**REBECCA CORDELL**
**173 S. Main**
**Junction, IL 62954**

**ESTATE OF NEVA JEAN GAY**

**ESTATE OF DAVID D. GAY, SR.**

**KATHLEEN COLLINS**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Bert Daniel Corcoran**
**17042 W. Post Drive**
**Surprise, AR 85388**

**ESTATE OF ROBERT ALTON CORCORAN**

**CATHERINE CORCORAN**
**613 N. 4th Avenue, Apt. 311**
**Phoenix, AZ 85003**

**ROBERT BRIAN CORCORAN**
**P.O. Box 184**
**Jefferson Valley, NY 10524**

**ELIZABETH ANN ORTIZ**
**806 Fairmont Place, #3**
**Bronx, NY 10460**

**KEITH ALTON CORCORAN**
**21049 Saucier Advance Road**
**Saucier, MS 39574**

**CINDY COLASANTI**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Roy Edwards**
**427 Seminole Trail**
**Jacksonville, NC 28540**

**HARVEY MARTIN BASTIAN**
**427 Seminole Trail**
**Jacksonville, NC 28540**

**ESTATE OF BARBARA EDWARDS**

**THOMAS HELD**
**Individually and As**
**Personal Representative**
**Of The Estate Of**
**Douglas Held**
**3322 Shallowford Trace**
**Midlothian, VA 23112**

**ESTATE OF SONDRA LOU HELD**

**FREDA GIBBS HUTCHERSON**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Warner Gibbs, Jr.**
**9 Old English Way**
**Stafford, VA 22554**

**LARRY GIBBS**
**9309 Tumberlake Road**
**Fredericksburg, VA 22408**

**MARKUS A. LEWIS**
**1601 Richmond Avenue**
**Portsmouth, VA 23704**

**ESTATE OF WARNER GIBBS, SR.**

**ESTATE OF JANET YVONNE LEWIS**

**JAMES INGALLS**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**John Ingalls**
**P.O. Box 193**
**Interlaken, NY 14847**

**JOSEPH INGALLS**
**P.O. Box 193**
**Interlaken, NY 14847**

**PRISCILLA STOWE**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Thomas D. Stowe**
**28 Pine Valley Road**
**Doylestown, PA 18901**

**DAVID STOWE**
**28 Pine Valley Road**
**Doylestown, PA 18901**

**DONNA BALOGA**
**309 Lewis Avenue**
**Monongahela, PA 15063**

**SAMANTHA STOWE**
**1306 3ʳᵈ Street**
**Berkley, CA 94710**

**BARBARA STOWE**
**3333 Wunder Avenue**
**Cincinnati, OH 45211**

**MARCIA C. TOWNSEND-TIPPETT**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Henry Townsend, Jr.**
**2819 Fair Oaks Drive**
**Montgomery, AL 36117**

**HENRY & LILLIAN TOWNSEND**
**P.O. Box 640027**
**Pike Rod, AL 36064**

**VALERIE TATUM**
**930 Brewster Street**
**Pike Road, AL 36064**

**CYNTHIA GREEN**
**1297 Grand Blvd.**
**Birmingham, AL 35214**

**KAWANNA DUNCAN**
**7959 Cottage Hill Road**
**Apt. 505**
**Mobile, AL 36608**

**CLETA WELLS**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Tandy W. Wells**
**3056 Triangle Park Road**
**Mariposa, CA 95338**

**STELLA WELLS GEORGE**
**2925 Shack Lette Rd**
**Murfreesboro, TN 37129**

**FRANCES MANGRUM**
**7122 Aggie Hamilton Lane**
**Fairview, TN 37062**

**EDITH HOLLAND WELLS**
**7122 Aggie Hamilton Lane**
**Fairview, TN 37062**

**PERRY GLENN WELLS**
**24802 Airline Rd**
**Sturgis, MI 49091**

**DANNY HOLLAND WELLS**
**825 Old Hunter's Point Pike**
**Lebanon, TN 37087**

**ESTATE OF HAROLD DEAN WELLS**

**MICHAEL SHANE WELLS**

**TIMOTHY SHON WELLS**

**JOHN SANTOS**
**5 Dukes Drive**
**Sandwich, Massachusetts 02563**

**TRACY ANN SANTOS**
**5 Dukes Drive**
**Sandwich, Massachusetts 02563**

**ABIGAIL ELIZABETH SANTOS**
**5 Dukes Drive**
**Sandwich, Massachusetts 02563**

**ALEXANDRA ELIZABETH SANTOS**
**5 Dukes Drive**
**Sandwich, Massachusetts 02563**

**LIBBI ELIZABETH SANTOS**
**5 Dukes Drive**
**Sandwich, Massachusetts 02563**

**LILLI ELIZABETH SANTOS**
**5 Dukes Drive**
**Sandwich, Massachusetts 02563**

**COOPER JEFFREY SANTOS**
**5 Dukes Drive**
**Sandwich, Massachusetts 02563**

**RAOUL SANTOS**
**Shawnee Heights, Apt. 301**
**Sandwich, MA 02563**

**MARY SANTOS**
**Shawnee Heights, Apt. 301**
**Sandwich, MA 02563**

**DONNA DUFFY**
**344 Coudoit Road**
**Sandwich, MA 02563**

**MARY CROPPER**

**644 Par Drive**
**Jacksonville, NC 28549**

**DOREEN CALLANAN**
**70 Cape Drive, Apt. D**
**Mashpee, MA 02649**

**CASSIE LEMIRE**
**P.O. Box 547**
**Sagamore, MA 02561**

**JEAN WINNER**
**175 Teaticket Highway, Unit 12**
**East Fairmouth, MA 02573**

**KEVIN SANTOS**
**22 Drew Lane**
**Mashpee, MA 02549**

**RAOUL SANTOS**
**22 Drew Lane**
**Mashpee, MA 02549**

**GARY WAYNE ALLISON**
**219 Autinville Road**
**Wytheville, VA 25382**

**MARK BARTHOLOMEW**
**9 Spring Garden Rd**
**Rocking Point, NY 11778**

**ROBERT BRAGG**
**P.O. Box 502**
**Atkins, VA 24311**

**THOMAS D. BROWN, JR.**
**405 Lightening Lane**
**Interlachen, FL 32148**

**JEANETTE ODOM**
**403 Lightening Lane**
**Interlachen, FL 32148**

**DEBORAH VOGT**
**6363 Forrestwood Drive**
**West Lakeland, FL 32811**

**MICHAEL CORRIGAN**
**12910 Castlemaine Drive**
**Tampa, FL 33626**

**EARL GUY**
**5187 Dayton Liberty Road**
**Dayton, OH 45418**

**JOAN M. CRAWFORD**
**1641 Wesleyan Road**
**Dayton, OH 45406**

**IAN D. GUY**
**12220 Pellicano Drive, Apt. 1404**
**El Paso, TX 79936**

**EDDIE GUY, JR.**
**124 Commons Drive**
**Englewood, OH 45322**

**ADAM GUY**
**518 East Town St., Apt. 317**
**Columbus, OH 43215**

**DONALD HAMMONS**
**2921 Hugo Court**
**Flower Mound, TX 75022**

**THOMAS HOKE**
**37-D Meadowwood Glen Way**
**Greensboro, NC 27409**

**GLENN W. HOLLIS**
**12 Solomon Pond Road**
**E. Sandwich, MA 02537**

**ESTATE OF ANN HOLLIS**

**JANE COSTA**
**43 Rogers Road**
**East Longmeadow, MA 01028**

**KEVIN JIGGETTS**
**4981 Diamond Oaks Court**
**Waldorf, MD 20602**

**DONALD LONG**
**P.O. Box 403**
**High Point, NC 27261**

**ROBERT LYNCH**
**7323 NY 66**
**East Nassau, NY 12062**

**TIM McCOSKEY**
**139 Switchgrass Ct**
**Elloree, SC 29047**

**RONALD L. MOORE**
**5452 E. Washburn Rd**
**Waterloo, IA 50701**

**JOHN W. NASH**
**101 Dockside Drive**
**Jacksonville, NC 28546**

**ROSE ANN NASH**
**750 Hollister St.**
**Pontiac, MI 48340**

**ESTATE OF FRANK EDISON NASH**

**WILLIAM H. NASH**
**283 University Pkwy**
**Bluffton, SC 29909**

**MARK S. NASH**
**1001 Leland St., Apt. 104**
**Detroit, MI**

**FRANK E. NASH, JR.**
**1001 Leland St., Apt. 104**
**Detroit, MI**

**JAKI MILLIKEN**
**1001 Leland St., Apt. 104**
**Detroit, MI**

**ROSEMARIE VLIET**
**1001 Leland St., Apt. 104**
**Detroit, MI**

**JAMES MICHAEL PUCKETT**
**4505 Cordell Drive**
**Roanoke, VA 24018**

**RONALD PUTNAM**
**3881 Dutch Cove Road**
**Canton, NC 28716**

**BRUCE H. RICHARDSON**
**9 Snell Street**
**Fiskdale, MA 01518**

**ELIZABETH M. RICHARDSON**
**9 Snell Street**
**Fiskdale, MA 01518**

**THOMAS RUTTER**
**306 Riverside Road**
**Essex, MD 21221**

**JOSEPH RICHARD SCHNEIDER**
**1678 Pocahontas Street**
**Norfolk, VA 23511**

**MORRIS SCHNEIDER**
**112 W. Highland Dr.**
**Pensacola, FL 32503**

**JACQUELINE GIBSON**
**1997 W. Heather Lane**
**Hanford, CA 93230**

**PAUL SEGARRA**
**118 Humming Bird Drive**
**Berlin, CT 06037**

**STEVEN MICHAEL SHAPURAS**
**529 Kentucky Street**
**Westville, IL 61883**

**DAVID W. SHARP**
**P.O. Box 992**
**Bentonville, AR 72712**

**THOMAS SHARP**

**P.O. Box 992**
**Bentonville, AR 72712**

**DAVENE SHARP**
**P.O. Box 992**
**Bentonville, AR 72712**

**CHARLES SIMMONS**
**26 Kamway Drive**
**Whiting, MA 04691**

**EDWARD J. STREKER**
**5 Walker Lane**
**Coventry, RI 02816**

**JOHN TURNER**
**1838 C Springhill Road**
**Staunton, VA 24401**

**JUDY TURNER**
**1838 C Springhill Road**
**Staunton, VA 24401**

**THOMAS ANDREW WALSH**
**556 Garrison Road**
**Pelzer, SC 29669**

**CHARLES WALSH**
**8625 Willow Oak Rd**
**Baltimore, MD 21234**

**RUTH WALSH**
**8625 Willow Oak Rd**
**Baltimore, MD 21234**

**PAT CAMPBELL**
**8625 Willow Oak Rd**
**Baltimore, MD 21234**

**RACHEL WALSH**
**8625 Willow Oak Rd**
**Baltimore, MD 21234**

**TIMOTHY WALSH**
**8625 Willow Oak Rd**
**Baltimore, MD 21234**

**MICHAEL WALSH**
**8625 Willow Oak Rd**
**Baltimore, MD 21234**

**SEAN WALSH**
**8625 Willow Oak Rd**
**Baltimore, MD 21234**

**BRYAN K. WESTRICK**
**23715 73rd Avenue, East**
**Myakka City, FL 34251**

**ANDREW K. WESTRICK**
**23715 73rd Avenue, East**
**Myakka City, FL 34251**

**AARON M. WESTRICK**
**23715 73rd Avenue, East**
**Myakka City, FL 34251**

**JOHN WESTRICK**
**1127 Houston Springs Rd**
**Greenback, TN 37742**

**PATRICIA WESTRICK**
**1127 Houston Springs Rd**
**Greenback, TN 37742**

**WHITNEY R. WESTRICK**
**1127 Houston Springs Rd**
**Greenback, TN 37742**

**GERALD WILKES, JR.**
**32 Beechwood Dr.**
**Clifton Park, NY 12065**

**GERALD WILKES, III**
**32 Beechwood Dr.**
**Clifton Park, NY 12065**

**JUSTIN WILKES**
**32 Beechwood Dr.**
**Clifton Park, NY 12065**

**JOSHUA WILKES**

32 Beechwood Dr.
Clifton Park, NY 12065

GERALD WILKES, SR.
35 Ravenwood Way
Johnsonville, NY 12094

PEGGIE WILKES
35 Ravenwood Way
Johnsonville, NY 12094

MICHAEL ZILKA
239 Bailies Run Road
Creighton, PA 15030

SUE ZILKA
239 Bailies Run Road
Creighton, PA 15030

MICHAEL ZILKA, JR.
239 Bailies Run Road
Creighton, PA 15030

COURTNEY L. ZILKA
239 Bailies Run Road
Creighton, PA 15030

CHRISTOPHER R. ZILKA
239 Bailies Run Road
Creighton, PA 15030

MYRIAH L. ZILKA
239 Bailies Run Road
Creighton, PA 15030

ARTHUR JOHNSON
2138 N. Ritter Avenue, #J-4
Indianapois, IN 46218

MECOT ECHO CAMARA
936 Peggy Branch Road
Princeton, WV 24740

THERESA RIGGS
150 E. Robinson Street, Unit 2412
Orlando, FL 32801

**ELISA CAMARA THOMPSON**
**364 W. Hornbeam Drive**
**Longwood, FL 32779**

**ESTATE OF MANUAL MASSA, SR.**

**JENNIFER PAGE NELSON**
**P.O. Box 715**
**3819 Cecil Street**
**Bethel, NC 27812**

**TIMOTHY PRICE**
**7139 Winter Ridge Drive**
**Converse, TX 78109**

**ESTATE OF BETTY LOU PRICE**

**PATRICIA FITZGERALD WASHINGTON**
**8229 Roxbury Drive**
**Alexandria, VA 22309-3728**

**GERALD FOISTER**
**VA Hospital**
**510 Butler Avenue**
**Martinsburg, WV 25405**

**ESTATE OF DOROTHY WILLIAMS**

**BILL WILLIAMSON**
**119 Shady Curve Road, Rt 2**
**Seagrove, NC 27341**
**FAITH ALBRIGHT**
**269 Shagbard Drive**
**Derby, CT 06418**

**MARVIN ALBRIGHT, JR.**
**269 Shagbard Drive**
**Derby, CT 06418**

**MEREQUIN ALBRIGHT**
**269 Shagbard Drive**
**Derby, CT 06418**

**SHERETA ALBRIGHT**
**269 Shagbard Drive**

Derby, CT 06418

**ANTHONY BANKS, JR.**
**1705 Kilmore Drive**
**Florissant, MO 63031**

**CHRISTOPHER BURNETTE**
**1321 Kershaw Loop, #130**
**Fayetteville, NC 28314**

**MICHELLE BURNETTE**
**1850 Redberry Lane**
**Conover, NC 28613**

**EVAN BURNETTE**
**1321 Kershaw Loop, #130**
**Fayetteville, NC 28314**

**CONNIE DECKER**
**15829 Fairfield Drive**
**Matthews, NC 28104**

**GWEN BURNETTE**
**3305 North 6th Street**
**Ocean Spring, MS 39564**

**GWEN WOODCOCK**
**2908 40th Avenue**
**Gulfport, MS 38501**

**LISA BURLEYSON**
**1321 Kershaw Loop, #130**
**Fayetteville, NC 28314**

**DALE COMES**
**18 Columbus Drive**
**Bayonne, NJ 07002**

**TOMMY COMES**
**18 Columbus Drive**
**Bayonne, NJ 07002**

**CHRISTOPHER EAVES**
**131 Miller Road**
**Waynesboro, VA 22980**

**INDIA EAVES**
**131 Miller Road**
**Waynesboro, VA 22980**

**DAVID EAVES**
**131 Miller Road**
**Waynesboro, VA 22980**

**SYLVIA EAVES**
**131 Miller Road**
**Waynesboro, VA 22980**

**ESTATE OF NINA EAVES STOCKWELL**

**JOSEPH MATTHEW GARNER**
**132 Islander Road**
**Satsuma, FL 32189**

**JUSTINA NICOLE GARNER**
**132 Islander Road**
**Satsuma, FL 32189**

**REVA PAIGE GARNER**
**132 Islander Road**
**Satsuma, FL 32189**

**PENNY GARNER**
**132 Islander Road**
**Satsuma, FL 32189**

**CHADWICK MATTHEWS**
**203 Londonberry Lane**
**Jacksonville, NC 28540**

**DREW MATTHEWS**
**203 Londonberry Lane**
**Jacksonville, NC 28540**

**DEBORAH WISE**
**P.O. Box 220**
**Hutto, TX 78634**

**JEREMY RIVERS**
**P.O. Box 218**
**Columbia, MD 21044**

**PAUL RIVERS**
**P.O. Box 218**
**Columbia, MD 21044**

**BERNICE RIVERS**
**P.O. Box 218**
**Columbia, MD 21044**

**SANDRA RIVERS**
**P.O. Box 218**
**Columbia, MD 21044**

**BARBARA ANN RUSSELL**
**116 Depot Street**
**Bellingham, MA 02019**

**ROBERT EMMETT RUSSELL**
**116 Depot Street**
**Bellingham, MA 02019**

**GLENN EDWARD RUSSELL**
**116 Depot Street**
**Bellingham, MA 02019**

**CHARLES EDWARD RUSSELL, JR.**
**116 Depot Street**
**Bellingham, MA 02019**

**JEAN LOUISE BROWN**
**116 Depot Street**
**Bellingham, MA 02019**

**NANCY MacDONALD**
**116 Depot Street**
**Bellingham, MA 02019**

**DIANE CAROL HIGGINS**
**116 Depot Street**
**Bellingham, MA 02019**

**ESTATE OF THOMAS WILLIAM RUSSELL**
**116 Depot Street**
**Bellingham, MA 02019**

**RICHARD LYNDE FOLEY**
**116 Depot Street**

Bellingham, MA 02019

**CHARLES FRYE, JR.**
**6444 E. Spring St., #134**
**Long Beach, CA 90815**

**GINA FRYE**
**6444 E. Spring St., #134**
**Long Beach, CA 90815**

**LINCOLN FRYE**
**6444 E. Spring St., #134**
**Long Beach, CA 90815**

**RANDALL FRYE**
**6444 E. Spring St., #134**
**Long Beach, CA 90815**

**JACK DARRELL HUNT**
**111 Marion Ct**
**Jacksonville, FL 28546**

**MARCY ELIZABETH HUNT**
**111 Marion Ct**
**Jacksonville, FL 28546**

**MENDY LEIGH HUNT**
**111 Marion Ct**
**Jacksonville, FL 28546**

**MOLLY FAY HUNT**
**111 Marion Ct**
**Jacksonville, FL 28546**

**RICHARD DUDLEY**
**1145 Ramsey Road**
**Jacksonville, NC 28546**

**TOLEDO DUDLEY**
**1145 Ramsey Road**
**Jacksonville, NC 28546**

**SHERRY LATOZ**
**1145 Ramsey Road**
**Jacksonville, NC 28546**

**CYNTHIA BLANKENSHIP**
**1145 Ramsey Road**
**Jacksonville, NC 28546**

**GINGER TUTON**
**1145 Ramsey Road**
**Jacksonville, NC 28546**

**SCOTT DUDLEY**
**1145 Ramsey Road**
**Jacksonville, NC 28546**

**CATALDO ANTHONY NASHTON**
**9386 Route 26**
**Lee Cnter, NY 13363**

**CLAUDIA COMINO**
**232 Riverview Pkwy, North**
**Rome, NY 13440**

**MARK NASHTON**
**812 Laurel Street**
**Rome, NY 13440**

**MYLES NASHTON**
**117 Evergreen Valley Dr.**
**Oneida, NY 13421**

**THERESA BARTHOLOMEW**
**9 Spring Garden Rd**
**Rocking Point, NY 11778**

**CRYSTAL BARTHOLOMEW**
**9 Spring Garden Rd**
**Rocking Point, NY 11778**

**MARK E. BARTHOLOMEW**
**9 Spring Garden Rd**
**Rocking Point, NY 11778**

**JERRY BARTHOLOMEW**
**9 Spring Garden Rd**
**Rocking Point, NY 11778**

**JOYCE BARTHOLOMEW**
**9 Spring Garden Rd**

Rocking Point, NY 11778


**Plaintiffs**


**v.**                                              **Civil No. 1:07-cv-01302**
                                                   **Judge Royce C. Lamberth**

**THE ISLAMIC REPUBLIC OF IRAN**
**Ministry of Foreign Affairs**
**Khomeini Avenue**
**United Nations Street**
**Tehran, Iran**
         **and**
**THE IRANIAN MINISTRY**
**OF INFORMATION AND SECURITY**
**Pasdaran Avenue**
**Golestan Yekom**
**Tehran, Iran**
                  **Defendants**


# SECOND AMENDED COMPLAINT

(1) This action is brought by the Plaintiffs, Carolyn Davis, et al., by counsel, in

the individual capacity of each plaintiff and, as appropriate, in the capacity of each as

personal representative of the estate more particularly described in the caption of this

action for the benefit and on behalf of all those legally entitled to assert a claim under the

District of Columbia Wrongful Death Act, the District of Columbia Survival Act and the

Foreign Sovereign Immunities Act. (28 United States Code Section 1602 et seq.), as

amended by §1083 of the Defense Appropriations Act of 2008, H.R. 4986, Public Law

110-181. This Court exercises subject matter jurisdiction in accordance with the

provisions of 28 United States Code Sections 1330(a), 1331, 1332(a)(2), and 1605. The Court exercises in personam jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 United States Code Section 1605 (a)(7). Venue in this Court is proper in accordance with the provisions of 28 United States Code Section 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2) Section 1083 of Public Law 110-181, signed by President Bush on January 28, 2008, amended the Foreign Sovereign Immunities Act, (28 U.S.C. § 1602, et seq.) extending the statute of limitations for the Plaintiffs to and including Friday, March 28, 2008, and establishing a separate, Federal cause of action as set forth in 28 U.S.C. §1605A.

(3) The Plaintiffs in this action consist entirely of members of the United States Marine Corps, United States Navy and United States Army, the estates of such persons, and the heirs at law and legatees of such persons, who suffered physical or emotional injuries or died as a result of injuries inflicted in the terrorist attack upon the United States Marine Corps, Battalion 1/8, Headquarters Building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983. Members of the United States Marine Corps were assigned to the 24th Marine Amphibious Unit. Members of the United States Navy and United States Army were present at the site of the occurrence in support of the 24th Marine Amphibious Unit, either on a regular assigned basis or temporarily on the date of the occurrence below set forth. The term "estate" as hereinafter used refers not only to the estate of any member of the Armed Forces of the United States above referred to, but also to all persons now deceased whose estates are beneficiaries entitled to

compensation and/or punitive damages in accordance with any statute of the United States, the District of Columbia, or their state of residence or domicile at the time of death, including 28 United States Code Section 1602 through 1611, District of Columbia Code, Title 16, Section 16-2701 or District of Columbia Code, Title 12, Section 12-301.

(4)The Defendant, The Islamic Republic of Iran, is a foreign state which was as a result of the acts hereinafter complained of, and is to the present, designated as a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 United States Code Appendix, Section 2405(j)).

(5)The Defendant, The Iranian Ministry of Information and Security, is an agency of the Defendant, The Islamic Republic of Iran, whose activities included, at all times relevant to this action, the prosecution of terrorist acts directed against the armed forces of the United States and United States citizens, through the actions of their agents and employees and by and through material support to various terrorist organizations including the Lebanese terrorist organization known as "Hezbollah".

(6)Hezbollah[1] is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of the State of Israel. At all times relevant to this action, Hezbollah was being given extensive support by these Defendants which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare

program designed to garner political support amongst the Shiite population of Lebanon. In 1983, at the time of the acts which give rise to this action, Hezbollah was under the complete operational control of the Defendants, through Iranian Revolutionary Guards units within Lebanon. The Shia or Shiite Community in Lebanon had been economically depressed for an extended period of time prior to the date of the occurrence and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendants to Hezbollah was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the attack of October 23, 1983.

(7)The mission statement of the 24th Amphibious Unit on October 23, 1983 was "to provide a presence in Beirut, that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital."[2] The Unit operated under normal, peacetime rules of engagement. Their geographic position was in a reinforced concrete building at the Beirut Airport. Although there was sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the ongoing civil war. The building being used by the Unit gave excellent protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding October 23, 1983.

---

[1] **The spelling of this word differs slightly in various publications. It is believed that this spelling is the most common. The organization also refers to itself in some publications as the "Party of God".**
[2] **Statement of General Paul X. Kelly, Commandant, United States Marine Corps.**

(8)Acting on instructions from the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Iranian agents of the Defendants in operational control of Hezbollah, with high level technical participation which would not have been available to Hezbollah in the absence of Iranian control and participation, carried out the construction of a gas enhanced explosive device with an explosive force equal to 22,000 pounds of explosives. This was in turn mounted in a large truck of a type used to transport beverage supplies to hotels, restaurants, stores and, in this case, airport terminal facilities. It had been determined by Iranian military engineers/terrorist experts to have sufficient weight to crash through an outer barbed wire emplacement, yet would fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and though a sandbag inner barrier obstruction into a passenger entry hallway into the center lobby of the building to a position at which the Iranian military engineers/terrorist experts had calculated an explosion of the magnitude to be produced by the device would collapse the structure. At approximately 6:22 a.m., Beirut time, on October 23, 1983 the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The collapse of the four story, reinforced concrete structure resulted in the deaths of approximately 241 members of the Armed Forces of the United States and injury to numerous others.

(9)The actions of the agents of the Defendants as above set forth constituted acts torture, extrajudicial killing and the provision of material resources for these acts as defined in Section 2339A, Title 18, United States Code.

(10) The formation of Hezbullah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Defendant the Ministry of Information and Security and Ali Akbar Mohtashemi, acting as Interior Minister of the Defendant, The Islamic Republic of Iran, and as the Iranian Ambassador to Syria. The above referred to activities of Hezbollah were financed, technologically supported and commanded by Iranian military/intelligence operatives.

**COUNT I**
**ESTATE OF ANDREW DAVIS**
**CLAIM FOR WRONGFUL DEATH**
**IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605**
**AND §1605A AS AMENDED AND 16 D.C.Code §16-2701**

(11) Plaintiff, Carolyn Davis, Personal Representative of the Estate of Andrew Davis, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(12) On October 23, 1983, when the explosive device described above was detonated, Andrew Davis, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Andrew Davis was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Andrew Davis. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(13) The beneficiaries of Andrew Davis who survived him, namely, Carolyn, his

wife, and his daughter, Jennifer Davis, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Andrew Davis, and funeral and burial expenses.

WHEREFORE, Plaintiff, Carolyn Davis, demands judgment on behalf of the Estate of Andrew Davis, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT II
### ESTATE OF ANDREW DAVIS
### SURVIVAL CLAIM
### 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(14) Plaintiff, Carolyn Davis, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(15) Decedent, Andrew Davis, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Carolyn Davis, as Personal Representative demands judgment on behalf of the Estate of Andrew Davis, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT III
## CAROLYN DAVIS, et al.
## SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(16) Plaintiff, Carolyn Davis, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(17) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Carolyn Davis, the wife of Decedent, Andrew Davis, and Jennifer Davis, the daughter of Decedent, Andrew Davis, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Andrew Davis to cause severe emotional distress upon his wife, Plaintiff, Carolyn Davis, and his daughter, Jennifer Davis, beneficiary of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Davis family was so severe that no reasonable person could be expected to endure it. Carolyn Davis and Jennifer Davis have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Carolyn Davis, for herself, and for Jennifer Davis, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT IV

### ESTATE OF ANDRE DAVIS
### PUNITIVE DAMAGES
### PURSUANT TO 28 U.S.C. §1605A

(18) The Plaintiff, Carolyn Davis, Personal Representative of the Estate of Andrew Davis, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(19) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Carolyn Davis, Personal Representative of the Estate of Andrew Davis, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

### COUNT V

### ESTATE OF C. KEITH BAILEY
### CLAIM FOR WRONGFUL DEATH
### IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605
### AND §1605A AS AMENDED AND 16 D.C.Code §16-2701

(20) Plaintiff, Charles E. Bailey and Vina S. Bailey, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(21) On October 23, 1983, when the explosive device described above was detonated, C. Keith Bailey, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of C. Keith Bailey was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of C. Keith Bailey. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(22) The beneficiaries of C. Keith Bailey who survived him, namely, Charles E. Bailey, his father, Vina S. Bailey, his mother, and Karen L. Cooper, his sister, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of C. Keith Bailey, and funeral and burial expenses.

WHEREFORE, Plaintiff, Charles E. Bailey and Vina S. Bailey, demand judgment on behalf of the Estate of C. Keith Bailey, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

**COUNT VI**
**ESTATE OF C. KEITH BAILEY**
**SURVIVAL CLAIM**
**12 D.C.Code §12-101 AND 28 U.S.C. §1605A**

(23) Plaintiff, Charles E. Bailey and Vina S. Bailey, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(24) Decedent, C. Keith Bailey, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Charles E. Bailey and Vina S. Bailey, demand judgment on behalf of the Estate of C. Keith Bailey, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

**COUNT VII**
**CHARLES E. BAILEY, VINA S. BAILEY, AND KAREN L. COOPER**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(25) Plaintiff, Charles E. Bailey and Vina S. Bailey, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(26) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Charles E. Bailey, the father of the Decedent, Vina S. Bailey, the mother of the Decedent, and

Karen L. Cooper, the sister of Decedent, C. Keith Bailey, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon C. Keith Bailey to cause severe emotional distress upon his father and mother, Charles and Vina Bailey, and his sister, Karen L. Cooper, beneficiary of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the his family was so severe that no reasonable person could be expected to endure it. Charles E. Bailey, Vina S. Bailey and Karen L. Cooper have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Charles E. Bailey and Vina S. Bailey, for themselves, and for Karen L. Cooper, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT VIII
### ESTATE OF C. KEITH BAILEY
### PUNITIVE DAMAGES
### PURSUANT TO 28 U.S.C. §1605A

(27) The Plaintiffs, Charles E. Bailey and Vina S. Bailey, Personal Representatives of the Estate of C. Keith Bailey, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(28) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Charles E. Bailey and Vina S. Bailey, Personal Representatives of the Estate of C. Keith Bailey, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

**COUNT IX**
**ESTATE OF FREDERICK DOUGLASS**
**CLAIM FOR WRONGFUL DEATH**
**IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605**
**AND §1605A AS AMENDED AND 16 D.C.Code §16-2701**

(29)Plaintiff, Shirley Douglass Miller, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(30) On October 23, 1983, when the explosive device described above was detonated, Frederick Douglass, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Frederick Douglass was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Frederick Douglass. Those agents were at all times acting with the scope of their agency and acted

on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(31) The beneficiaries of Frederick Douglass who survived him, namely, Shirley Douglass Miller, his widow, Susan Baker, his daughter, and Regina Pereira, his daughter, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Frederick Douglass, and funeral and burial expenses.

WHEREFORE, Plaintiff, Shirley Douglass Miller, demands judgment on behalf of the Estate of Frederick Douglass, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT X
## ESTATE OF FREDERICK DOUGLASS
## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(32) Plaintiff, Shirley Douglass Miller, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(33) Decedent, Frederick Douglass, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Shirley Douglass Miller, demands judgment on behalf of the Estate of Frederick Douglass, jointly and severally, against the Defendants, The

Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

**COUNT XI**
**SHIRLEY DOUGLASS MILLER, et. al.**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(34) Plaintiff, Shirley Douglass Miller, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(35) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff and widow, Shirley Douglass Miller, Susan Baker, daughter, and Regina Pereira, daughter, of Decedent, Frederick Douglass, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Frederick Douglass to cause severe emotional distress upon his widow, Shirley Douglass Miller, Susan Baker, his daughter, and Regina Pereira, his daughter, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Shirley Douglass Miller, Susan Baker, and Regina Pereira, have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Shirley Douglass Miller, for herself, Susan Baker, and Regina Pereira demands judgment against the Defendants, The Islamic Republic of Iran and the

Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT XII
### ESTATE OF FREDERICK DOUGLASS
### PUNITIVE DAMAGES
### PURSUANT TO 28 U.S.C. §1605A

(36) The Plaintiff, Shirley Douglass Miller, Personal Representative of the Estate of Frederick Douglass, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(37) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Shirley Douglass Miller, Personal Representative of the Estate of Frederick Douglass, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

### COUNT XIII

## ESTATE OF DAVID D. GAY
## CLAIM FOR WRONGFUL DEATH
## IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605
## AND §1605A AS AMENDED AND 16 D.C.Code §16-2701

(38) Plaintiff, Gail Black, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(39) On October 23, 1983, when the explosive device described above was detonated, David D. Gay, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of David D. Gay was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of David D. Gay. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(40) The beneficiaries of David D. Gay who survived him, namely, Gail Black, his widow, Ronald Gay, his brother, Timothy Gay, his brother, Rebecca Cordell, his sister, the Estate of Neva Jean Gay, his mother, and the Estate of David D. Gay, Sr., his father, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of David D. Gay, and funeral and burial expenses.

WHEREFORE, Plaintiff, Gail Black, demands judgment on behalf of the Estate of David D. Gay, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN

MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XIV
## ESTATE OF DAVID D. GAY
## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(41) Plaintiff, Gail Black, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(42) Decedent, David D. Gay, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Gail Black, demands judgment on behalf of the Estate of David D. Gay, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XV
## GAIL BLACK, et al.
## SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(43) Plaintiff, Gail Black, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(44) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff and widow, Gail Black, Ronald Gay, his brother, Timothy Gay, his brother, Rebecca Cordell, his sister, the Estate of Neva Jean Gay, his mother, and the Estate of David D. Gay, Sr., his father, of Decedent, David D. Gay, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon David D. Gay to cause severe emotional distress upon his wife, Plaintiff, Gail Black, Ronald Gay, his brother, Timothy Gay, his brother, Rebecca Cordell, his sister, the Estate of Neva Jean Gay, his mother, and the Estate of David D. Gay, Sr., his father, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Gail Black, Ronald Gay, Timothy Gay, Rebecca Cordell, the Estate of Neva Jean Gay, and the Estate of David D. Gay, Sr., have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Gail Black, for herself, and for Ronald Gay, Timothy Gay, Rebecca Cordell, the Estate of Neva Jean Gay, and the Estate of David D. Gay, Sr., demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT XVI
### ESTATE OF DAVID D. GAY
### PUNITIVE DAMAGES
### PURSUANT TO 28 U.S.C. §1605A

(45) The Plaintiff, Gail Black, Personal Representative of the Estate of David D. Gay, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(46) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Gail Black, Personal Representative of the Estate of David D. Gay, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

**COUNT XVII**
**ESTATE OF BERT DANIEL CORCORAN**
**CLAIM FOR WRONGFUL DEATH**
**IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605**
**AND §1605A AS AMENDED AND 16 D.C.Code §16-2701**

(47) Plaintiff, Kathleen Collins, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(48) On October 23, 1983, when the explosive device described above was detonated, Bert Daniel Corcoran, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Bert Daniel Corcoran was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Bert Daniel Corcoran. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(49) The beneficiaries of Bert Daniel Corcoran who survived him, namely, Kathleen Collins, his sister, Catherine Corcoran, his mother, the Estate of Robert Alton Corcoran, his father, Robert Brian Corcoran, his brother, Elizabeth Ann Ortiz, his sister, and Keith Alton Corcoran, his brother, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Bert Daniel Corcoran, and funeral and burial expenses.

WHEREFORE, Plaintiff, Kathleen Collins, demands judgment on behalf of the Estate of Bert Daniel Corcoran, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XVIII
## ESTATE OF BERT DANIEL CORCORAN

## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(50) Plaintiff, Kathleen Collins, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(51) Decedent, Bert Daniel Corcoran, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Kathleen Collins, demands judgment on behalf of the Estate of Bert Daniel Corcoran, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XIX
## KATHLEEN COLLINS, ET AL
## SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(52) Plaintiff, Kathleen Collins, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(53) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Kathleen

Collins, the sister of the Decedent, Catherine Corcoran, the mother of the Decedent, the

Estate of Robert Alton Corcoran, the father of the Deceedent, Robert Brian Corcoran, the

brother of the Decedent, Elizabeth Ann Ortiz, the sister of the Decedent, and Keith Alton

Corcoran, the brother of the Decedent, Bert Daniel Corcoran, have suffered extraordinary

grief and mental anguish, in that the defendants, acting through their agents and by their

conduct intended through infliction of physical injury resulting in death upon Bert Daniel

Corcoran to cause severe emotional distress upon his father, mother, and siblings,

namely, Kathleen Collins, the Estate of Robert Alton Corcoran, Catherine Corcoran,

Robert Brian Corcoran, Elizabeth Ann Ortiz, and Keith Alton Corcoran, the beneficiaries

of this action and the conduct above described was so extreme and outrageous as to

exceed all possible bounds of decency and must be regarded as atrocious and utterly

intolerable in a civilized community and the emotional distress suffered by the his family

was so severe that no reasonable person could be expected to endure it. Kathleen Collins,

the Estate of Robert Alton Corcoran, Catherine Corcoran, Robert Brian Corcoran,

Elizabeth Ann Ortiz, and Keith Alton Corcoran have each thereby suffered damages in

the amount of ten million dollars.

WHEREFORE, Kathleen Collins, for herself, and for the Estate of Robert Alton

Corcoran, Catherine Corcoran, Robert Brian Corcoran, Elizabeth Ann Ortiz, and Keith

Alton Corcoran, demand judgment against the Defendants, The Islamic Republic of Iran

and the Iranian Ministry of Information and Security, jointly and severally, for each in

the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT XX**
**ESTATE OF BERT DANIEL CORCORAN**
**PUNITIVE DAMAGES**
**PURSUANT TO 28 U.S.C. §1605A**

(54) The Plaintiff, Kathleen Collins, Personal Representative of the Estate of Bert Daniel Corcoran, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(55) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Kathleen Collins, Personal Representative of the Estate of Bert Daniel Corcoran, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT XXI
## ESTATE OF ROY EDWARDS
## CLAIM FOR WRONGFUL DEATH
## IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605
## AND §1605A AS AMENDED AND 16 D.C.Code §16-2701

(56)Plaintiff, Cindy Colasanti, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(57) On October 23, 1983, when the explosive device described above was

detonated, Roy Edwards, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Roy Edwards was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Roy Edwards.  Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(58) The beneficiaries of Roy Edwards who survived him, namely, Cindy Colasanti, his daughter, Harvey Martin Bastian, his son, and the Estate of Barbara Edwards, his mother, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Roy Edwards, and funeral and burial expenses.

WHEREFORE, Plaintiff, Cindy Colasanti, demands judgment on behalf of the Estate of Roy Edwards, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXII
## ESTATE OF ROY EDWARDS
## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(59) Plaintiff, Cindy Colasanti, repeats and re-alleges each and every allegation

set forth above with like effect as if alleged herein.

(60) Decedent, Roy Edwards, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Cindy Colasanti, demands judgment on behalf of the Estate of Roy Edwards, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

**COUNT XXIII**
**CINDY COLASANTI, et al.**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(61) Plaintiff, Cindy Colasanti, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(62) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff and daughter, Cindy Colasanti, Harvey Martin Bastian, his son, and the Estate of Barbara Edwards, his mother, of Decedent, Roy Edwards, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Roy Edwards to

cause severe emotional distress upon his daughter, Plaintiff, Cindy Colasanti, Harvey Martin Bastian, his son, and the Estate of Barbara Edwards, his mother, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Cindy Colasanti, Harvey Martin Bastian, and the Estate of Barbara Edwards, have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Cindy Colasanti, for herself, and for Harvey Martin Bastian, and the Estate of Barbara Edwards, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT XXIV**
**ESTATE OF ROY EDWARDS**
**PUNITIVE DAMAGES**
**PURSUANT TO 28 U.S.C. §1605A**

(63) The Plaintiff, Cindy Colasanti, Personal Representative of the Estate of Roy Edwards, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(64) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Cindy Colasanti, Personal Representative of the Estate of Roy Edwards, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

### COUNT XXV
### ESTATE OF DOUGLAS HELD
### CLAIM FOR WRONGFUL DEATH
### IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605
### AND §1605A AS AMENDED AND 16 D.C.Code §16-2701

(65)Plaintiff, Thomas Held, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(66) On October 23, 1983, when the explosive device described above was detonated, Douglas Held, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Douglas Held was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Douglas Held. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and

Security.

(67) The beneficiaries of Douglas Held who survived him, namely, Thomas Held, his father, and the Estate of Sondra Lou Held, his mother, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Douglas Held, and funeral and burial expenses.

WHEREFORE, Plaintiff, Thomas Held, demands judgment on behalf of the Estate of Douglas Held, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXVI
## ESTATE OF DOUGLAS HELD
## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(68) Plaintiff, Thomas Held, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(69) Decedent, Douglas Held, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Thomas Held, demands judgment on behalf of the Estate of Douglas Held, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

TEN MILLION DOLLARS ($10,000,000.00), besides costs.

**COUNT XXVII**
**THOMAS HELD, et al.**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(70) Plaintiff, Thomas Held, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(71) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff and father, Thomas Held, and the Estate of Sondra Lou Held, his mother, of Decedent, Douglas Held, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Douglas Held to cause severe emotional distress upon his father, Plaintiff, Thomas Held, and the Estate of Sondra Lou Held, his mother, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Thomas Held, and the Estate of Sondra Lou Held, have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Thomas Held, for himself, and the Estate of Sondra Lou Held, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of

TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XXVIII
## ESTATE OF DOUGLAS HELD
## PUNITIVE DAMAGES
## PURSUANT TO 28 U.S.C. §1605A

(72) The Plaintiff, Thomas Held, Personal Representative of the Estate of Douglas Held, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(73) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Thomas Held, Personal Representative of the Estate of Douglas Held, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT XXIX
## ESTATE OF WARNER GIBBS
## CLAIM FOR WRONGFUL DEATH
## IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605
## AND §1605A AS AMENDED AND 16 D.C.Code §16-2701

(74)Plaintiff, Freda Gibbs Hutcherson, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(75) On October 23, 1983, when the explosive device described above was detonated, Warner Gibbs, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Warner Gibbs was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Warner Gibbs. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(76) The beneficiaries of Warner Gibbs who survived him, namely, Freda Gibbs Hutcherson, his sister, Larry A. Gibbs, his half-brother, Markus A. Lewis, his half-brother, the Estate of Warner Gibbs, his father, and the Estate of Janet Yvonne Lewis, his mother, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Warner Gibbs, and funeral and burial expenses.

WHEREFORE, Plaintiff, Freda Gibbs Hutcherson, demands judgment on behalf of the Estate of Warner Gibbs, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT XXX

## ESTATE OF WARNER GIBBS
## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(77) Plaintiff, Freda Gibbs Hutcherson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(78) Decedent, Warner Gibbs, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Freda Gibbs Hutcherson, demands judgment on behalf of the Estate of Warner Gibbs, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXXI
## FREDA GIBBS HUTCHERSON, et al.
## SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(79) Plaintiff, Freda Gibbs Hutcherson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(80) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff and sister, Freda Gibbs Hutcherson, Larry A. Gibbs, half-brother, Markus A. Lewis, his half-brother, the Estate of Warner Gibbs, his father, and the Estate of Janet Yvonne Lewis, his

mother, of Decedent, Warner Gibbs, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Warner Gibbs to cause severe emotional distress upon his sister, Plaintiff, Freda Gibbs Hutcherson, Larry A. Gibbs, his half-brother, Markus A. Lewis, his half-brother, the Estate of Warner Gibbs, his father, and the Estate of Janet Yvonne Lewis, his mother, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Freda Gibbs Hutcherson, Larry A. Gibbs, Markus A. Lewis, the Estate of Warner Gibbs, and the Estate of Janet Yvonne Lewis, have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Freda Gibbs Hutcherson, for herself, Larry A. Gibbs, Markus A. Lewis, the Estate of Warner Gibbs, and the Estate of Janet Yvonne Lewis, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT XXXII
### ESTATE OF WARNER GIBBS
### PUNITIVE DAMAGES
### PURSUANT TO 28 U.S.C. §1605A

(81) The Plaintiff, Freda Gibbs Hutcherson, Personal Representative of the Estate of Warner Gibbs, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(82) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Freda Gibbs Hutcherson, Personal Representative of the Estate of Warner Gibbs, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT XXXIIII
## ESTATE OF JOHN INGALLS
## CLAIM FOR WRONGFUL DEATH
## IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605
## AND §1605A AS AMENDED AND 16 D.C.Code §16-2701

(83) Plaintiff, James Ingalls, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(84) On October 23, 1983, when the explosive device described above was detonated, John Ingalls, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of John Ingalls was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the

activities of Hezbollah that resulted in the death of John Ingalls.  Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(85) The beneficiaries of John Ingalls who survived him, namely, James Ingalls, his brother, and Joseph Ingalls, his brother, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John Ingalls, and funeral and burial expenses.

WHEREFORE, Plaintiff, James Ingalls, demands judgment on behalf of the Estate of John Ingalls, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXXIV
## ESTATE OF JOHN INGALLS
## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(86) Plaintiff, James Ingalls, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(87) Decedent, John Ingalls, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, James Ingalls, demands judgment on behalf of the

Estate of John Ingalls, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXXV
## JAMES INGALLS, et al.
## SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(88) Plaintiff, James Ingalls, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(89) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff and brother, James Ingalls, and Joseph Ingalls, brother, of Decedent, John Ingalls, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon John Ingalls to cause severe emotional distress upon his brother, Plaintiff, James Ingalls, and Joseph Ingalls, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. James Ingalls and Joseph Ingalls have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, James Ingalls, for himself, and Joseph Ingalls, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XXXVI
## ESTATE OF JOHN INGALLS
## PUNITIVE DAMAGES
## PURSUANT TO 28 U.S.C. §1605A

(90) The Plaintiff, James Ingalls, Personal Representative of the Estate of John Ingalls, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(91) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, James Ingalls, Personal Representative of the Estate of John Ingalls, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY

MILLION DOLLARS ($250,000,000.00), besides costs.

<u>COUNT XXXVII</u>
<u>ESTATE OF THOMAS D. STOWE</u>
<u>CLAIM FOR WRONGFUL DEATH</u>
<u>IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605</u>
<u>AND §1605A AS AMENDED AND 16 D.C.Code §16-2701</u>

(92)Plaintiff, Priscilla Stowe, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(93) On October 23, 1983, when the explosive device described above was detonated, Thomas D. Stowe, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Thomas D. Stowe was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Thomas D. Stowe.  Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(94) The beneficiaries of Thomas D. Stowe who survived him, namely, Priscilla Stowe, his mother, David Stowe, his father, Donna Baloga, his widow, Samatha Stowe, his daughter, and Barbara Stowe, his sister, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to

the beneficiaries, the loss of future earnings and accretions to the Estate of Thomas D. Stowe, and funeral and burial expenses.

WHEREFORE, Plaintiff, Priscilla Stowe, demands judgment on behalf of the Estate of Thomas D. Stowe, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

**COUNT XXXVIII**
**ESTATE OF THOMAS D. STOWE**
**SURVIVAL CLAIM**
**12 D.C.Code §12-101 AND 28 U.S.C. §1605A**

(95) Plaintiff, Priscilla Stowe, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(96) Decedent, Thomas D. Stowe, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Priscilla Stowe, demands judgment on behalf of the Estate of Thomas D. Stowe, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

**COUNT XXXIX**
**PRISCILLA STOWE, et al.**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(97) Plaintiff, Priscilla Stowe, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(98) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff and mother, Priscilla Stowe, David Stowe, father, Donna Baloga, widow, Samatha Stowe, daughter, and Barbara Stowe, sister, of Decedent, Thomas D. Stowe, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Thomas D. Stowe to cause severe emotional distress upon his mother, Priscilla Stowe, David Stowe, father, Donna Baloga, widow, Samatha Stowe, daughter, and Barbara Stowe, sister, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Priscilla Stowe, David Stowe, Donna Baloga, Samatha Stowe, and Barbara Stowe, have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Priscilla Stowe, for herself, David Stowe, Donna Baloga, Samatha Stowe, and Barbara Stowe, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XL
## ESTATE OF THOMAS D. STOWE
## PUNITIVE DAMAGES

## PURSUANT TO 28 U.S.C. §1605A

(99) The Plaintiff, Priscilla Stowe, Personal Representative of the Estate of Thomas D. Stowe, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(100) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Priscilla Stowe, Personal Representative of the Estate of Thomas D. Stowe, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT XLI
## ESTATE OF HENRY TOWNSEND, JR.
## CLAIM FOR WRONGFUL DEATH
## IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605
## AND §1605A AS AMENDED AND 16 D.C.Code §16-2701

(101) Plaintiff, Marcia C. Townsend-Tippett, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(102) On October 23, 1983, when the explosive device described above was detonated, Henry Townsend, Jr., a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Henry Townsend, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Henry Townsend, Jr.. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(103) The beneficiaries of Henry Townsend, Jr. who survived him, namely, Marcia C. Townsend-Tippett, his widow, Henry Townsend, his father, Lillian Townsend, his mother, Valerie Tatum, his sister, Cynthia Green, his sister, and Kawanna Duncan, his daughter, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Henry Townsend, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Marcia C. Townsend-Tippett, demands judgment on behalf of the Estate of Henry Townsend, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XLII
## ESTATE OF HENRY TOWNSEND, JR.
## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(104) Plaintiff, Marcia C. Townsend-Tippett, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(105) Decedent, Henry Townsend, Jr., from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Marcia C. Townsend-Tippett, demands judgment on behalf of the Estate of Henry Townsend, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XLIII
## MARCIA C. TOWNSEND-TIPPETT, et al.
## SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(106) Plaintiff, Marcia C. Townsend-Tippett, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(107) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff and widow, Marcia C. Townsend-Tippett, Henry Townsend, father, Lillian Townsend,

mother, Valerie Tatum, sister, Cynthia Green, sister, and Kawanna Duncan, daughter, of

Decedent, Henry Townsend, Jr., have suffered extraordinary grief and mental anguish, in

that the defendants, acting through their agents and by their conduct intended through

infliction of physical injury resulting in death upon Henry Townsend, Jr. to cause severe

emotional distress upon his widow, Marcia C. Townsend-Tippett, Henry Townsend, his

father, Lillian Townsend, his mother, Valerie Tatum, his sister, Cynthia Green, his sister,

and Kawanna Duncan, his daughter, beneficiaries of this action and the conduct above

described was so extreme and outrageous as to exceed all possible bounds of decency and

must be regarded as atrocious and utterly intolerable in a civilized community and the

emotional distress suffered by the Decedents family was so severe that no reasonable

person could be expected to endure it. Marcia C. Townsend-Tippett, Henry Townsend,

Lillian Townsend, Valerie Tatum, Cynthia Green, and Kawanna Duncan, have each

thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Marcia C. Townsend-Tippett, for herself, Henry Townsend,

Lillian Townsend, Valerie Tatum, Cynthia Green, and Kawanna Duncan, demands

judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry

of Information and Security, jointly and severally, for each in the amount of TWENTY

MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT XLIV
### ESTATE OF HENRY TOWNSEND, JR.
### PUNITIVE DAMAGES
### PURSUANT TO 28 U.S.C. §1605A

(108) The Plaintiff, Marcia C. Townsend-Tippett, Personal Representative of the

Estate of Henry Townsend, Jr., repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(109) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Marcia C. Townsend-Tippett, Personal Representative of the Estate of Henry Townsend, Jr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT XLV
## ESTATE OF TANDY W. WELLS
## CLAIM FOR WRONGFUL DEATH
## IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605
## AND §1605A AS AMENDED AND 16 D.C.Code §16-2701

(110)Plaintiff, Cleta Wells, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(111) On October 23, 1983, when the explosive device described above was detonated, Tandy W. Wells, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Tandy W. Wells

was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Tandy W. Wells. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(112) The beneficiaries of Tandy W. Wells who survived him, namely, Cleta Wells, widow, Stella Wells George, sister, Frances Mangrum, sister, Edith Holland Wells, mother, Perry Glenn Wells, brother, Danny Holland Wells, brother, the Estate of Harold Dean Wells, brother, Michael Shane Wells, son, and Timothy Shon Wells, son, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Tandy W. Wells, and funeral and burial expenses.

WHEREFORE, Plaintiff, Cleta Wells, demands judgment on behalf of the Estate of Tandy W. Wells, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

**COUNT XLVI**

**ESTATE OF TANDY W. WELLS**
**SURVIVAL CLAIM**
**12 D.C.Code §12-101 AND 28 U.S.C. §1605A**

(113) Plaintiff, Cleta Wells, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(114) Decedent, Tandy W. Wells, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Cleta Wells, demands judgment on behalf of the Estate of Tandy W. Wells, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

**COUNT XLVII**
**CLETA WELLS, et al.**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(115) Plaintiff, Cleta Wells, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(116) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff and widow, Cleta Wells, Stella Wells George, sister, Frances Mangrum, sister, Edith Holland Wells, mother, Perry Glenn Wells, brother, Danny Holland Wells, brother, the Estate of Harold Dean Wells, brother, Michael Shane Wells, son, and Timothy Shon Wells, son, of

Decedent, Tandy W. Wells, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Tandy W. Wells to cause severe emotional distress upon his widow, Cleta Wells, Stella Wells George, his sister, Frances Mangrum, his sister, Edith Holland Wells, his mother, Perry Glenn Wells, his brother, Danny Holland Wells, his brother, the Estate of Harold Dean Wells, his brother, Michael Shane Wells, his son, and Timothy Shon Wells, his son, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Cleta Wells, Stella Wells George, Frances Mangrum, Edith Holland Wells, Perry Glenn Wells, Danny Holland Wells, the Estate of Harold Dean Wells, Michael Shane Wells, and Timothy Shon Wells, have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Cleta Wells, for herself, Stella Wells George, Frances Mangrum, Edith Holland Wells, Perry Glenn Wells, Danny Holland Wells, the Estate of Harold Dean Wells, Michael Shane Wells, and Timothy Shon Wells, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XLVIII
## ESTATE OF TANDY W. WELLS
## PUNITIVE DAMAGES
## PURSUANT TO 28 U.S.C. §1605A

(117) The Plaintiff, Cleta Wells, Personal Representative of the Estate of Tandy W. Wells, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(118) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Cleta Wells, Personal Representative of the Estate of Tandy W. Wells, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

**COUNT XLIX**
**CLAIM OF JOHN SANTOS**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR ASSAULT AND BATTERY**

(119) Plaintiff, John Santos, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(120) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, John Santos, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, John Santos, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**COUNT L**
**CLAIMS OF JOHN SANTOS AND TRACY ANN SANTOS**
**INDIVIDUALLY AND ON BEHALF OF ABBIGIAL ELIZABETH SANTOS**
**ALEXANDRA ELIZABETH SANTOS, LIBBI ELIZABETH SANTOS**
**LILLI ELIZABETH SANTOS AND COOPER JEFFREY SANTOS, ET AL**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**PURSUANT TO THE FEDERAL AND STATE COMMON LAW**
**AND 28 U.S.C. §1605A**

(121) Plaintiffs, John Santos and Tracy Ann Santos, individually, and on behalf of Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi Elizabeth Santos, Lilli Elizabeth Santos and Cooper Jeffrey Santos, and Raoul Santos, Mary Santos, Donna Duffy, Mary Cropper, Doreen Callahan, Cassie Lemire, Jean Winner, Kevin Santos, and Raoul Santos, individually,  repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(122) John Santos and Tracy Ann Santos are the parents of Abbigial Elizabeth Santos (b. 2/5/90), Alexandra Elizabeth Santos (b. 8/28/91), Libbi Elizabeth Santos(b. 6/12/95), Lilli Elizabeth Santos (b. 9/7/96) and Cooper Jeffrey Santos (b. 5/26/99). The Plaintiffs, Raoul Santos (father), Mary Santos (mother), Donna Duffy (sister), Mary Cropper (sister), Doreen Callahan (sister), Cassie Lemire (sister), Jean Winner (sister), Kevin Santos (brother), and Raoul Santos(brother) bring claims individually. On October 23, 1983, Plaintiff, John Santos, was a member of the 24th Marine Amphibious Unit, 1st Battalion, 8th Marine Regiment. He suffered severe physical and emotional injuries as a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security. The injuries inflicted upon John Santos on said date constituted an act of terrorism and were caused by a willful and deliberate act of the agents of these Defendants who financed the attack, planned the attack, provided the suicide truck driver, provided the explosives and rendered material support to the activities of Hezbollah that resulted in the injuries to John Santos. Those agents were at all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(123) As a direct and proximate result of the attack on October 23, 1983, John

Santos and Tracy Ann Santos and the children of John Santos and Tracy Ann Santos,

Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi Elizabeth Santos, Lilli

Elizabeth Santos and Cooper Jeffrey Santos, and the Santos family, consisting of Raoul

Santos, Mary Santos, Donna Duffy, Mary Cropper, Doreen Callahan, Cassie Lemire,

Jean Winner, Kevin Santos, and Raoul Santos, suffered severe emotional injuries as a

direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in that (1) the defendants, acting through

their agent and employee, on or about September 26, 1983, instructed members of the

Iranian Revolutionary Guards stationed at Baalback in the Bakaa Valley of Lebanon, to

carry out a suicide attack upon the Marine Barracks in Beirut, Lebanon, which

instructions were, after extensive preparation, carried out on October 23, 1983, by driving

a truck carrying over 22,000 pounds of PETN, a high explosive, into the building

inhabited by approximately 500 other members of the Armed Forces of the United States,

and by their conduct they intentionally inflicted physical injury resulting in injury to John

Santos which in turn resulted in severe emotional distress suffered by his children,

Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi Elizabeth Santos, Lilli

Elizabeth Santos and Cooper Jeffrey Santos, and his mother, father, and siblings, Raoul

Santos, Mary Santos, Donna Duffy, Mary Cropper, Doreen Callahan, Cassie Lemire,

Jean Winner, Kevin Santos, and Raoul Santos. The conduct of these Defendants through

their agents and employees as above described was far in excess of that found to be

necessary to sustain the tort of intentional infliction of emotional distress. John Santos,

Tracy Ann Santos, Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi

Elizabeth Santos, Lilli Elizabeth Santos, Cooper Jeffrey Santos, Raoul Santos, Mary

Santos, Donna Duffy, Mary Cropper, Doreen Callahan, Cassie Lemire, Jean Winner,

Kevin Santos, and Raoul Santos have each thereby suffered damages in the amount of

three million dollars.

WHEREFORE, Plaintiffs, John Santos and Tracy Ann Santos, individually and

on behalf of Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi Elizabeth

Santos, Lilli Elizabeth Santos and Cooper Jeffrey Santos, and Raoul Santos, Mary

Santos, Donna Duffy, Mary Cropper, Doreen Callahan, Cassie Lemire, Jean Winner,

Kevin Santos, and Raoul Santos, individually demand judgment for each in the amount of

THREE MILLION DOLLARS ($3,000,000.00), besides costs.

### COUNT LI
### CLAIM OF JOHN SANTOS
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(124) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(125) As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic

of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, John Santos, endured extreme mental anguish and pain and suffering, suffered

the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, John Santos, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LII
## CLAIM OF JOHN SANTOS
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(126) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(127) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of John Santos's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code,

§1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, John Santos, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<u>**COUNT LIII**</u>
<u>**CLAIM OF GARY WAYNE ALLISON**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL AND STATE COMMONLAW**</u>
<u>**FOR BATTERY**</u>

(128) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(129) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Gary Wayne Allison, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Gary Wayne Allison, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT LIV
### CLAIM OF GARY WAYNE ALLISON
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL COMMON LAW
### FOR ASSAULT

(130) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(131) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Gary Wayne Allison, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Gary Wayne Allison, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT LV**
**CLAIM OF GARY WAYNE ALLISON**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(132) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(133) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Gary Wayne Allison, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Gary Wayne Allison, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT LVI**
**CLAIM OF GARY WAYNE ALLISON**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(134) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(135) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Gary Wayne Allison's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Gary Wayne Allison, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT LVII
### CLAIM OF MARK BARTHOLOMEW
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH

## THE FEDERAL AND STATE COMMON LAW
## FOR BATTERY

(136) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(137) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Mark Bartholomew, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Mark Bartholomew, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LVIII
## CLAIM OF MARK BARTHOLOMEW
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR ASSAULT

(138) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(139) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Mark Bartholomew, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Mark Bartholomew, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT LIX
### CLAIM OF MARK BARTHOLOMEW
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(140) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(141) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Mark Bartholomew, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Mark Bartholomew, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT LX
### CLAIM OF MARK BARTHOLOMEW
### PURSUANT TO 28 U.S.C. §1605A
### PUNITIVE DAMAGES

(142) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(143) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Mark Bartholomew's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was

acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Mark Bartholomew, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT LXI
## CLAIM OF ROBERT BRAGG
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR BATTERY

(144) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(145) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Robert Bragg, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived

the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The

willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and

Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Robert Bragg, demands that judgment be entered, jointly

and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry

of Information and Security, in the amount of **TWENTY MILLION DOLLARS**

**($20,000,000.00), and costs.**


### COUNT LXII
### CLAIM OF ROBERT BRAGG
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(146) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(147) The members of Hezbollah, as above alleged, intentionally and willfully

placed the Plaintiff, Robert Bragg, in fear and apprehension of harm as a direct

result of their actions including the physical abuse they inflicted upon him. The willful,

wrongful and intentional acts of Hezbollah members were funded by and directed by the

Islamic Republic of Iran through its agency, the Iranian Ministry of Information and

Security, and the Plaintiff was injured in that he endured extreme mental anguish,

physical injury and pain and suffering.

WHEREFORE, Plaintiff, Robert Bragg, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LXIII
## CLAIM OF ROBERT BRAGG
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(148) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(149) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Robert Bragg, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Robert Bragg, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LXIV
## CLAIM OF ROBERT BRAGG
## PURSUANT TO 28 U.S.C. §1605A

## PUNITIVE DAMAGES

(150) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(151) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Robert Bragg's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Robert Bragg, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT LXV

<u>**CLAIM OF THOMAS D. BROWN, JR.**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL AND STATE COMMON LAW**</u>
<u>**FOR BATTERY**</u>

(152) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(153) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Thomas D. Brown, Jr., inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Thomas D. Brown, Jr., demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<u>**COUNT LXVI**</u>
<u>**CLAIM OF THOMAS D. BROWN, JR.**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>

## THE FEDERAL AND STATE COMMON LAW
## FOR ASSAULT

(154) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(155) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Thomas D. Brown, Jr., in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Thomas D. Brown, Jr., demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LXVII
## CLAIM OF THOMAS D. BROWN, JR.
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(156) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(157) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic

of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, Thomas D. Brown, Jr., endured extreme mental anguish and pain and suffering,

suffered the loss of the company of his family and friends, and was subjected to intense

physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Thomas D. Brown, Jr., demands that judgment be

entered, jointly and severally, against Defendants the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

### COUNT LXVIII
### CLAIM OF THOMAS D. BROWN, JR.
### PURSUANT TO 28 U.S.C. §1605A
### PUNITIVE DAMAGES

(158) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(159) The actions of the Hezbollah members, as above set forth, were intentional

and malicious and in willful, wanton and reckless disregard of Thomas D. Brown, Jr.'s

rights and physical well being. All of the acts of Hezbollah were facilitated by funding,

training and support by the Iranian Ministry of Information and Security. In accordance

with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry

of Information and Security, and the Defendant, the Islamic Republic of Iran, are

therefore vicariously liable for the actions of the Hezbollah members.  In providing such

funding, direction and training, the Iranian Ministry of Information and Security was

acting within the scope of its agency as an instrumentality of the Islamic Republic of

Iran. Said agency rendered material support to those actually carrying out the acts above

described. An award of punitive damages is requested as to both defendants, jointly and

severally, in accordance with the provisions of Public Law 105-277, amending 28 United

States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor

of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for

punitive damages.

WHEREFORE, Plaintiff, Thomas D. Brown, Jr., demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS ($500,000,000.00), and costs.**

### COUNT LXIX
### CLAIM OF JEANETTE ODOM AND DEBORAH VOGT
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(160) The Plaintiffs repeat and re-allege each and every allegation set forth

above with like effect as if alleged herein.

(161) The acts alleged above, funded and directed by the Islamic Republic of Iran

through its agent the Iranian Ministry of Information and Security, constituted extreme

and outrageous conduct carried out against Thomas D. Brown, Jr., with the intent to

inflict emotional distress upon him and upon members of his family, Jeanette Odom (his

mother) and Deborah Vogt (his sister), and as a direct result and proximate result of these

willful, wrongful and intentional acts of Hezbollah, Thomas D. Brown, Jr.'s family, consisting of his sister, and mother were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Jeannette Odom and Deborah Vogt demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

## COUNT LXX
## CLAIM OF MICHAEL CORRIGAN
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL COMMON LAW
## FOR BATTERY

(162) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(163) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Michael Corrigan, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The

willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Michael Corrigan, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LXXI
## CLAIM OF MICHAEL CORRIGAN
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR ASSAULT

(164) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(165) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Michael Corrigan, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish,

physical injury and pain and suffering.

WHEREFORE, Plaintiff, Michael Corrigan, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LXXII
## CLAIM OF MICHAEL CORRIGAN
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(166) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(167) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Michael Corrigan, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Michael Corrigan, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT LXXIII**
**CLAIM OF MICHAEL CORRIGAN**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(168) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(169) The actions of the Hezbollah members, as above set forth, were intentional

and malicious and in willful, wanton and reckless disregard of Michael Corrigan's rights

and physical well being. All of the acts of Hezbollah were facilitated by funding, training

and support by the Iranian Ministry of Information and Security. In accordance with 28

United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of

Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore

vicariously liable for the actions of the Hezbollah members.  In providing such funding,

direction and training, the Iranian Ministry of Information and Security was acting within

the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency

rendered material support to those actually carrying out the acts above described. An

award of punitive damages is requested as to both defendants, jointly and severally, in

accordance with the provisions of Public Law 105-277, amending 28 United States Code,

§1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism

under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive

damages.

WHEREFORE, Plaintiff, Michael Corrigan, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<u>COUNT LXXIV</u>
<u>CLAIM OF EARL GUY</u>
<u>PURSUANT TO 28 U.S.C. §1605A</u>
<u>AND IN ACCORDANCE WITH</u>
<u>THE FEDERAL AND STATE COMMON LAW</u>
<u>FOR BATTERY</u>

(170) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(171) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Earl Guy, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Earl Guy, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of **TWENTY MILLION DOLLARS**

**($20,000,000.00), and costs.**

## COUNT LXXV
## CLAIM OF EARL GUY
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR ASSAULT

(172) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(173) The members of Hezbollah, as above alleged, intentionally and willfully

placed the Plaintiff, Earl Guy, in fear and apprehension of harm as a direct

result of their actions including the physical abuse they inflicted upon him. The willful,

wrongful and intentional acts of Hezbollah members were funded by and directed by the

Islamic Republic of Iran through its agency, the Iranian Ministry of Information and

Security, and the Plaintiff was injured in that he endured extreme mental anguish,

physical injury and pain and suffering.

WHEREFORE, Plaintiff, Earl Guy, demands that judgment be entered, jointly

and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry

of Information and Security, in the amount of **TWENTY MILLION DOLLARS**

**($20,000,000.00), and costs.**

## COUNT LXXVI
## CLAIM OF EARL GUY
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL COMMON LAW FOR

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(174) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(175) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Earl Guy, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Earl Guy, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LXXVII
## CLAIM OF EARL GUY
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(176) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(177) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Earl Guy's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of

Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Earl Guy, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT LXXVIII
### CLAIM OF JOAN M. CRAWFORD, IAN GUY, EDDIE GUY, JR., AND ADAM GUY
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(178) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(179) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Earl Guy, with the intent to inflict emotional

distress upon him and upon members of his family, Joan M. Crawford (his sister), Ian

Guy (his brother), Eddie Guy, Jr. (his brother), and Adam Guy (his brother), and as a

direct result and proximate result of these willful, wrongful and intentional acts of

Hezbollah, Earl Guy's family, consisting of his sister, and mother were caused to suffer

severe emotional distress.

WHEREFORE, Plaintiffs, Joan M. Crawford, Ian Guy, Eddie Guy, Jr., and

Adam Guy, demand that judgment be entered, jointly and severally, against Defendants,

the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to

each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

### COUNT LXXIX
### CLAIM OF DONALD HAMMONS
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR BATTERY

(180) The Plaintiff repeats and re-alleges each and every allegation set forth above

with like effect as if alleged herein.

(181) On October 23, 1983 members of Hezbollah by use of an explosive device as

above described, willfully, violently and forcefully battered and did violence to the body

of the Plaintiff, Donald Hammons, inflicting severe and permanent injuries upon him

resulting in great pain and suffering, which injuries required and continue to require

extensive medical treatment, have necessitated the expenditure of funds, inter alia, for

hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived

the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The

willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Donald Hammons, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT LXXX
### CLAIM OF DONALD HAMMONS
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(182) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(183) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Donald Hammons, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Donald Hammons, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

## COUNT LXXXI
## CLAIM OF DONALD HAMMONS
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(184) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(185) As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic

of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, Donald Hammons, endured extreme mental anguish and pain and suffering,

suffered the loss of the company of his family and friends, and was subjected to intense

physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Donald Hammons, demands that judgment be

entered, jointly and severally, against Defendants the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

## COUNT LXXXII
## CLAIM OF DONALD HAMMONS

### PURSUANT TO 28 U.S.C. §1605A
### PUNITIVE DAMAGES

(187) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(188) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Donald Hammons's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Donald Hammons, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT LXXXIII
## CLAIM OF THOMAS HOKE
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR BATTERY

(189) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(190) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Thomas Hoke, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Thomas Hoke, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LXXXIV
## CLAIM OF THOMAS HOKE
## PURSUANT TO 28 U.S.C. §1605A

### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(191) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(192) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Thomas Hoke, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Thomas Hoke, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT LXXXV
### CLAIM OF THOMAS HOKE
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(193) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(194) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Thomas Hoke, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Thomas Hoke, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LXXXVI
## CLAIM OF THOMAS HOKE
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(195) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(196) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Thomas Hoke's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within

the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Thomas Hoke, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT LXXXVII
CLAIM OF GLENN W. HOLLIS
PURSUANT TO 28 U.S.C. §1605A
AND IN ACCORDANCE WITH
THE FEDERAL AND STATE COMMON LAW
FOR BATTERY**

(197) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(198) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Glenn W. Hollis, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The

willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Glenn W. Hollis, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LXXXVIII
## CLAIM OF GLENN W. HOLLIS
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR ASSAULT

(199) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(200) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Glenn W. Hollis, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Glenn W. Hollis, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**


## COUNT LXXXIX
## CLAIM OF GLENN W. HOLLIS
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(201) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(202) As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic

of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, Glenn W. Hollis, endured extreme mental anguish and pain and suffering,

suffered the loss of the company of his family and friends, and was subjected to intense

physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Glenn W. Hollis, demands that judgment be entered,

jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**


## COUNT XC
## CLAIM OF GLENN W. HOLLIS
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(203) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(204) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Glenn W. Hollis's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Glenn W. Hollis, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT XCI**
**CLAIM OF JANE COSTA AND THE ESTATE OF ANN HOLLIS**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**

## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(205) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(206) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Glenn W. Hollis, with the intent to inflict emotional distress upon him and upon members of his family, Jane Costa (his sister) and the Estate of Ann Hollis (his wife), and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Glenn W. Hollis's family, consisting of his sister, and wife were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Jane Costa and the estate of Ann Hollis, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

## COUNT XCII
## CLAIM OF KEVIN JIGGETTS
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR BATTERY

(207) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(208) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Kevin Jiggetts, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Kevin Jiggetts, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT XCIII
### CLAIM OF KEVIN JIGGETTS
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(209) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(209) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Kevin Jiggetts, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Kevin Jiggetts, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT XCIV
### CLAIM OF KEVIN JIGGETTS
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(210) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(211) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Kevin Jiggetts, endured extreme mental anguish and pain and suffering,

suffered the loss of the company of his family and friends, and was subjected to intense

physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Kevin Jiggetts, demands that judgment be entered,

jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

### COUNT XCV
### CLAIM OF KEVIN JIGGETTS
### PURSUANT TO 28 U.S.C. §1605A
### PUNITIVE DAMAGES

(212) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(213) The actions of the Hezbollah members, as above set forth, were intentional

and malicious and in willful, wanton and reckless disregard of Kevin Jiggetts's rights and

physical well being. All of the acts of Hezbollah were facilitated by funding, training and

support by the Iranian Ministry of Information and Security. In accordance with 28

United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of

Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore

vicariously liable for the actions of the Hezbollah members.  In providing such funding,

direction and training, the Iranian Ministry of Information and Security was acting within

the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency

rendered material support to those actually carrying out the acts above described. An

award of punitive damages is requested as to both defendants, jointly and severally, in

accordance with the provisions of Public Law 105-277, amending 28 United States Code,

§1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Kevin Jiggetts, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<u>**COUNT XCVI**</u>
<u>**CLAIM OF DONALD LONG**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL AND STATE COMMON LAW**</u>
<u>**FOR BATTERY**</u>

(214) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(215) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Donald Long, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Donald Long, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT XCVII
### CLAIM OF DONALD LONG
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(216) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(217) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Donald Long, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Donald Long, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT XCVIII**
**CLAIM OF DONALD LONG**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(218) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(219) As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic

of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, Donald Long, endured extreme mental anguish and pain and suffering, suffered

the loss of the company of his family and friends, and was subjected to intense physical

injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Donald Long, demands that judgment be entered,

jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT XCIX**
**CLAIM OF DONALD LONG**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(220) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(221) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Donald Long's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Donald Long, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry

of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS ($500,000,000.00), and costs.**

### COUNT C
### CLAIM OF ROBERT LYNCH
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR BATTERY

(222) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(223) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Robert Lynch, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Robert Lynch, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CI
CLAIM OF ROBERT LYNCH
PURSUANT TO 28 U.S.C. §1605A
AND IN ACCORDANCE WITH
THE FEDERAL AND STATE COMMON LAW
FOR ASSAULT**

(224) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(225) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Robert Lynch, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Robert Lynch, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT CII**
**CLAIM OF ROBERT LYNCH**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(226) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(227) As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic

of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, Robert Lynch, endured extreme mental anguish and pain and suffering, suffered

the loss of the company of his family and friends, and was subjected to intense physical

injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Robert Lynch, demands that judgment be entered,

jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT CIII**
**CLAIM OF ROBERT LYNCH**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(228) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(229) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Robert Lynch's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Robert Lynch, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry

of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS ($500,000,000.00), and costs.**

**COUNT CIV**
**CLAIM OF TIM MCCOSKEY**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR BATTERY**

(230) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(231) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Tim McCoskey, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Tim McCoskey, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT CV**
**CLAIM OF TIM MCCOSKEY**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR ASSAULT**

(232) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(233) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Tim McCoskey, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Tim McCoskey, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CVI**
**CLAIM OF TIM MCCOSKEY**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(234) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(235) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Tim McCoskey, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Tim McCoskey, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CVII
## CLAIM OF TIM MCCOSKEY
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(236) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(237) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Tim McCoskey's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of

Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Tim McCoskey, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT CVIII**
**CLAIM OF RONALD L. MOORE**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR BATTERY**

(238) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(239) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Ronald L. Moore, inflicting severe and permanent injuries upon him

resulting in great pain and suffering, which injuries required and continue to require

extensive medical treatment, have necessitated the expenditure of funds, inter alia, for

hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived

the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The

willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and

Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Ronald L. Moore, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

## COUNT CIX
## CLAIM OF RONALD L. MOORE
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR ASSAULT

(240) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(241) The members of Hezbollah, as above alleged, intentionally and willfully

placed the Plaintiff, Ronald L. Moore, in fear and apprehension of harm as a direct

result of their actions including the physical abuse they inflicted upon him. The willful,

wrongful and intentional acts of Hezbollah members were funded by and directed by the

Islamic Republic of Iran through its agency, the Iranian Ministry of Information and

Security, and the Plaintiff was injured in that he endured extreme mental anguish,

physical injury and pain and suffering.

WHEREFORE, Plaintiff, Ronald L. Moore, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

## COUNT CX
## CLAIM OF RONALD L. MOORE
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(242) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(243) As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic

of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, Ronald L. Moore, endured extreme mental anguish and pain and suffering,

suffered the loss of the company of his family and friends, and was subjected to intense

physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Ronald L. Moore, demands that judgment be

entered, jointly and severally, against Defendants the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT CXI**
**CLAIM OF RONALD L. MOORE**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(244) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(245) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Ronald L. Moore's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Ronald L. Moore, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT CXII
CLAIM OF JOHN W. NASH
PURSUANT TO 28 U.S.C. §1605A
AND IN ACCORDANCE WITH
THE FEDERAL AND STATE COMMON LAW
FOR BATTERY**

(246) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(247) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, John W. Nash, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, John W. Nash, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry

of Information and Security, in the amount of **TWENTY MILLION DOLLARS**

**($20,000,000.00), and costs.**

### COUNT CXIII
### CLAIM OF JOHN W. NASH
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(248) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(249) The members of Hezbollah, as above alleged, intentionally and willfully

placed the Plaintiff, John W. Nash, in fear and apprehension of harm as a direct

result of their actions including the physical abuse they inflicted upon him. The willful,

wrongful and intentional acts of Hezbollah members were funded by and directed by the

Islamic Republic of Iran through its agency, the Iranian Ministry of Information and

Security, and the Plaintiff was injured in that he endured extreme mental anguish,

physical injury and pain and suffering.

WHEREFORE, Plaintiff, John W. Nash, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT CXIV**
**CLAIM OF JOHN W. NASH**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(250) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(251) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, John W. Nash, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, John W. Nash, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CXV**
**CLAIM OF JOHN W. NASH**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(252) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(253) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of John W. Nash's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, John W. Nash, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT CXVI**
**CLAIM OF ROSE ANN NASH, ESTATE OF FRANK E. NASH, WILLIAM H.**
**NASH, MARK S. NASH, FRANK E. NASH, JR., JAKI MILLIKEN,**
**AND ROSEMARIE VLIET**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(254) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(255) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against John W. Nash, with the intent to inflict emotional distress upon him and upon members of his family, Rose Ann Nash (his mother), the Estate of Frank E. Nash (his father), William H. Nash (his brother), Mark S. Nash (his brother), Frank E. Nash, Jr. (his brother), Jaki Milliken (his sister), and Rosemarie Vliet (his sister), and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, John W. Nash's family, consisting of his sister, and wife were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Rose Ann Nash, the Estate of Frank E. Nash, William H. Nash, Mark S. Nash, Frank E. Nash, Jr., Jaki Milliken, and Rosemarie Vliet, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

### COUNT CXVII
### CLAIM OF JAMES MICHAEL PUCKETT
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR BATTERY

(256) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(257) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, James Michael Puckett, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, James Michael Puckett, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CXVIII**
**CLAIM OF JAMES MICHAEL PUCKETT**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR ASSAULT**

(258) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(259) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, James Michael Puckett, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, James Michael Puckett, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CXIX**
**CLAIM OF JAMES MICHAEL PUCKETT**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(260) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(261) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, James Michael Puckett, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, James Michael Puckett, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CXX**
**CLAIM OF JAMES MICHAEL PUCKETT**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(262) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(263) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of James Michael Puckett's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, James Michael Puckett, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT CXXI
### CLAIM OF RONALD PUTNAM
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR BATTERY

(264) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(265) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Ronald Putnam, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Ronald Putnam, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CXXII
### CLAIM OF RONALD PUTNAM
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(266) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(267) The members of Hezbollah, as above alleged, intentionally and willfully

placed the Plaintiff, Ronald Putnam, in fear and apprehension of harm as a direct

result of their actions including the physical abuse they inflicted upon him. The willful,

wrongful and intentional acts of Hezbollah members were funded by and directed by the

Islamic Republic of Iran through its agency, the Iranian Ministry of Information and

Security, and the Plaintiff was injured in that he endured extreme mental anguish,

physical injury and pain and suffering.

WHEREFORE, Plaintiff, Ronald Putnam, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

### COUNT CXXIII
### CLAIM OF RONALD PUTNAM

**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(268) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(269) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Ronald Putnam, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Ronald Putnam, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CXXIV**
**CLAIM OF RONALD PUTNAM**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(270) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(271) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Ronald Putnam's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training

and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Ronald Putnam, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT CXXV
### CLAIM OF BRUCE H. RICHARDSON
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR BATTERY

(272) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(273) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Bruce H. Richardson, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Bruce H. Richardson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CXXVI
### CLAIM OF BRUCE H. RICHARDSON
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(274) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(275) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Bruce H. Richardson, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful,

wrongful and intentional acts of Hezbollah members were funded by and directed by the

Islamic Republic of Iran through its agency, the Iranian Ministry of Information and

Security, and the Plaintiff was injured in that he endured extreme mental anguish,

physical injury and pain and suffering.

WHEREFORE, Plaintiff, Bruce H. Richardson, demands that judgment be

entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

## COUNT CXXVII
### CLAIM OF BRUCE H. RICHARDSON
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(276) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(277) As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic

of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, Bruce H. Richardson, endured extreme mental anguish and pain and suffering,

suffered the loss of the company of his family and friends, and was subjected to intense

physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Bruce H. Richardson, demands that judgment be

entered, jointly and severally, against Defendants the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT CXXVIII**
**CLAIM OF BRUCE H. RICHARDSON**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(278) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(279) The actions of the Hezbollah members, as above set forth, were intentional

and malicious and in willful, wanton and reckless disregard of Bruce H. Richardson's

rights and physical well being. All of the acts of Hezbollah were facilitated by funding,

training and support by the Iranian Ministry of Information and Security. In accordance

with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry

of Information and Security, and the Defendant, the Islamic Republic of Iran, are

therefore vicariously liable for the actions of the Hezbollah members.  In providing such

funding, direction and training, the Iranian Ministry of Information and Security was

acting within the scope of its agency as an instrumentality of the Islamic Republic of

Iran. Said agency rendered material support to those actually carrying out the acts above

described. An award of punitive damages is requested as to both defendants, jointly and

severally, in accordance with the provisions of Public Law 105-277, amending 28 United

States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor

of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for

punitive damages.

WHEREFORE, Plaintiff, Bruce H. Richardson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT CXXIX
### CLAIM OF ELIZABETH M. RICHARDSON
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(280) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(281) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Bruce H. Richardson, with the intent to inflict emotional distress upon him and his daughter, Elizabeth M. Richardson, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Bruce H. Richardson's family, consisting of his daughter were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Elizabeth M. Richardson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

### COUNT CXXX
### CLAIM OF THOMAS RUTTER

## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR BATTERY

(282) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(283) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Thomas Rutter, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Thomas Rutter, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXXXI
## CLAIM OF THOMAS RUTTER
## PURSUANT TO 28 U.S.C. §1605A

**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR ASSAULT**

(284) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(285) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Thomas Rutter, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Thomas Rutter, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CXXXII**
**CLAIM OF THOMAS RUTTER**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**

## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(286) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(287) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Thomas Rutter, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Thomas Rutter, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXXXIII
## CLAIM OF THOMAS RUTTER
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(288) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(289) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Thomas Rutter's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training

and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Thomas Rutter, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT CXXXIV
## CLAIM OF JOSEPH RICHARD SCHNEIDER
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR BATTERY

(290) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(291) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Joseph Richard Schneider, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Joseph Richard Schneider, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CXXXV**
**CLAIM OF JOSEPH RICHARD SCHNEIDER**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR ASSAULT**

(292) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(293) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Joseph Richard Schneider, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Joseph Richard Schneider, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CXXXVI
CLAIM OF JOSEPH RICHARD SCHNEIDER
PURSUANT TO 28 U.S.C. §1605A
AND IN ACCORDANCE WITH
THE FEDERAL AND STATE COMMON LAW FOR
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(294) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(295) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Joseph Richard Schneider, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Joseph Richard Schneider, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CXXXVII
### CLAIM OF JOSEPH RICHARD SCHNEIDER
### PURSUANT TO 28 U.S.C. §1605A
### PUNITIVE DAMAGES

(296) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(297) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Joseph Richard Schneider's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of

Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In

providing such funding, direction and training, the Iranian Ministry of Information and

Security was acting within the scope of its agency as an instrumentality of the Islamic

Republic of Iran. Said agency rendered material support to those actually carrying out the

acts above described. An award of punitive damages is requested as to both defendants,

jointly and severally, in accordance with the provisions of Public Law 105-277,

amending 28 United States Code, §1605(a)(7) making a nation which has been

designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act

of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Joseph Richard Schneider, demands that judgment be

entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED**

**MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT CXXXVIII
### CLAIM OF MORRIS SCHNEIDER AND JACQUELINE GIBSON
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(298) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(299) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Joseph Richard Schneider, with the intent to inflict emotional distress upon him and his father, Morris Schneider, and his daughter, Jacqueline Gibson, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Joseph Richard Schneider's family, consisting of his daughter and father, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Morris Schneider and Jacqueline Gibson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

## COUNT CXXXIX
## CLAIM OF PAUL SEGARRA
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR BATTERY

(300) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(301) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Paul Segarra, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require

extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Paul Segarra, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CXL
### CLAIM OF PAUL SEGARRA
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(302) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(303) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Paul Segarra, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and

Security, and the Plaintiff was injured in that he endured extreme mental anguish,

physical injury and pain and suffering.

WHEREFORE, Plaintiff, Paul Segarra, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

## COUNT CXLI
## CLAIM OF PAUL SEGARRA
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(304) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(305) As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic

of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, Paul Segarra, endured extreme mental anguish and pain and suffering, suffered

the loss of the company of his family and friends, and was subjected to intense physical

injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Paul Segarra, demands that judgment be entered,

jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT CXLII**
**CLAIM OF PAUL SEGARRA**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(306) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(307) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Paul Segarra's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Paul Segarra, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry

of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS ($500,000,000.00), and costs.**

<u>**COUNT CXLIII**</u>
<u>**CLAIM OF STEVEN MICHAEL SHAPURAS**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL AND STATE COMMON LAW**</u>
<u>**FOR BATTERY**</u>

(308) The Plaintiff repeats and re-alleges each and every allegation set forth above

with like effect as if alleged herein.

(309) On October 23, 1983 members of Hezbollah by use of an explosive device

as above described, willfully, violently and forcefully battered and did violence to the

body of the Plaintiff, Steven Michael Shapuras, inflicting severe and permanent injuries

upon him resulting in great pain and suffering, which injuries required and continue to

require extensive medical treatment, have necessitated the expenditure of funds, inter

alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have

deprived the Plaintiff of earning capacity ands have permanently disabled the said

Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and

directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of

Information and Security, and constituted a battery upon the person of the Plaintiff.


WHEREFORE, Plaintiff, Steven Michael Shapuras, demands that judgment be

entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**


<u>**COUNT CXLIV**</u>
<u>**CLAIM OF STEVEN MICHAEL SHAPURAS**</u>

**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR ASSAULT**

(310) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(311) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Steven Michael Shapuras, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Steven Michael Shapuras, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CXLV**
**CLAIM OF STEVEN MICHAEL SHAPURAS**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(312) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(313) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Steven Michael Shapuras, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Steven Michael Shapuras, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXLVI
## CLAIM OF STEVEN MICHAEL SHAPURAS
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(314) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(315) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Steven Michael Shapuras's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and

Security was acting within the scope of its agency as an instrumentality of the Islamic

Republic of Iran. Said agency rendered material support to those actually carrying out the

acts above described. An award of punitive damages is requested as to both defendants,

jointly and severally, in accordance with the provisions of Public Law 105-277,

amending 28 United States Code, §1605(a)(7) making a nation which has been

designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act

of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Steven Michael Shapuras, demands that judgment be

entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED**

**MILLION DOLLARS ($500,000,000.00), and costs.**

<u>**COUNT CXLVII**</u>
<u>**CLAIM OF DAVID W. SHARP**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL AND STATE COMMON LAW**</u>
<u>**FOR BATTERY**</u>

(316) The Plaintiff repeats and re-alleges each and every allegation set forth above

with like effect as if alleged herein.

(317) On October 23, 1983 members of Hezbollah by use of an explosive device

as above described, willfully, violently and forcefully battered and did violence to the

body of the Plaintiff, David W. Sharp, inflicting severe and permanent injuries upon him

resulting in great pain and suffering, which injuries required and continue to require

extensive medical treatment, have necessitated the expenditure of funds, inter alia, for

hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived

the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The

willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and

Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, David W. Sharp, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT CXLVIII**
**CLAIM OF DAVID W. SHARP**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR ASSAULT**

(318) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(319) The members of Hezbollah, as above alleged, intentionally and willfully

placed the Plaintiff, David W. Sharp, in fear and apprehension of harm as a direct

result of their actions including the physical abuse they inflicted upon him. The willful,

wrongful and intentional acts of Hezbollah members were funded by and directed by the

Islamic Republic of Iran through its agency, the Iranian Ministry of Information and

Security, and the Plaintiff was injured in that he endured extreme mental anguish,

physical injury and pain and suffering.

WHEREFORE, Plaintiff, David W. Sharp, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXLIX
### CLAIM OF DAVID W. SHARP
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(320) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(321) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, David W. Sharp, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, David W. Sharp, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CL
### CLAIM OF DAVID W. SHARP
### PURSUANT TO 28 U.S.C. §1605A
### PUNITIVE DAMAGES

(322) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(323) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of David W. Sharp's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, David W. Sharp, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT CLI
### CLAIM OF THOMAS SHARP AND DAVENE SHARP
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH

## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(324) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(325) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against David W. Sharp, with the intent to inflict emotional distress upon him and his parents, Thomas and Davene Sharp, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, David W. Sharp's family, consisting of his parents, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Thomas Sharp and Davene Sharp, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

## COUNT CLII
## CLAIM OF CHARLES SIMMONS
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR BATTERY

(326) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(327) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the

body of the Plaintiff, Charles Simmons, inflicting severe and permanent injuries upon

him resulting in great pain and suffering, which injuries required and continue to require

extensive medical treatment, have necessitated the expenditure of funds, inter alia, for

hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived

the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The

willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and

Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Charles Simmons, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

### COUNT CLIII
### CLAIM OF CHARLES SIMMONS
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(328) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(329) The members of Hezbollah, as above alleged, intentionally and willfully

placed the Plaintiff, Charles Simmons, in fear and apprehension of harm as a direct

result of their actions including the physical abuse they inflicted upon him. The willful,

wrongful and intentional acts of Hezbollah members were funded by and directed by the

Islamic Republic of Iran through its agency, the Iranian Ministry of Information and

Security, and the Plaintiff was injured in that he endured extreme mental anguish,

physical injury and pain and suffering.

WHEREFORE, Plaintiff, Charles Simmons, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

## COUNT CLIV
## CLAIM OF CHARLES SIMMONS
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(330) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(331) As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic

of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, Charles Simmons, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Charles Simmons, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<b>COUNT CLV<br>
CLAIM OF CHARLES SIMMONS<br>
PURSUANT TO 28 U.S.C. §1605A<br>
PUNITIVE DAMAGES</b>

(332) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(333) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Charles Simmons's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in

accordance with the provisions of Public Law 105-277, amending 28 United States Code,

§1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism

under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive

damages.

WHEREFORE, Plaintiff, Charles Simmons, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS ($500,000,000.00), and costs.**

<u>**COUNT CLVI**</u>
<u>**CLAIM OF EDWARD J. STREKER**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL AND STATE COMMON LAW**</u>
<u>**FOR BATTERY**</u>

(334) The Plaintiff repeats and re-alleges each and every allegation set forth above

with like effect as if alleged herein.

(335) On October 23, 1983 members of Hezbollah by use of an explosive device as

above described, willfully, violently and forcefully battered and did violence to the body

of the Plaintiff, Edward J. Streker, inflicting severe and permanent injuries upon him

resulting in great pain and suffering, which injuries required and continue to require

extensive medical treatment, have necessitated the expenditure of funds, inter alia, for

hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived

the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The

willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Edward J. Streker, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CLVII
### CLAIM OF EDWARD J. STREKER
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(336) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(337) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Edward J. Streker, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Edward J. Streker, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT CLVIII**
**CLAIM OF EDWARD J. STREKER**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(338) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(339) As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic

of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, Edward J. Streker, endured extreme mental anguish and pain and suffering,

suffered the loss of the company of his family and friends, and was subjected to intense

physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Edward J. Streker, demands that judgment be

entered, jointly and severally, against Defendants the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT CLIX**
**CLAIM OF EDWARD J. STREKER**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(340) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(341) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Edward J. Streker's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Edward J. Streker, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT CLX
### CLAIM OF JOHN TURNER
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR BATTERY

(342) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(343) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, John Turner, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, John Turner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CLXI
### CLAIM OF JOHN TURNER
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(344) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(345) The members of Hezbollah, as above alleged, intentionally and willfully

placed the Plaintiff, John Turner, in fear and apprehension of harm as a direct

result of their actions including the physical abuse they inflicted upon him. The willful,

wrongful and intentional acts of Hezbollah members were funded by and directed by the

Islamic Republic of Iran through its agency, the Iranian Ministry of Information and

Security, and the Plaintiff was injured in that he endured extreme mental anguish,

physical injury and pain and suffering.

WHEREFORE, Plaintiff, John Turner, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

### COUNT CLXII
### CLAIM OF JOHN TURNER
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(346) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(347) As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic

of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, John Turner, endured extreme mental anguish and pain and suffering, suffered

the loss of the company of his family and friends, and was subjected to intense physical

injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, John Turner, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CLXIII**
**CLAIM OF JOHN TURNER**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(348) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(349) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of John Turner's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism

under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, John Turner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT CLXIV**
**CLAIM OF JUDY TURNER**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(350) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(351) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against John Turner, with the intent to inflict emotional distress upon him and his wife, Judy Turner, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, John Turner's family, consisting of his wife, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Judy Turner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

**COUNT CLXV**
**CLAIM OF THOMAS ANDREW WALSH**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR BATTERY**

(352) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(353) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Thomas Andrew Walsh, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Thomas Andrew Walsh, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CLXVI**
**CLAIM OF THOMAS ANDREW WALSH**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**

### FOR ASSAULT

(354) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(355) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Thomas Andrew Walsh, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Thomas Andrew Walsh, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CLXVII
### CLAIM OF THOMAS ANDREW WALSH
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(356) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(357) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic

of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, Thomas Andrew Walsh, endured extreme mental anguish and pain and

suffering, suffered the loss of the company of his family and friends, and was subjected

to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Thomas Andrew Walsh, demands that judgment be

entered, jointly and severally, against Defendants the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

### COUNT CLXVIII
### CLAIM OF THOMAS ANDREW WALSH
### PURSUANT TO 28 U.S.C. §1605A
### PUNITIVE DAMAGES

(358) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(359) The actions of the Hezbollah members, as above set forth, were intentional

and malicious and in willful, wanton and reckless disregard of Thomas Andrew Walsh's

rights and physical well being. All of the acts of Hezbollah were facilitated by funding,

training and support by the Iranian Ministry of Information and Security. In accordance

with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry

of Information and Security, and the Defendant, the Islamic Republic of Iran, are

therefore vicariously liable for the actions of the Hezbollah members.  In providing such

funding, direction and training, the Iranian Ministry of Information and Security was

acting within the scope of its agency as an instrumentality of the Islamic Republic of

Iran. Said agency rendered material support to those actually carrying out the acts above

described. An award of punitive damages is requested as to both defendants, jointly and

severally, in accordance with the provisions of Public Law 105-277, amending 28 United

States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor

of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for

punitive damages.

WHEREFORE, Plaintiff, Thomas Andrew Walsh, demands that judgment be

entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED**

**MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT CLXIX
### CLAIM OF CHARLES WALSH, RUTH WALSH, PAT CAMPBELL, RACHEL WALSH, TIMOTHY WALSH, MICHAEL WALSH, AND SEAN WALSH PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(360) The Plaintiffs repeat and re-allege each and every allegation set forth

above with like effect as if alleged herein.

(361) The acts alleged above, funded and directed by the Islamic Republic of Iran

through its agent the Iranian Ministry of Information and Security, constituted extreme

and outrageous conduct carried out against Thomas Andrew Walsh, with the intent to

inflict emotional distress upon him and family, Charles Walsh, Ruth Walsh, Pat

Campbell, Rachel Walsh, Tim Walsh, Mike Walsh, and Sean Walsh, and as a direct

result and proximate result of these willful, wrongful and intentional acts of Hezbollah,

Thomas Andrew Walsh's family, consisting of his parents and siblings, were caused to

suffer severe emotional distress.

WHEREFORE, Plaintiff, Charles Walsh, Ruth Walsh, Pat Campbell, Rachel

Walsh, Tim Walsh, Mike Walsh, and Sean Walsh, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, as to each in the amount of **FIVE MILLION**

**DOLLARS ($5,000,000.00), and costs.**


### COUNT CLXX
### CLAIM OF BRYAN K. WESTRICK
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR BATTERY

(362) The Plaintiff repeats and re-alleges each and every allegation set forth above

with like effect as if alleged herein.

(363) On October 23, 1983 members of Hezbollah by use of an explosive device

as above described, willfully, violently and forcefully battered and did violence to the

body of the Plaintiff, Bryan K. Westrick, inflicting severe and permanent injuries upon

him resulting in great pain and suffering, which injuries required and continue to require

extensive medical treatment, have necessitated the expenditure of funds, inter alia, for

hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived

the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The

willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Bryan K. Westrick, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CLXXI
## CLAIM OF BRYAN K. WESTRICK
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR ASSAULT

(364) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(365) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Bryan K. Westrick, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Bryan K. Westrick, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CLXXII
### CLAIM OF BRYAN K. WESTRICK
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(366) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(367) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Bryan K. Westrick, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Bryan K. Westrick, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<u>**COUNT CLXXIII**</u>
<u>**CLAIM OF BRYAN K. WESTRICK**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**PUNITIVE DAMAGES**</u>

(368) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(369) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Bryan K. Westrick's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Bryan K. Westrick, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT CLXXIV**
**CLAIM OF ANDREW K. WESTRICK, AARON M. WESTRICK, JOHN WESTRICK, PATRICIA WESTRICK, AND WHITNEY R. WESTRICK PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(370) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(371) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Bryan K. Westrick, with the intent to inflict emotional distress upon him and family, Andrew K. Westrick, Aaron M. Westrick, John Westrick, Patricia Westrick, and Whitney R. Westrick, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Bryan K. Westrick's family, consisting of his parents and siblings, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Andrew K. Westrick, Aaron M. Westrick, John Westrick, Patricia Westrick, and Whitney R. Westrick, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<u>COUNT CLXXV</u>
<u>CLAIM OF GERALD WILKES, JR.</u>
<u>PURSUANT TO 28 U.S.C. §1605A</u>
<u>AND IN ACCORDANCE WITH</u>
<u>THE FEDERAL AND STATE COMMON LAW</u>
<u>FOR BATTERY</u>

(372) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(373) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Gerald Wilkes, Jr., inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Gerald Wilkes, Jr., demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<u>COUNT CLXXVI</u>
<u>CLAIM OF GERALD WILKES, JR.</u>
<u>PURSUANT TO 28 U.S.C. §1605A</u>
<u>AND IN ACCORDANCE WITH</u>
<u>THE FEDERAL AND STATE COMMON LAW</u>
<u>FOR ASSAULT</u>

(374) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(375) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Gerald Wilkes, Jr., in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Gerald Wilkes, Jr., demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CLXXVII
CLAIM OF GERALD WILKES, JR.
PURSUANT TO 28 U.S.C. §1605A
AND IN ACCORDANCE WITH
THE FEDERAL AND STATE COMMON LAW FOR
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(376) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(377) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Gerald Wilkes, Jr., endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Gerald Wilkes, Jr., demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT CLXXVIII**
**CLAIM OF GERALD WILKES, JR.**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(378) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(379) The actions of the Hezbollah members, as above set forth, were intentional

and malicious and in willful, wanton and reckless disregard of Gerald Wilkes, Jr.'s rights

and physical well being. All of the acts of Hezbollah were facilitated by funding, training

and support by the Iranian Ministry of Information and Security. In accordance with 28

United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of

Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore

vicariously liable for the actions of the Hezbollah members.  In providing such funding,

direction and training, the Iranian Ministry of Information and Security was acting within

the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency

rendered material support to those actually carrying out the acts above described. An

award of punitive damages is requested as to both defendants, jointly and severally, in

accordance with the provisions of Public Law 105-277, amending 28 United States Code,

§1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism

under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive

damages.

WHEREFORE, Plaintiff, Gerald Wilkes, Jr., demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT CLXXIX
### CLAIM OF GERALD WILKES, III, JUSTIN WILKES, JOSHUA WILKES, GERALD WILKES, SR. AND PEGGIE WILKES PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(380) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(381) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Gerald Wilkes, Jr., with the intent to inflict emotional distress upon him and parents, Gerald Wilkes, Sr., and Peggie Wilkes, and his children, Gerald Wilkes, III, Justin Wilkes, and Joshua Wilkes,  as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Gerald Wilkes, Jr.'s family, consisting of his parents and children, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Gerald Wilkes, III, Justin Wilkes, Joshua Wilkes, Gerald Wilkes, Sr., and Peggie Wilkes, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<u>**COUNT CLXXX**</u>
<u>**CLAIM OF MICHAEL ZILKA**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL  AND STATE COMMON LAW**</u>
<u>**FOR BATTERY**</u>

(382) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(383) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Michael Zilka, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Michael Zilka, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CLXXXI
### CLAIM OF MICHAEL ZILKA
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(384) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(385) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Michael Zilka, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Michael Zilka, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CLXXXII
### CLAIM OF MICHAEL ZILKA
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(386) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(387) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Michael Zilka, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Michael Zilka, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CLXXXIII
### CLAIM OF MICHAEL ZILKA
### PURSUANT TO 28 U.S.C. §1605A
### PUNITIVE DAMAGES

(388) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(389) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Michael Zilka's rights and

physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Michael Zilka, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT CLXXXIV
### CLAIM OF SUE ZILKA, MICHAEL ZILKA, JR., COURTNEY ZILKA, CHRISTOPHER ZILKA, AND MYRIAH ZILKA PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(390) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(391) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Michael Zilka, with the intent to inflict emotional distress upon him, his wife, Sue Zilka, and children, Michael Zilka, Jr., Courtney Zilka, Christopher Zilka, and Myriah Zilka, as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Michael Zilka's family, consisting of his wife and children, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Sue Zilka, Michael Zilka, Jr., Courtney Zilka, Christopher Zilka, and Myriah Zilka, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

### COUNT CLXXXV
### ARTHUR JOHNSON
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(392) Plaintiff, Arthur Johnson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(393) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff and

half-brother, of James Baynard, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon James Baynard to cause severe emotional distress upon his half-brother, Arthur Baynard, beneficiary of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Arthur Baynard has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Arthur Baynard, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CLXXXVI
### MECOT ECHO CAMARA, THERESA RIGGS,
### AND ELISA CAMARA THOMPSON
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(394) Plaintiff, Mecot Echo Camara, Theresa Riggs, and Elisa Camara Thompson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(395) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiffs and son and sisters, of Mecot Camara, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Mecot Camara to cause severe emotional distress upon his son, Mecot Echo Camara, and sisters, Theresa Riggs and Elisa Camara Thompson, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Mecot Echo Camara, Theresa Riggs, and Elisa Camara Thompson have thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Mecot Echo Camara, Theresa Riggs, and Elisa Camara Thompson, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CLXXXVII
## THE ESTATE OF MANUAL MASSA, SR.
## SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(396) Plaintiff, the Estate of Manual Massa, Sr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(397) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff and

father, of David Massa, have suffered extraordinary grief and mental anguish, in that the

defendants, acting through their agents and by their conduct intended through infliction

of physical injury resulting in death upon David Massa to cause severe emotional distress

upon his father, Manual Massa, Sr., (now deceased) beneficiary of this action and the

conduct above described was so extreme and outrageous as to exceed all possible bounds

of decency and must be regarded as atrocious and utterly intolerable in a civilized

community and the emotional distress suffered by the Decedents family was so severe

that no reasonable person could be expected to endure it. The Estate of Manual Massa,

Sr. has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, The Estate of Manual Massa, Sr., demands judgment against the

Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and

Security, jointly and severally, for each in the amount of TWENTY MILLION

DOLLARS ($20,000,000.00), besides costs.


### COUNT CLXXXVIII
### JENNIFER PAGE NELSON
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(398) Plaintiff, Jennifer Page Nelson, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(399) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff and

widow, of Connie Ray Page, has suffered extraordinary grief and mental anguish, in that

the defendants, acting through their agents and by their conduct intended through

infliction of physical injury resulting in death upon Connie Ray Page to cause severe

emotional distress upon his widow, Jennifer Page Nelson, beneficiary of this action and

the conduct above described was so extreme and outrageous as to exceed all possible

bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized

community and the emotional distress suffered by the Decedents family was so severe

that no reasonable person could be expected to endure it. Jennifer Page Nelson has

thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Jennifer Page Nelson, demands judgment against the Defendants,

The Islamic Republic of Iran and the Iranian Ministry of Information and Security,

jointly and severally, for each in the amount of TWENTY MILLION DOLLARS

($20,000,000.00), besides costs.


### COUNT CLXXXIX
### TIMOTHY PRICE AND THE ESTATE OF BETTY LOU PRICE
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(400) Plaintiff, Timothy Price and the Estate of Betty Lou Price, repeats and re-

alleges each and every allegation set forth above with like effect as if alleged herein.

(401) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the

brother and mother, of James Price, has suffered extraordinary grief and mental anguish,

in that the defendants, acting through their agents and by their conduct intended through

infliction of physical injury resulting in death upon James Price to cause severe emotional distress upon his brother and mother (now deceased), Timothy Price and the Estate of Betty Lou Price, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Timothy Price and the Estate of Betty Lou Price have thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Timothy Price and the Estate of Betty Lou Price, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CXC
## PATRICIA FITZGERALD WASHINGTON AND GERALD FOISTER
## SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(402) Plaintiff, Patricia Fitzgerald Washington and Gerald Foister, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(403) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the widow and brother, of Eric Glenn Washington, has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Eric Glenn

Washington to cause severe emotional distress upon his widow and brother, Patricia

Fitzgerald Washington and Gerald Foister, beneficiaries of this action and the conduct

above described was so extreme and outrageous as to exceed all possible bounds of

decency and must be regarded as atrocious and utterly intolerable in a civilized

community and the emotional distress suffered by the Decedents family was so severe

that no reasonable person could be expected to endure it. Patricia Fitzgerald Washington

and Gerald Foister have thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Patricia Fitzgerald Washington and Gerald Foister, demand

judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry

of Information and Security, jointly and severally, for each in the amount of TWENTY

MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CXCI
### THE ESTATE OF DOROTHY WILLIAMS
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(404) Plaintiff, the Estate of Dorothy Williams, repeats and re-alleges each and

every allegation set forth above with like effect as if alleged herein.

(405) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff, the

mother, of Scipio Williams, Jr., has suffered extraordinary grief and mental anguish, in

that the defendants, acting through their agents and by their conduct intended through

infliction of physical injury resulting in death upon Scipio Williams, Jr. to cause severe

emotional distress upon his mother, The Estate of Dorothy Williams, beneficiaries of this

action and the conduct above described was so extreme and outrageous as to exceed all

possible bounds of decency and must be regarded as atrocious and utterly intolerable in a

civilized community and the emotional distress suffered by the Decedents family was so

severe that no reasonable person could be expected to endure it. The Estate of Dorothy

Williams has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, The Estate of Dorothy Williams, demand judgment against the

Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and

Security, jointly and severally, for each in the amount of TWENTY MILLION

DOLLARS ($20,000,000.00), besides costs.

### COUNT CXCII
### BILL WILLIAMSON
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(406) Plaintiff, Bill Williamson, repeats and re-alleges each and every allegation

set forth above with like effect as if alleged herein.

(407) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff, the

father, of Johnny Adam Williamson, has suffered extraordinary grief and mental anguish,

in that the defendants, acting through their agents and by their conduct intended through

infliction of physical injury resulting in death upon Johnny Adam Williamson to cause

severe emotional distress upon his father, Bill Williamson, beneficiary of this action and

the conduct above described was so extreme and outrageous as to exceed all possible

bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Bill Williamson has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Bill Williamson, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CXCIII
## FAITH ALBRIGHT, MARVIN ALBRIGHT, JR.,
## MEREQUIN ALBRIGHT, AND SHATERIA ALBRIGHT
## SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(408) Plaintiffs, Faith Albright, Marvin Albright, Jr., Merequin Albright, and Shateria Albright, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(409) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the wife and children, of Marvin Albright, has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Marvin Albright to cause severe emotional distress upon his family, Faith Albright, Marvin Albright, Jr., Merequin Albright, and

Shateria Albright, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Albright family was so severe that no reasonable person could be expected to endure it. Faith Albright, Marvin Albright, Jr., Merequin Albright, and Shateria Albright have thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Faith Albright, Marvin Albright, Jr., Merequin Albright, and Shateria Albright, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT CXCIV
ANTHONY BANKS, JR.
SOLATIUM CLAIM PURSUANT TO
28 U.S.C. §1605A AND IN ACCORDANCE WITH
THE FEDERAL AND STATE COMMON LAW
FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(410) Plaintiff, Anthony Banks, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(411) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff, the child, of Anthony Banks, has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Anthony Banks to cause severe emotional distress upon his family, Anthony Banks, Jr., beneficiary of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional

distress suffered by the Banks family was so severe that no reasonable person could be expected to endure it. Anthony Banks, Jr., has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Anthony Banks, Jr., demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CXCV
### CHRISTOPHER BURNETTE, MICHELLE BURNETTE, EVAN BURNETTE, CONNIE DECKER, GWEN BURNETTE, GWEN WOODCOCK, AND LISA BURLEYSON
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(412) Plaintiff's, Christopher Burnette, Michelle Burnette, Evan Burnette, Connie Decker, Gwen Burnette, Gwen Woodcock, and Lisa Burleyson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(413) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the children, sisters, and mother, of Rodney Darrell Burnette, has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Rodney Darrell Burnette to cause severe emotional distress upon his family, Christopher Burnette (son), Michelle Burnette (daughter), Evan Burnette (son), Connie Decker (sister), Gwen Burnette (sister),

Gwen Woodcock (mother), and Lisa Burleyson (ex-wife), beneficiaries of this action and

the conduct above described was so extreme and outrageous as to exceed all possible

bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized

community and the emotional distress suffered by the Burnette family was so severe that

no reasonable person could be expected to endure it. Christopher Burnette, Michelle

Burnette, Evan Burnette, Connie Decker, Gwen Burnette, Gwen Woodcock, and Lisa

Burleyson, has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Christopher Burnette, Michelle Burnette, Evan Burnette, Connie

Decker, Gwen Burnette, Gwen Woodcock, and Lisa Burleyson, demand judgment against

the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and

Security, jointly and severally, for each in the amount of TWENTY MILLION

DOLLARS ($20,000,000.00), besides costs.

**COUNT CXCVI**
**DALE COMES AND TOMMY COMES**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(414) Plaintiff's, Dale Comes and Tommy Comes, repeats and re-alleges each

and every allegation set forth above with like effect as if alleged herein.

(415) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the

son and brother, of Frank Comes, Jr., has suffered extraordinary grief and mental

anguish, in that the defendants, acting through their agents and by their conduct intended

through infliction of physical injury upon Frank Comes, Jr. to cause severe emotional

distress upon his family, Dale Comes (son) and Tommy Comes (brother), beneficiaries of

this action and the conduct above described was so extreme and outrageous as to exceed

all possible bounds of decency and must be regarded as atrocious and utterly intolerable

in a civilized community and the emotional distress suffered by the Comes family was so

severe that no reasonable person could be expected to endure it. Dale Comes and Tommy

Comes, has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Dale Comes and Tommy Comes, demand judgment against the

Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and

Security, jointly and severally, for each in the amount of TWENTY MILLION

DOLLARS ($20,000,000.00), besides costs.

### COUNT CXCVII
### CHRISTOPHER EAVES, INDIA EAVES, DAVID EAVES, SYLVIA EAVES, THE
### ESTATE OF FRANCES ELIZABETH EAVES, AND THE ESTATE OF NINA
### EAVES STOCKWELL
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(416) Plaintiff's, Christopher Eaves, India Eaves, David Eaves, Sylvia Eaves the

Estate of Frances Elizabeth Eaves, and the Estate of Nina Eaves Stockwell, repeats and

re-alleges each and every allegation set forth above with like effect as if alleged herein.

(417) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the

son, daughter, wife, mother and siblings of Frederick Daniel Eaves has suffered

extraordinary grief and mental anguish, in that the defendants, acting through their agents

and by their conduct intended through infliction of physical injury upon Frederick Daniel

Eaves to cause severe emotional distress upon his family, Christopher Eaves (son), India

Eaves (daughter), David Eaves (brother), Sylvia Eaves (wife) Frances Elizabeth Eaves

(deceased mother), and Nina Eaves Stockwell (deceased sister), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Eaves family was so severe that no reasonable person could be expected to endure it. Christopher Eaves, India Eaves, David Eaves, Sylvia Eaves the Estate of Frances Elizabeth Eaves, and the Estate of Nina Eaves Stockwell, has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Christopher Eaves, India Eaves, David Eaves, Sylvia Eaves, the Estate of Frances Elizabeth Eaves, and the Estate of Nina Eaves Stockwell, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT CXCVIII**
**JOSEPH MATTHEW GARNER, JUSTINA NICOLE GARNER, REVA PAIGE**
**GARNER, AND PENNY GARNER**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(418) Plaintiff's, Joseph Matthew Garner, Justina Nicole Garner, Reva Paige Garner, and Penny Garner, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(419) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the son, daughters, and wife of Truman Dale Garner has suffered extraordinary grief and

mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Truman Dale Garner to cause severe emotional distress upon his family, Joseph Matthew Garner (son), Justina Nicole Garner (daughter), Reva Paige Garner (daughter), and Penny Garner (wife), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Garner family was so severe that no reasonable person could be expected to endure it. Joseph Matthew Garner, Justina Nicole Garner, Reva Paige Garner, and Penny Garner, has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Joseph Matthew Garner, Justina Nicole Garner, Reva Paige Garner, and Penny Garner, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CXCIX
### CHADWICK MATTHEWS AND DREW MATTHEWS
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(420) Plaintiff's, Chadwick Matthews and Drew Matthews, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(421) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the sons of Burnham Matthews has suffered extraordinary grief and mental anguish, in that

the defendants, acting through their agents and by their conduct intended through

infliction of physical injury upon Burnham Matthews to cause severe emotional distress

upon his family, Chadwick Matthews (son), and Drew Matthews (son) beneficiaries of

this action and the conduct above described was so extreme and outrageous as to exceed

all possible bounds of decency and must be regarded as atrocious and utterly intolerable

in a civilized community and the emotional distress suffered by the Matthews family was

so severe that no reasonable person could be expected to endure it. Chadwick Matthews

and Drew Matthews, has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Chadwick Matthews and Drew Matthews, demand judgment

against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of

Information and Security, jointly and severally, for each in the amount of TWENTY

MILLION DOLLARS ($20,000,000.00), besides costs.


### COUNT CC
### DEBORAH WISE
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(422) Plaintiff's, Debra Wise, repeats and re-alleges each and every allegation set

forth above with like effect as if alleged herein.

(423) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the

sister of Timothy Mitchell has suffered extraordinary grief and mental anguish, in that the

defendants, acting through their agents and by their conduct intended through infliction

of physical injury upon Timothy Mitchell to cause severe emotional distress upon his

sister, Debra Wise, beneficiary of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Mitchell family was so severe that no reasonable person could be expected to endure it. Debra Wise, has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Debra Wise, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT CCI**
**JEREMY RIVERS, PAUL RIVERS, BERNICE RIVERS, AND SANDRA RIVERS**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(424) Plaintiff's, Jeremy Rivers, Paul Rivers, Bernice Rivers, and Sandra Rivers, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(425) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the sons, wife, and mother, of Paul Rivers has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Paul Rivers to cause severe emotional distress upon his family, Jeremy Rivers(son), Paul Rivers (son), Bernice Rivers (mother), and Sandra Rivers (wife), beneficiaries of this action and the conduct above described was so

extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Rivers family was so severe that no reasonable person could be expected to endure it. Jeremy Rivers, Paul Rivers, Bernice Rivers, and Sandra Rivers, has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Jeremy Rivers, Paul Rivers, Bernice Rivers, and Sandra Rivers, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CCII
### BARBARA ANN RUSSELL, ROBERT EMMETT RUSSELL, GLENN EDWARD RUSSELL, CHARLES EDWARD RUSSELL, JR., JEAN LOUISE BROWN, NANCY MACDONALD, DIANE CAROL HIGGINS, THE ESTATE OF THOMAS WILLIAM RUSSELL, AND RICHARD LYNDE FOLEY SOLATIUM CLAIM PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERALAND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(426) Plaintiff's, Barbara Ann Russell, Robert Emmett Russell, Glenn Edward Russell, Charles Edward Russell, Jr., Jean Louise Brown, Nancy MacDonald, Diane Carol Higgins, the Estate of Thomas William Russell, and Richard Lynde Foley, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(427) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the mother and siblings, of Stephen Russell has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended

through infliction of physical injury upon Stephen Russell to cause severe emotional distress upon his family, Barbara Ann Russell (mother), Robert Emmett Russell (brother), Glenn Edward Russell (brother), Charles Edward Russell (brother), Jean Louise Brown (sister), Nancy MacDonald (sister), Diane Carol Higgins (sister), Thomas William Russell (deceased brother), and Richard Lynde Foley (half-brother), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Russell family was so severe that no reasonable person could be expected to endure it. Barbara Ann Russell, Robert Emmett Russell, Glenn Edward Russell, Charles Edward Russell, Jr., Jean Louise Brown, Nancy MacDonald, Diane Carol Higgins, the Estate of Thomas William Russell, and Richard Lynde Foley, has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Barbara Ann Russell, Robert Emmett Russell, Glenn Edward Russell, Charles Edward Russell, Jr., Jean Louise Brown, Nancy MacDonald, Diane Carol Higgins, the Estate of Thomas William Russell, and Richard Lynde Foley, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCIII
### CHARLES FRYE, JR., GINA FRYE, LINCOLN FRYE, AND RANDALL FRYE
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(428) Plaintiff's, Charles Frye, Jr., Gina Frye, Lincoln Frye, and Randall Frye,

repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(429) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the children, of Charles Frye have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Charles Frye to cause severe emotional distress upon his family, Charles Frye (son), Gina Frye (daughter), Lincoln Frye (son), and Randall Frye (son), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Frye family was so severe that no reasonable person could be expected to endure it. Charles Frye, Jr., Gina Frye, Lincoln Frye, and Randall Frye has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Charles Frye, Jr., Gina Frye, Lincoln Frye, and Randall Frye, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CCIV
### JACK DARRELL HUNT, MARCY ELIZABETH HUNT, MENDY LEIGH HUNT, AND MOLLY FAY HUNT
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(430) Plaintiff's, Jack Darrell Hunt, Marcy Elizabeth Hunt, Mendy Leigh Hunt,

and Molly Fay Hunt, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(431) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the children, of Orval Hunt have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Orval Hunt to cause severe emotional distress upon his family, Jack Darrell Hunt (son), Marcy Elizabeth Hunt (daughter), Mendy Leigh Hunt (daughter), and Molly Fay Hunt (daughter), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Hunt family was so severe that no reasonable person could be expected to endure it. Jack Darrell Hunt, Marcy Elizabeth Hunt, Mendy Leigh Hunt, and Molly Fay Hunt has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Jack Darrell Hunt, Marcy Elizabeth Hunt, Mendy Leigh Hunt, and Molly Fay Hunt, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT CCV**
**CLAIM OF RICHARD DUDLEY**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR BATTERY**

(432) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(433) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Richard Dudley, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Richard Dudley, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CCVI**
**CLAIM OF RICHARD DUDLEY**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR ASSAULT**

(434) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(435) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Richard Dudley, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Richard Dudley, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CCVII
### CLAIM OF RICHARD DUDLEY
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(436) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(437) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the

Plaintiff, Richard Dudley, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Richard Dudley, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CCVIII
## CLAIM OF RICHARD DUDLEY
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(438) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(439) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Richard Dudley's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in

accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Richard Dudley, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT CCIX
### TOLEDO DUDLEY, SHERRY LATOZ, CYNTHIA BLANKENSHIP, GINGER TUTON, AND SCOTT DUDLEY
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(440) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(441) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Richard Dudley, with the intent to inflict emotional distress upon him, his wife, Toledo Dudley, and his children, Sherry Latoz, Cynthia Blankenship, Ginger Tuton, and Scott Dudley,  as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Richard Dudley's family, consisting of his parents and children, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff's, Toledo Dudley, Sherry Latoz, Cynthia Blankenship, Ginger Tuton, and Scott Dudley, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

**COUNT CCX**
**CATALDO ANTHONY NASHTON, CLAUDIA COMINO, MARK NASHTON,**
**AND MYLES NASHTON**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(442) Plaintiff's, Cataldo Anthony Nashton, Claudia Comino, Mark Nashton, and Myles Nashton, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(443) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the siblings of Jeffrey Nashton have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Jeffrey Nashton to cause severe emotional distress upon his family, Cataldo Anthony Nashton (sister), Claudia Comino (sister), Mark Nashton (brother), and Myles Nashton (brother), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Nashton family was so severe that no reasonable person could be expected to endure it. Cataldo Anthony Nashton, Claudia Comino, Mark

Nashton, and Myles Nashton has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Cataldo Anthony Nashton, Claudia Comino, Mark Nashton, and Myles Nashton, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<u>COUNT CCXI</u>
<u>TERESA BATHOLOMEW, CRYSTAL BARTHOLOMEW, MARK E.
BARTHOLOMEW, JERRY BARTHOLOMEW, AND JOYCE BARTHOLOMEW
SOLATIUM CLAIM PURSUANT TO
28 U.S.C. §1605A AND IN ACCORDANCE WITH
THE FEDERAL AND STATE COMMON LAW
FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

(444) Plaintiff's, Teresa Bartholomew, Crystal Bartholomew, Mark E. Bartholomew, Jerry Bartholomew, and Joyce Bartholomew, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(445) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the wife, children, and parents, of Mark Bartholomew have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Mark Bartholomew to cause severe emotional distress upon his family, Teresa Bartholomew (wife), Crystal Bartholomew (daughter), Mark E. Bartholomew (son), Jerry Bartholomew (father), and Joyce Bartholomew (mother), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional

distress suffered by the Bartholomew family was so severe that no reasonable person could be expected to endure it. Teresa Bartholomew, Crystal Bartholomew, Mark E. Bartholomew, Jerry Bartholomew, and Joyce Bartholomew has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Teresa Bartholomew, Crystal Bartholomew, Mark E. Bartholomew, Jerry Bartholomew, and Joyce Bartholomew, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**Date: March 25, 2008**                                 **Respectfully submitted,**

                                                          **FAY LAW, PA**

                                                          *Thomas Fortune Fay*_____
                                                          **THOMAS FORTUNE FAY**
                                                          **Unified Bar No. 23929**


                                                          *Caragh Glenn Fay*_____
                                                          **Caragh Glenn Fay**
                                                          **U.S.D.D.C. Bar No. 16955**
                                                          **601 Pennsylvania Avenue, NW**
                                                          **#900 - South Building**
                                                          **Washington, D.C.  20004**

(202) 638-4534

**Attorneys for Plaintiffs**