UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLYN DAVIS, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>ISLAMIC REPUBLIC OF IRAN, *et al.*, )<br>)<br>Defendants. )<br>) | Consolidated Civil Actions:<br>07-1302 (RCL) |

**MEMORANDUM & ORDER**

This matter comes before the Court on plaintiffs' motion [9] pursuant to Local Civil Rule 83.4 for Certification of Joseph W. Fay as a Law Student Permitted to Practice in the United States District Court for the District of Columbia. Upon consideration of the motion, the applicable Local Rules, and the entire record herein, this Court finds that plaintiffs' motion [9] should be DENIED.

Plaintiffs represent that Joseph W. Fay is a student in good standing at the David A. Clarke School of Law of the University of the District of Columbia. The Associate Dean of the law school certifies that Fay has been enrolled in the Juvenile & Special Education clinical program. The Juvenile & Special Education clinical program is certified by this Court pursuant to Local Civil Rule 83.4.

Rule 83.4 provides that under specified circumstances, law students may be certified by this Court to enter appearance and practice under the supervision of a supervising lawyer. However, the Rule sets forth a number of requirements for certification that the instant motion

has not met. First, section (a)(1) requires written consent from the client to the law student's appearance. Plaintiffs' motion includes no such written consent from any plaintiff named in this matter. Second, Rule 83.4 clearly contemplates that the student's activities remain within the capacity of that student's participation in the clinical program. *See, e.g.* Local Civ. Rule 83.4(b)(2)(v) (requiring that the clinical program maintain malpractice insurance for its activities). The instant motion seeks certification for Joseph W. Fay to practice law in a civil action on behalf of victims of a state-sponsored terrorist attack—an action wholly unrelated to the law school's Juvenile & Special Education clinical program. Third, plaintiffs' have not sufficiently demonstrated that the proposed supervising attorney satisfies the requirements under Rule 83.4. Plaintiffs represent that Colin Durham is certified by the dean of the law school as a person of good character and adequately trained to fulfill the responsibilities of supervisor in accordance with Rule 83.4(b)(3)(ii)(b). Durham, however, has entered no appearance in this matter. Thus, plaintiffs have not shown how Durham could adequately supervise Joseph W. Fay's activities in this matter as required by the Rule. *See* Local Civ. Rule 83.4(b)(3)(iv) (requiring supervising attorney to be present with the student at all times in court, and at other proceedings in which testimony is taken); Rule 83.4(b)(3)(v) (requiring the supervising attorney to co-sign all pleadings or other documents filed with the court). Moreover, there is no record of Durham having been certified by this Court as a student supervisor pursuant to Rule 83.4(b)(3)(iii).

    For the foregoing reasons, it is hereby

    ORDERED that plaintiffs' motion [9] be, and is hereby, DENIED. Any practice of law by Joseph W. Fay on behalf of plaintiffs in this action constitutes unauthorized practice of law.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on July 7, 2008.