**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAROLYN DAVIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 07-cv-1302 (RCL) |
| | ) | |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER FOR STATUS UPDATE**
**CONCERNING SPECIAL MASTER PROGRESS**

This case, involving the 1983 bombing of the U.S. Marine barracks in Beirut, Lebanon, was first filed on July 23, 2007.  Complaint, July 23, 2007 [1].  In early 2008, plaintiffs sought—and the Court granted the request—to proceed under the newly-created state-sponsored terrorism exception to the Foreign Sovereign Immunities Act, codified at 28 U.S.C. § 1605A, which was enacted as part of the  National Defense Authorization Act for Fiscal Year 2008.  Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338–44 (2008).  Second Amended Complaint, March 28, 2008 [7]. Final judgment concerning the liability of defendants to plaintiffs under § 1605A was entered by the Court in early 2010.  Order, Feb. 1, 2010 [27].  A few months later, plaintiffs sought appointment of two special masters, Affidavit re Order, Mar. 7, 2010 [31]; Motion for Leave to File Affidavit in Response to Order, Mar. 16, 2010 [33], and the Court granted both requests in April 2010.  Order Appointing Special Master, Apr. 9, 2010 [34]; Order Granting Motion for Order of Filing Documentation Pro Tunc and Appointing Special Master, Apr. 9, 2010 [35].

The Complaint in this action groups Counts by the specific serviceman that were either injured or killed in the 1983 attack.  *See generally* Second Amended Complaint Counts I–CCXI.

To date, the special masters have generally followed this structure and filed their reports by these same groupings.  *See, e.g.*, Report of Special Master, Nov. 12, 2010 [36] (discussing Counts related to death of servicemen Andrew Davis in 1983 bombing).  To complete these reports, the special masters require the following information:  Depositions of relevant parties and witnesses; sufficient medical evidence to substantiate the alleged injuries; economic reports demonstrating losses (where applicable); and either disability ratings from the Veterans Administration dated within the previous three years—where the serviceman was injured—or letters of administration governing the relevant estate—where the serviceman was killed.  It is plaintiffs' responsibility to provide this information to the special masters.  As of today, eight months after plaintiffs' requests for two special masters were granted and they could begin submitting evidence in support of their claims, the Court's records reflect the following information concerning progress in this case.

Of the 65 Count-groupings, the Court has received reports concerning three, or approximately 5%, of those groupings:

| Related Serviceman | Counts Involved |
| --- | --- |
| Davis | I–III |
| Hoke | LXXXIII–LXXXVI |
| Corrigan | LXX–LXXIII |

Of the 65 Count-groupings, the Court has not received reports concerning 62, or approximately 95%, of those groupings:

| Related Serviceman | Counts Involved |
| --- | --- |
| Bailey | V–VIII |
| Douglas | IX–XII |
| Gay | XIII–XVI |
| Corcoran | XVII–XX |
| Edwards | XXI–XXIV |
| Held | XXV–XXVIII |
| Gibbs | XXIX–XXXII |
| Ingalls | XXXIII–XXXVI |

| | |
|---|---|
| Stowe | XXXVII–XL |
| Townsend, Jr. | XLI–XLIV |
| Wells | XLV–XLVIII |
| Santos | XLIX–LII |
| Allison | LIII–LVI |
| Bartholomew | LVII–LX & CCXI |
| Bragg | LXI–LXIV |
| Brown, Jr. | LXV–LXIX |
| Guy | LXXIV–LXXVIII |
| Hammons | LXXIX–LXXXII |
| Hollis | LXXXVII–XCI |
| Jiggetts | XCII–XCV |
| Long | XCVI–XCIX |
| Lynch | C–CIII |
| McCoskey | CIV–CVII |
| Moore | CVIII–CXI |
| Nash | CXII–CXVI |
| Puckett | XCVII–CXX |
| Putnam | CXXI–CXXIV |
| Richardson | CXXV–CXXIX |
| Rutter | CXXX–CXXXIII |
| Schneider | CXXXIV–CXXXVIII |
| Segarra | CXXXIX–CXLII |
| Shapuras | CXLIII–CXLVI |
| Sharp | CXLVII–CLI |
| Simmons | CLII–CLV |
| Streker | CLVI–CLIX |
| Turner | CLX–CLXIV |
| Walsh | CLXV–CLXIX |
| Westrick | CLXX–CLXXIV |
| Wilkes, Jr. | CLXXV–CLXXIX |
| Zilka | CLXXX–CLXXXIV |
| Baynard | CLXXXV |
| Camara | CLXXXVI |
| Massa | CLXXXVII |
| Page | CLXXXVIII |
| Price | CLXXXIX |
| Washington | CXC |
| Williams, Jr. | CXCI |
| Williamson | CXCII |
| Albright | CXCIII |
| Banks | CXCIV |
| Burnette | CXCV |
| Comes, Jr. | CXCVI |
| Eaves | CXCVII |

| Garner | CXCVIII |
|--------|---------|
| Matthews | CXCIX |
| Mitchell | CC |
| Rivers | CCI |
| Russell | CCII |
| Frye | CCIII |
| Hunt | CCIV |
| Dudley | CCV–CCIX |
| Nashton | CCX |

This case has now been before this Court for almost three-and-a-half years.  Despite the entry of final judgment under § 1605A as to liability almost a year ago, and the approval of plaintiffs' request for a special master eight months ago, the Court has yet to receive reports with respect to almost all of the Count-groupings related to servicemen named in the Complaint.  Due to the nature of these proceedings, it is impossible for the Court to know whether this extensive period is simply necessary to permit the special masters to undertake, as this Court has previously described, "a very thorough, painstaking review of all the relevant testimony, medical evidence, economic reports, and other evidence in order to make clear, accurate recommendations to this Court," *In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 110 (D.D.C. 2009), or if it is instead the result of some other cause.  However, in light of the extensive delay in this case, it is hereby

ORDERED that the Clerk of the Court shall schedule a Status Conference at 10:00 a.m. on December 21, 2010, at which time plaintiffs' counsel shall inform the Court of their progress in aiding the special masters in preparing their reports for this case; it is furthermore

ORDERED that by noon on Monday, December 20, 2010, plaintiffs' counsel shall inform the Court

1.      with respect to each Count-grouping related to servicemen Gibbs, Held, Jiggetts, Walsh, Bailey, Rutter, Washington or Nash

a.      whether counsel has taken the necessary depositions to substantiate those claims and

i.      if counsel has taken the necessary depositions, whether that testimony has been provided to the special master or when it will be so provided; or

ii.      if counsel has not taken the necessary depositions, whether the depositions have been scheduled and when counsel expects to provide the testimony to the special master;

b.      whether counsel expects to provide an economic report supporting losses and the date on which counsel expects such a report to be provided to the special master;

c.      of the date on which counsel expects to provide to the special master medical information substantiating the alleged injuries;

d.      if the related serviceman died, of the date on which counsel expects to provide to the special master letters of administration for that serviceman's estate; and

e.      if the related serviceman was injured, of the date on which counsel expects to provide to the special master a recent disability rating from the Veterans Administration;

2.      with respect to each Count-grouping related to servicemen Wells, Hunt, Brown, Moore, Westrick, Schneider, Simmons, Streker, Sharp, Long, Segarra or Guy, whether counsel expects to provide an economic report supporting losses and the date on which counsel expects to provide such a report to Special Master Balaran;[1]

3.      of the date on which counsel expects to provide to Special Master Balaran an economic report for plaintiffs related to serviceman Turner;

---

[1] Based on the representations of Special Master Balaran, the Court proceeds with this Order under the assumption that the Count-groupings discussed in sub-Order 1 may be assigned to either special master in this case, while evidence has been submitted for the remaining Count-groupings to Special Master Balaran, and thus those Count-groupings are assigned to him.

4.      of the date on which counsel expects to provide to Special Master Balaran a recent disability rating from the Veterans Administration for each Count-grouping related to

       a.      serviceman Turner;

       b.      serviceman Moore;

       c.      serviceman Schneider; or

       d.      serviceman Guy; and

5.      of the date on which counsel expects to provide to Special Master Balaran replacement testimony concerning the Count-grouping related to serviceman Sharp.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on December 10, 2010.