# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**CAROLYN DAVIS,**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Andrew Davis (Deceased)**

**JENNIFER DAVIS**

**CHARLES E. BAILEY and VINA S. BAILEY**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**C. Keith Bailey**

**KAREN L. COOPER**

**SHIRLEY DOUGLASS MILLER,**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Frederick Douglass**

**SUSAN BAKER**

**REGINA PEREIRA**

**GAIL BLACK**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**David D. Gay**

**RONALD GAY**

**TIMOTHY GAY**

**REBECCA CORDELL**

**ESTATE OF NEVA JEAN GAY**

**ESTATE OF DAVID D. GAY, SR.**

**KATHLEEN COLLINS**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Bert Daniel Corcoran**

**ESTATE OF ROBERT ALTON CORCORAN**

**CATHERINE CORCORAN**

**ROBERT BRIAN CORCORAN**

**ELIZABETH ANN ORTIZ**

**ESTATE OF WARNER GIBBS, SR.**

**KEITH ALTON CORCORAN**

**CINDY COLASANTI**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Roy Edwards**

**HARVEY MARTIN BASTIAN**

**ESTATE OF BARBARA EDWARDS**

**THOMAS HELD**
**Individually and As**
**Personal Representative**
**Of The Estate Of**
**Douglas Held**

**ESTATE OF SONDRA LOU HELD**

**PATRICK HELD**

**FREDA GIBBS HUTCHERSON**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Warner Gibbs, Jr.**

**MARKUS A. LEWIS**

**ESTATE OF JANET YVONNE LEWIS**

**JAMES INGALLS**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**John Ingalls**

**JOSEPH INGALLS**

**PRISCILLA STOWE**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Thomas D. Stowe**

**DAVID STOWE**

**DONNA BALOGA**

**SAMANTHA STOWE**

**BARBARA STOWE**

**MARCIA C. TOWNSEND-TIPPETT**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Henry Townsend, Jr.**

**HENRY & LILLIAN TOWNSEND**

**VALERIE TATUM**

**CYNTHIA GREEN**

**KAWANNA DUNCAN**

**CLETA WELLS**
**Individually And As**
**Personal Representative**
**Of The Estate Of**
**Tandy W. Wells**

**STELLA WELLS GEORGE**

**FRANCES MANGRUM**
**7122 Aggie Hamilton Lane**
**Fairview, TN 37062**

**EDITH HOLLAND WELLS**

**PERRY GLENN WELLS**

**DANNY HOLLAND WELLS**

**ESTATE OF HAROLD DEAN WELLS**

**MICHAEL SHANE WELLS**

**TIMOTHY SHON WELLS**

**JOHN SANTOS**

**TRACY ANN SANTOS**

**ABIGAIL ELIZABETH SANTOS**

**ALEXANDRA ELIZABETH SANTOS**

**LIBBI ELIZABETH SANTOS**

**LILLI ELIZABETH SANTOS**

**COOPER JEFFREY SANTOS**

**RAOUL SANTOS**

**MARY SANTOS**

**DONNA DUFFY**

**MARY CROPPER**

**DOREEN CALLANAN**

**CASSIE LEMIRE**

**JEAN WINNER**

**KEVIN SANTOS**

**RAOUL SANTOS**

**MARK BARTHOLOMEW**

**ROBERT BRAGG**

**THOMAS D. BROWN, JR.**

**JEANETTE ODOM**

**DEBORAH VOGT**

**MICHAEL CORRIGAN**

**EARL GUY**

**JOAN M. CRAWFORD**

**IAN D. GUY**

**EDDIE GUY, JR.**

**ADAM GUY**

**DONALD HAMMONS**

**THOMAS HOKE**

**GLENN W. HOLLIS**

**ESTATE OF ANN HOLLIS**

**JANE COSTA**

**KEVIN JIGGETTS**

**DONALD LONG**

**ROBERT LYNCH**

**TIM McCOSKEY**

**RONALD L. MOORE**

**JOHN W. NASH**

**ROSE ANN NASH**

**ESTATE OF FRANK EDISON NASH**

**WILLIAM H. NASH**

**MARK S. NASH**

**FRANK E. NASH, JR.**

**JAKI MILLIKEN**

**ROSEMARIE VLIET**

**JAMES MICHAEL PUCKETT**

**RONALD PUTNAM**

**BRUCE H. RICHARDSON**

**ELIZABETH M. RICHARDSON**

**THOMAS RUTTER**

**JOSEPH RICHARD SCHNEIDER**

**MORRIS SCHNEIDER**

**JACQUELINE GIBSON**

**PAUL SEGARRA**

**STEVEN MICHAEL SHAPURAS**

**DAVID W. SHARP**

**CHARLES SIMMONS**

**EDWARD J. STREKER**

**JOHN TURNER**

**JUDY TURNER**

**THOMAS ANDREW WALSH**

**CHARLES WALSH**

**RUTH WALSH**

**RACHEL WALSH**

**TIMOTHY WALSH**

**MICHAEL WALSH**

**THE ESTATE OF SEAN WALSH**

**BRYAN K. WESTRICK**

**ANDREW K. WESTRICK**

**AARON M. WESTRICK**

**JOHN WESTRICK**

**PATRICIA WESTRICK**

**WHITNEY R. WESTRICK**

**GERALD WILKES, JR.**

**GERALD WILKES, III**

**JUSTIN WILKES**

**JOSHUA WILKES**

**GERALD WILKES, SR.**

**PEGGIE WILKES**

**MICHAEL ZILKA**

**SUE ZILKA**

**MICHAEL ZILKA, JR.**

**COURTNEY L. ZILKA**

**CHRISTOPHER R. ZILKA**

**MYRIAH L. ZILKA**

**ARTHUR JOHNSON**

**MECOT ECHO CAMARA**

**THERESA RIGGS**

**ELISA CAMARA THOMPSON**

**ESTATE OF MANUAL MASSA, SR.**

**JENNIFER PAGE NELSON**

**TIMOTHY PRICE**

**ESTATE OF BETTY LOU PRICE**

**PATRICIA FITZGERALD WASHINGTON**

**GERALD FOISTER**

**ESTATE OF DOROTHY WILLIAMS**

**BILL WILLIAMSON**

**FAITH ALBRIGHT**

**MARVIN ALBRIGHT, JR.**

**MEREQUIN ALBRIGHT**

**SHATERIA ALBRIGHT**

**ANTHONY BANKS, JR.**

**CHRISTOPHER BURNETTE**

**MICHELLE BURNETTE**

**EVAN BURNETTE**

**CONNIE DECKER**

**GWEN BURNETTE**

**GWEN WOODCOCK**

**LISA BURLEYSON**

**DALE COMES**

**TOMMY COMES**

**INDIA EAVES**

**DAVID EAVES**

**SYLVIA EAVES**

**ESTATE OF NINA EAVES STOCKWELL**

**JOSEPH MATTHEW GARNER**

**JUSTINA NICOLE GARNER**

**REVA PAIGE GARNER**

**PENNY GARNER**

**CHADWICK MATTHEWS**

**DREW MATTHEWS**

**DEBORAH WISE**

**JEREMY RIVERS**

**PAUL RIVERS**

**BERNICE RIVERS**

**SANDRA RIVERS**

**BARBARA ANN RUSSELL**

**ROBERT EMMETT RUSSELL**

**GLENN EDWARD RUSSELL**

**CHARLES EDWARD RUSSELL, JR.**

**JEAN LOUISE BROWN**

**NANCY MacDONALD**

**DIANE CAROL HIGGINS**

**ESTATE OF THOMAS WILLIAM RUSSELL**

**RICHARD LYNDE FOLEY**

**CHARLES FRYE, JR.**

**GINA FRYE**

**LINCOLN FRYE**

**RANDALL FRYE**

**JACK DARRELL HUNT**

**MENDY LEIGH HUNT**

**MOLLY FAY HUNT**

**RICHARD DUDLEY**

**TOLEDO DUDLEY**

**SHERRY LATOZ**

**CYNTHIA BLANKENSHIP**

**GINGER TUTON**

**SCOTT DUDLEY**

**CATALDO ANTHONY NASHTON**

**CLAUDIA COMINO**

**MARK NASHTON**

**MYLES NASHTON**

**THERESA BARTHOLOMEW**

**CRYSTAL BARTHOLOMEW**

**MARK E. BARTHOLOMEW**

**JERRY BARTHOLOMEW**

**JOYCE BARTHOLOMEW**

**Plaintiffs**

**THE ISLAMIC REPUBLIC OF IRAN**
**Ministry of Foreign Affairs**
**Khomeini Avenue**
**United Nations Street**
**Tehran, Iran**
      **and**
**THE IRANIAN MINISTRY**
**OF INFORMATION AND SECURITY**
**Pasdaran Avenue**
**Golestan Yekom**
**Tehran, Iran**
          **Defendants**

# THIRD AMENDED COMPLAINT

(1) This action is brought by the Plaintiffs, Carolyn Davis, et al., by counsel, in the individual capacity of each plaintiff and, as appropriate, in the capacity of each as personal representative of the estate more particularly described in the caption of this action for the benefit and on behalf of all those legally entitled to assert a claim under the District of Columbia Wrongful Death Act, the District of Columbia Survival Act and the Foreign Sovereign Immunities Act. (28 United States Code Section 1602 et seq.), as amended by §1083 of the Defense Appropriations Act of 2008, H.R. 4986, Public Law 110-181. This Court exercises subject matter jurisdiction in accordance with the

provisions of 28 United States Code Sections 1330(a), 1331, 1332(a)(2), and 1605. The Court exercises in personam jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 United States Code Section 1605 (a)(7). Venue in this Court is proper in accordance with the provisions of 28 United States Code Section 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2) Section 1083 of Public Law 110-181, signed by President Bush on January 28, 2008, amended the Foreign Sovereign Immunities Act, (28 U.S.C. § 1602, et seq.) extending the statute of limitations for the Plaintiffs to and including Friday, March 28, 2008, and establishing a separate, Federal cause of action as set forth in 28 U.S.C. §1605A.

(3) The Plaintiffs in this action consist entirely of members of the United States Marine Corps, United States Navy and United States Army, the estates of such persons, and the heirs at law and legatees of such persons, who suffered physical or emotional injuries or died as a result of injuries inflicted in the terrorist attack upon the United States Marine Corps, Battalion 1/8, Headquarters Building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983. Members of the United States Marine Corps were assigned to the 24th Marine Amphibious Unit. Members of the United States Navy and United States Army were present at the site of the occurrence in support of the 24th Marine Amphibious Unit, either on a regular assigned basis or temporarily on the date of the occurrence below set forth. The term "estate" as hereinafter used refers not only to the estate of any member of the Armed Forces of the United States above referred to, but also to all persons now deceased whose estates are beneficiaries entitled to

States, the District of Columbia, or their state of residence or domicile at the time of death, including 28 United States Code Section 1602 through 1611, District of Columbia Code, Title 16, Section 16-2701 or District of Columbia Code, Title 12, Section 12-301.

(4)The Defendant, The Islamic Republic of Iran, is a foreign state which was as a result of the acts hereinafter complained of, and is to the present, designated as a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 United States Code Appendix, Section 2405(j)).

(5)The Defendant, The Iranian Ministry of Information and Security, is an agency of the Defendant, The Islamic Republic of Iran, whose activities included, at all times relevant to this action, the prosecution of terrorist acts directed against the armed forces of the United States and United States citizens, through the actions of their agents and employees and by and through material support to various terrorist organizations including the Lebanese terrorist organization known as "Hezbollah".

(6)Hezbollah[1] is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of the State of Israel. At all times relevant to this action, Hezbollah was being given extensive support by these Defendants which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the Shiite population of Lebanon. In 1983, at the time of the acts which give rise to this action, Hezbollah was under the complete operational control of the Defendants, through Iranian Revolutionary Guards

depressed for an extended period of time prior to the date of the occurrence and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendants to Hezbollah was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the attack of October 23, 1983.

(7)The mission statement of the 24th Amphibious Unit on October 23, 1983 was "to provide a presence in Beirut, that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital."[1] The Unit operated under normal, peacetime rules of engagement. Their geographic position was in a reinforced concrete building at the Beirut Airport. Although there was sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the ongoing civil war. The building being used by the Unit gave excellent protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding October 23, 1983[2].

(8)Acting on instructions from the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Iranian agents of the Defendants in operational control of Hezbollah, with high level technical participation which would not have been available to Hezbollah in the absence of Iranian control and participation,

---

[1] **Statement of General Paul X. Kelly, Commandant, USMC.**

[2] **The spelling of this word differs slightly in various publications. It is believed that this spelling is the most common. The organization also refers to itself in some publications as the "Party of God".**

equal to 22,000 pounds of explosives. This was in turn mounted in a large truck of a type used to transport beverage supplies to hotels, restaurants, stores and, in this case, airport terminal facilities. It had been determined by Iranian military engineers/terrorist experts to have sufficient weight to crash through an outer barbed wire emplacement, yet would fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and though a sandbag inner barrier obstruction into a passenger entry hallway into the center lobby of the building to a position at which the Iranian military engineers/terrorist experts had calculated an explosion of the magnitude to be produced by the device would collapse the structure. At approximately 6:22 a.m., Beirut time, on October 23, 1983 the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The collapse of the four story, reinforced concrete structure resulted in the deaths of approximately 241 members of the Armed Forces of the United States and injury to numerous others.

(9) The actions of the agents of the Defendants as above set forth constituted acts torture, extrajudicial killing and the provision of material resources for these acts as defined in Section 2339A, Title 18, United States Code.

(10) The formation of Hezbullah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Defendant the Ministry of Information and Security and Ali Akbar Mohtashemi, acting as Interior Minister of the Defendant, The Islamic Republic of Iran, and as the Iranian Ambassador to Syria. The above referred to activities of Hezbollah were financed, technologically supported and commanded by Iranian military/intelligence operatives.

(11)Plaintiff, Carolyn Davis, Personal Representative of the Estate of Andrew Davis, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

 (12) On October 23, 1983, when the explosive device described above was detonated, Andrew Davis, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Andrew Davis was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Andrew Davis.  Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(13) The beneficiaries of Andrew Davis who survived him, namely, Carolyn, his wife, and his daughter, Jennifer Davis, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Andrew Davis, and funeral and burial expenses.

WHEREFORE, Plaintiff, Carolyn Davis, demands judgment on behalf of the Estate of Andrew Davis, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

## COUNT II
## ESTATE OF ANDREW DAVIS SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(14) Plaintiff, Carolyn Davis, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(15) Decedent, Andrew Davis, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Carolyn Davis, as Personal Representative demands judgment on behalf of the Estate of Andrew Davis, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT III CAROLYN DAVIS, et al.
## SOLATIUM CLAIM PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(16) Plaintiff, Carolyn Davis, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(17) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Carolyn Davis, the wife of Decedent, Andrew Davis, and Jennifer Davis, the daughter of

the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Andrew Davis to cause severe emotional distress upon his wife, Plaintiff, Carolyn Davis, and his daughter, Jennifer Davis, beneficiary of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Davis family was so severe that no reasonable person could be expected to endure it. Carolyn Davis and Jennifer Davis have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Carolyn Davis, for herself, and for Jennifer Davis, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

<u>**COUNT IV**</u>
<u>**ESTATE OF ANDREW DAVIS**</u>
<u>**PUNITIVE DAMAGES**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>

(18) The Plaintiff, Carolyn Davis, Personal Representative of the Estate of Andrew Davis, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(19) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack

accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Carolyn Davis, Personal Representative of the Estate of Andrew Davis, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

**COUNT V**
**ESTATE OF C. KEITH BAILEY**
**CLAIM FOR WRONGFUL**
**DEATH**
**IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605**
**AND §1605A AS AMENDED AND 16 D.C.Code §16-2701**

(20) Plaintiff, Charles E. Bailey and Vina S. Bailey, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(21) On October 23, 1983, when the explosive device described above was detonated, C. Keith Bailey, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of C. Keith Bailey was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of C. Keith Bailey. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(22) The beneficiaries of C. Keith Bailey who survived him, namely, Charles E. Bailey, his father, Vina S. Bailey, his mother, and Karen L. Cooper, his sister, as a direct

which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of C. Keith Bailey, and funeral and burial expenses.

WHEREFORE, Plaintiff, Charles E. Bailey and Vina S. Bailey, demand judgment on behalf of the Estate of C. Keith Bailey, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT VI
## ESTATE OF C. KEITH BAILEY
## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(23) Plaintiff, Charles E. Bailey and Vina S. Bailey, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(24) Decedent, C. Keith Bailey, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Charles E. Bailey and Vina S. Bailey, demand judgment on behalf of the Estate of C. Keith Bailey, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT VII
## CHARLES E. BAILEY, VINA S. BAILEY, AND KAREN L. COOPER
## SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW

(25) Plaintiff, Charles E. Bailey and Vina S. Bailey, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(26) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Charles E. Bailey, the father of the Decedent, Vina S. Bailey, the mother of the Decedent, and Karen L. Cooper, the sister of Decedent, C. Keith Bailey, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon C. Keith Bailey to cause severe emotional distress upon his father and mother, Charles and Vina Bailey, and his sister, Karen L. Cooper, beneficiary of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the his family was so severe that no reasonable person could be expected to endure it. Charles E. Bailey, Vina S. Bailey and Karen L. Cooper have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Charles E. Bailey and Vina S. Bailey, for themselves, and for Karen L. Cooper, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT VIII
### ESTATE OF C. KEITH BAILEY
### PUNITIVE DAMAGES
### PURSUANT TO 28 U.S.C.
### §1605A

(27) The Plaintiffs, Charles E. Bailey and Vina S. Bailey, Personal

allegation set forth above with like effect as if alleged herein.

(28) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Charles E. Bailey and Vina S. Bailey, Personal Representatives of the Estate of C. Keith Bailey, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT IX
## ESTATE OF FREDERICK DOUGLASS CLAIM FOR WRONGFUL DEATH
## IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605 AND §1605A AS AMENDED AND 16 D.C.Code §16-2701

(29)Plaintiff, Shirley Douglass Miller, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(30) On October 23, 1983, when the explosive device described above was detonated, Frederick Douglass, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Frederick

Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Frederick Douglass. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(31) The beneficiaries of Frederick Douglass who survived him, namely, Shirley Douglass Miller, his widow, Susan Baker, his daughter, and Regina Pereira, his daughter, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Frederick Douglass, and funeral and burial expenses.

WHEREFORE, Plaintiff, Shirley Douglass Miller, demands judgment on behalf of the Estate of Frederick Douglass, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT X
## ESTATE OF FREDERICK
## DOUGLASS SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(32) Plaintiff, Shirley Douglass Miller, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(33) Decedent, Frederick Douglass, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby

WHEREFORE, Plaintiff, Shirley Douglass Miller, demands judgment on behalf of the Estate of Frederick Douglass, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

**COUNT XI**
**SHIRLEY DOUGLASS MILLER, et. al.**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(34) Plaintiff, Shirley Douglass Miller, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(35) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff and widow, Shirley Douglass Miller, Susan Baker, daughter, and Regina Pereira, daughter, of Decedent, Frederick Douglass, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Frederick Douglass to cause severe emotional distress upon his widow, Shirley Douglass Miller, Susan Baker, his daughter, and Regina Pereira, his daughter, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Shirley Douglass Miller, Susan Baker, and Regina Pereira, have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Shirley Douglass Miller, for herself, Susan Baker, and Regina

Pereira demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XII
## ESTATE OF FREDERICK
## DOUGLASS PUNITIVE DAMAGES
## PURSUANT TO 28 U.S.C. §1605A

(36) The Plaintiff, Shirley Douglass Miller, Personal Representative of the Estate of Frederick Douglass, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(37) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Shirley Douglass Miller, Personal Representative of the Estate of Frederick Douglass, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT XIII

(38)Plaintiff, Gail Black, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(39) On October 23, 1983, when the explosive device described above was detonated, David D. Gay, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of David D. Gay was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of David D. Gay. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(40) The beneficiaries of David D. Gay who survived him, namely, Gail Black, his widow, Ronald Gay, his brother, Timothy Gay, his brother, Rebecca Cordell, his sister, the Estate of Neva Jean Gay, his mother, and the Estate of David D. Gay, Sr., his father, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of David D. Gay, and funeral and burial expenses.

WHEREFORE, Plaintiff, Gail Black, demands judgment on behalf of the Estate of David D. Gay, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

(41) Plaintiff, Gail Black, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(42) Decedent, David D. Gay, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Gail Black, demands judgment on behalf of the Estate of David D. Gay, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT XV GAIL BLACK, et al. SOLATIUM CLAIM PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(43) Plaintiff, Gail Black, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(44) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff and widow, Gail Black, Ronald Gay, his brother, Timothy Gay, his brother, Rebecca Cordell,

his father, of Decedent, David D. Gay, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon David D. Gay to cause severe emotional distress upon his wife, Plaintiff, Gail Black, Ronald Gay, his brother, Timothy Gay, his brother, Rebecca Cordell, his sister, the Estate of Neva Jean Gay, his mother, and the Estate of David D. Gay, Sr., his father, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Gail Black, Ronald Gay, Timothy Gay, Rebecca Cordell, the Estate of Neva Jean Gay, and the Estate of David D. Gay, Sr., have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Gail Black, for herself, and for Ronald Gay, Timothy Gay, Rebecca Cordell, the Estate of Neva Jean Gay, and the Estate of David D. Gay, Sr., demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT XVI ESTATE OF DAVID D. GAY PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. §1605A

(45) The Plaintiff, Gail Black, Personal Representative of the Estate of David D. Gay, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(46) The actions of the Defendants, carried out by their agents as described above,

that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Gail Black, Personal Representative of the Estate of David D. Gay, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT XVII
## ESTATE OF BERT DANIEL
## CORCORAN CLAIM FOR WRONGFUL
## DEATH
## IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605
## AND §1605A AS AMENDED AND 16 D.C.Code §16-2701

(47)Plaintiff, Kathleen Collins, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(48) On October 23, 1983, when the explosive device described above was detonated, Bert Daniel Corcoran, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Bert Daniel Corcoran was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Bert Daniel

on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(49) The beneficiaries of Bert Daniel Corcoran who survived him, namely, Kathleen Collins, his sister, Catherine Corcoran, his mother, the Estate of Robert Alton Corcoran, his father, Robert Brian Corcoran, his brother, Elizabeth Ann Ortiz, his sister, and Keith Alton Corcoran, his brother, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Bert Daniel Corcoran, and funeral and burial expenses.

WHEREFORE, Plaintiff, Kathleen Collins, demands judgment on behalf of the Estate of Bert Daniel Corcoran, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XVIII
## ESTATE OF BERT DANIEL CORCORAN
## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(50) Plaintiff, Kathleen Collins, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(51) Decedent, Bert Daniel Corcoran, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

Estate of Bert Daniel Corcoran, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT XIX KATHLEEN COLLINS, ET AL SOLATIUM CLAIM PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(52) Plaintiff, Kathleen Collins, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(53) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Kathleen Collins, the sister of the Decedent, Catherine Corcoran, the mother of the Decedent, the Estate of Robert Alton Corcoran, the father of the Deceedent, Robert Brian Corcoran, the brother of the Decedent, Elizabeth Ann Ortiz, the sister of the Decedent, and the Estate of Keith Alton Corcoran, the brother of the Decedent, Bert Daniel Corcoran, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Bert Daniel Corcoran to cause severe emotional distress upon his father, mother, and siblings, namely, Kathleen Collins, the Estate of Robert Alton Corcoran, Catherine Corcoran, Robert Brian Corcoran, Elizabeth Ann Ortiz, and the Estate of Keith Alton Corcoran, the beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the his family was so severe that no reasonable person could be

Corcoran, Robert Brian Corcoran, Elizabeth Ann Ortiz, and the Estate of Keith Alton Corcoran have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Kathleen Collins, for herself, and for the Estate of Robert Alton Corcoran, Catherine Corcoran, Robert Brian Corcoran, Elizabeth Ann Ortiz, and the Estate of Keith Alton Corcoran, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT XX
## ESTATE OF BERT DANIEL
## CORCORAN PUNITIVE DAMAGES
## PURSUANT TO 28 U.S.C. §1605A

(54) The Plaintiff, Kathleen Collins, Personal Representative of the Estate of Bert Daniel Corcoran, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(55) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Kathleen Collins, Personal Representative of the Estate of Bert Daniel Corcoran, prays that judgment be entered, jointly and severally,

Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

**COUNT XXI**
**ESTATE OF ROY EDWARDS**
**CLAIM FOR WRONGFUL DEATH**
**IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605**
**AND §1605A AS AMENDED AND 16 D.C.Code §16-2701**

(56)Plaintiff, Cindy Colasanti, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(57) On October 23, 1983, when the explosive device described above was detonated, Roy Edwards, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Roy Edwards was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Roy Edwards. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(58) The beneficiaries of Roy Edwards who survived him, namely, Cindy Colasanti, his daughter, Harvey Martin Bastian, his son, and the Estate of Barbara Edwards, his mother, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Roy Edwards, and funeral and burial expenses.

Estate of Roy Edwards, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT XXII ESTATE OF ROY EDWARDS SURVIVAL CLAIM
### 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(59) Plaintiff, Cindy Colasanti, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(60) Decedent, Roy Edwards, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Cindy Colasanti, demands judgment on behalf of the Estate of Roy Edwards, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT XXIII CINDY COLASANTI, et al. SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(61) Plaintiff, Cindy Colasanti, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(62) As a direct consequence of the actions of the Defendants, The Islamic

daughter, Cindy Colasanti, and the Estate of Barbara Edwards, his mother, of

Decedent, Roy Edwards, have suffered extraordinary grief and mental anguish, in that

the defendants, acting through their agents and by their conduct intended through

infliction of physical injury resulting in death upon Roy Edwards to

cause severe emotional distress upon his daughter, Plaintiff, Cindy Colasanti and the

Estate of Barbara Edwards, his mother, beneficiaries of this action and the conduct

above described was so extreme and outrageous as to exceed all possible bounds of

decency and must be regarded as atrocious and utterly intolerable

in a civilized community and the emotional distress suffered by the Decedents family was

so severe that no reasonable person could be expected to endure it. Cindy Colasanti and

the Estate of Barbara Edwards, have each thereby suffered damages in the amount of ten

million dollars.

WHEREFORE, Cindy Colasanti, for herself and the Estate of Barbara Edwards,

demand judgment against the Defendants, The Islamic Republic of Iran and the

Iranian Ministry of Information and Security, jointly and severally, for each in the

amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT XXIV ESTATE OF ROY EDWARDS PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. §1605A

(63) The Plaintiff, Cindy Colasanti, Personal Representative of the Estate of Roy

Edwards, repeats and re-alleges each and every allegation set forth above with like effect

as if alleged herein.

(64) The actions of the Defendants, carried out by their agents as described above,

were malicious, willful, unlawful and in wanton disregard of life and the standards of law

intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Cindy Colasanti, Personal Representative of the Estate of Roy Edwards, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

**COUNT XXV**
**ESTATE OF DOUGLAS HELD**
**CLAIM FOR WRONGFUL**
**DEATH**
**IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605**
**AND §1605A AS AMENDED AND 16 D.C.Code §16-2701**

(65) Plaintiff, Thomas Held, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(66) On October 23, 1983, when the explosive device described above was detonated, Douglas Held, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Douglas Held was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Douglas Held. Those agents were at all times acting with the scope of their agency and acted on the direction of the

Security.

(67) The beneficiaries of Douglas Held who survived him, namely, Thomas Held, his father, Patrick Held, his brother, and the Estate of Sondra Lou Held, his mother, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Douglas Held, and funeral and burial expenses.

WHEREFORE, Plaintiff, Thomas Held, demands judgment on behalf of the Estate of Douglas Held, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXVI ESTATE OF DOUGLAS HELD SURVIVAL CLAIM
### 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(68) Plaintiff, Thomas Held, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(69) Decedent, Douglas Held, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Thomas Held, demands judgment on behalf of the Estate of Douglas Held, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of

# COUNT XXVII
# THOMAS HELD, et al.
# SOLATIUM CLAIM PURSUANT TO
# 28 U.S.C. §1605A AND IN ACCORDANCE
# WITH THE FEDERAL AND STATE COMMON
# LAW
# FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(70) Plaintiff, Thomas Held, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(71) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff and his father, Thomas Held, his brother, Patrick Held, and the Estate of Sondra Lou Held, his mother, of Decedent, Douglas Held, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Douglas Held to cause severe emotional distress upon his father, Thomas Held, his brother, Patrick Held, and the Estate of Sondra Lou Held, his mother, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Thomas Held, Patrick Held and the Estate of Sondra Lou Held, have thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Thomas Held, for himself, and the Estate of Sondra Lou Held, and Patrick Held demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for

## COUNT XXVIII ESTATE OF DOUGLAS HELD PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. §1605A

(72) The Plaintiff, Thomas Held, Personal Representative of the Estate of Douglas Held, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(73) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Thomas Held, Personal Representative of the Estate of Douglas Held, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT XXIX ESTATE OF WARNER GIBBS CLAIM FOR WRONGFUL DEATH IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605 AND §1605A AS AMENDED AND 16 D.C.Code §16-2701

(74)Plaintiff, Freda Gibbs Hutcherson, repeats and re-alleges each and

(75) On October 23, 1983, when the explosive device described above was detonated, Warner Gibbs, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Warner Gibbs was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Warner Gibbs. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(76) The beneficiaries of Warner Gibbs who survived him, namely, Freda Gibbs Hutcherson, his sister, Larry A. Gibbs, his half-brother, Markus A. Lewis, his half-brother, the Estate of Warner Gibbs, his father, and the Estate of Janet Yvonne Lewis, his mother, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Warner Gibbs, and funeral and burial expenses.

WHEREFORE, Plaintiff, Freda Gibbs Hutcherson, demands judgment on behalf of the Estate of Warner Gibbs, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXX
## ESTATE OF WARNER
## GIBBS SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(77) Plaintiff, Freda Gibbs Hutcherson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(78) Decedent, Warner Gibbs, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars

WHEREFORE, Plaintiff, Freda Gibbs Hutcherson, demands judgment on behalf of the Estate of Warner Gibbs, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XXXI
## FREDA GIBBS HUTCHERSON, et al. SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(79) Plaintiff, Freda Gibbs Hutcherson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(80) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff and sister, Freda Gibbs Hutcherson, Larry A. Gibbs, half-brother, Markus A. Lewis, his half-brother, the Estate of Warner Gibbs, his father, and the Estate of Janet Yvonne Lewis, his mother, of Decedent, Warner Gibbs, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended

41

severe emotional distress upon his sister, Plaintiff, Freda Gibbs Hutcherson, Larry A. Gibbs, his half-brother, Markus A. Lewis, his half-brother, the Estate of Warner Gibbs, his father, and the Estate of Janet Yvonne Lewis, his mother**,** beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Freda Gibbs Hutcherson, Larry A. Gibbs, Markus A. Lewis, the Estate of Warner Gibbs, and the Estate of Janet Yvonne Lewis, have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Freda Gibbs Hutcherson, for herself, Larry A. Gibbs, Markus A. Lewis, the Estate of Warner Gibbs, and the Estate of Janet Yvonne Lewis, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT XXXII ESTATE OF WARNER GIBBS PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. §1605A

(81) The Plaintiff, Freda Gibbs Hutcherson, Personal Representative of the Estate of Warner Gibbs, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(82) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Freda Gibbs Hutcherson, Personal Representative of the Estate of Warner Gibbs, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

**COUNT XXXIIII ESTATE OF
JOHN INGALLS CLAIM FOR
WRONGFUL DEATH
IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605
AND §1605A AS AMENDED AND 16 D.C.Code §16-2701**

(83) Plaintiff, James Ingalls, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(84) On October 23, 1983, when the explosive device described above was detonated, John Ingalls, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of John Ingalls was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of John Ingalls. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(85) The beneficiaries of John Ingalls who survived him, namely, James Ingalls, his brother, and Joseph Ingalls, his brother, as a direct and proximate consequence of the

vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of John Ingalls, and funeral and burial expenses.

WHEREFORE, Plaintiff, James Ingalls, demands judgment on behalf of the Estate of John Ingalls, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT XXXIV ESTATE OF JOHN INGALLS SURVIVAL CLAIM
### 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(86) Plaintiff, James Ingalls, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(87) Decedent, John Ingalls, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, James Ingalls, demands judgment on behalf of the Estate of John Ingalls, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT XXXV JAMES INGALLS, et al.
### SOLATIUM CLAIM PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW

(88) Plaintiff, James Ingalls, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(89) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff and brother, James Ingalls, and Joseph Ingalls, brother, of Decedent, John Ingalls, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon John Ingalls to cause severe emotional distress upon his brother, Plaintiff, James Ingalls, and Joseph Ingalls**,** beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. James Ingalls and Joseph Ingalls have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, James Ingalls, for himself, and Joseph Ingalls, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT XXXVI ESTATE OF JOHN INGALLS PUNITIVE DAMAGES PURSUANT TO 28 U.S.C. §1605A

(90) The Plaintiff, James Ingalls, Personal Representative of the Estate of John Ingalls, repeats and re-alleges each and every allegation set forth above with like effect as

(91) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, James Ingalls, Personal Representative of the Estate of John Ingalls, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT XXXVII
## ESTATE OF THOMAS D. STOWE
## CLAIM FOR WRONGFUL
## DEATH
## IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605
## AND §1605A AS AMENDED AND 16 D.C.Code §16-2701

(92) Plaintiff, Priscilla Stowe, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(93) On October 23, 1983, when the explosive device described above was detonated, Thomas D. Stowe, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Thomas D. Stowe was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered

Stowe. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(94) The beneficiaries of Thomas D. Stowe who survived him, namely, Priscilla Stowe, his mother, David Stowe, his father, Donna Baloga, his widow, Samatha Stowe, his daughter, and Barbara Stowe, his sister, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Thomas D. Stowe, and funeral and burial expenses.

WHEREFORE, Plaintiff, Priscilla Stowe, demands judgment on behalf of the Estate of Thomas D. Stowe, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT XXXVIII ESTATE OF THOMAS D. STOWE SURVIVAL CLAIM 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(95) Plaintiff, Priscilla Stowe, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(96) Decedent, Thomas D. Stowe, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

Estate of Thomas D. Stowe, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT XXXIX PRISCILLA STOWE, et al. SOLATIUM CLAIM PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(97) Plaintiff, Priscilla Stowe, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(98) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff and mother, Priscilla Stowe, David Stowe, father, Donna Baloga, widow, Samatha Stowe, daughter, and Barbara Stowe, sister, of Decedent, Thomas D. Stowe, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Thomas D. Stowe to cause severe emotional distress upon his mother, Priscilla Stowe, David Stowe, father, Donna Baloga, widow, Samatha Stowe, daughter, and Barbara Stowe, sister, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Priscilla Stowe, David Stowe, Donna Baloga, Samatha Stowe, and Barbara Stowe, have each thereby suffered damages in the amount of ten million dollars.

Samatha Stowe, and Barbara Stowe, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT XL**
**ESTATE OF THOMAS D.**
**STOWE PUNITIVE DAMAGES**
**PURSUANT TO 28 U.S.C. §1605A**

(99) The Plaintiff, Priscilla Stowe, Personal Representative of the Estate of Thomas D. Stowe, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(100) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Priscilla Stowe, Personal Representative of the Estate of Thomas D. Stowe, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

(101)Plaintiff, Marcia C. Townsend-Tippett, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(102) On October 23, 1983, when the explosive device described above was detonated, Henry Townsend, Jr., a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Henry Townsend, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Henry Townsend, Jr.. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(103) The beneficiaries of Henry Townsend, Jr. who survived him, namely, Marcia C. Townsend-Tippett, his widow, Henry Townsend, his father, Lillian Townsend, his mother, Valerie Tatum, his sister, Cynthia Green, his sister, and Kawanna Duncan, his daughter, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Henry Townsend, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, Marcia C. Townsend-Tippett, demands judgment on behalf of the Estate of Henry Townsend, Jr., jointly and severally, against the

Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT XLII
### ESTATE OF HENRY TOWNSEND, JR.
### SURVIVAL CLAIM
### 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(104) Plaintiff, Marcia C. Townsend-Tippett, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(105) Decedent, Henry Townsend, Jr., from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Marcia C. Townsend-Tippett, demands judgment on behalf of the Estate of Henry Townsend, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT XLIII
### MARCIA C. TOWNSEND-TIPPETT, et al.
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE
### WITH THE FEDERAL AND STATE COMMON
### LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(106) Plaintiff, Marcia C. Townsend-Tippett, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(107) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff and widow, Marcia C. Townsend-Tippett, Henry Townsend, father, Lillian Townsend,

mother, Valerie Tatum, sister, Cynthia Green, sister, and Kawanna Duncan, daughter, of Decedent, Henry Townsend, Jr., have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Henry Townsend, Jr. to cause severe emotional distress upon his widow, Marcia C. Townsend-Tippett, Henry Townsend, his father, Lillian Townsend, his mother, Valerie Tatum, his sister, Cynthia Green, his sister, and Kawanna Duncan, his daughter, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Marcia C. Townsend-Tippett, Henry Townsend, Lillian Townsend, Valerie Tatum, Cynthia Green, and Kawanna Duncan, have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Marcia C. Townsend-Tippett, for herself, Henry Townsend, Lillian Townsend, Valerie Tatum, Cynthia Green, and Kawanna Duncan, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT XLIV
### ESTATE OF HENRY TOWNSEND, JR.
### PUNITIVE DAMAGES
### PURSUANT TO 28 U.S.C.
### §1605A

(108) The Plaintiff, Marcia C. Townsend-Tippett, Personal Representative of the Estate of Henry Townsend, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(109) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Marcia C. Townsend-Tippett, Personal Representative of the Estate of Henry Townsend, Jr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT XLV
## ESTATE OF TANDY W. WELLS
## CLAIM FOR WRONGFUL
## DEATH
## IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605
## AND §1605A AS AMENDED AND 16 D.C.Code §16-2701

(110) Plaintiff, Cleta Wells, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(111) On October 23, 1983, when the explosive device described above was detonated, Tandy W. Wells, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Tandy W. Wells was caused by a willful and deliberate act of extra judicial killing. The Defendants,

support to the activities of Hezbollah that resulted in the death of Tandy W. Wells. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(112) The beneficiaries of Tandy W. Wells who survived him, namely, Cleta Wells, widow, Stella Wells George, sister, Frances Mangrum, sister, Edith Holland Wells, mother, Perry Glenn Wells, brother, Danny Holland Wells, brother, the Estate of Harold Dean Wells, brother, Michael Shane Wells, son, and Timothy Shon Wells, son, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Tandy W. Wells, and funeral and burial expenses.

WHEREFORE, Plaintiff, Cleta Wells, demands judgment on behalf of the Estate of Tandy W. Wells, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XLVI
## ESTATE OF TANDY W. WELLS
## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(113) Plaintiff, Cleta Wells, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(114) Decedent, Tandy W. Wells, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above

suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Cleta Wells, demands judgment on behalf of the Estate of Tandy W. Wells, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT XLVII
## CLETA WELLS, et al.
## SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(115) Plaintiff, Cleta Wells, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(116) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff and widow, Cleta Wells, Stella Wells George, sister, Frances Mangrum, sister, Edith Holland Wells, mother, Perry Glenn Wells, brother, Danny Holland Wells, brother, the Estate of Harold Dean Wells, brother, Michael Shane Wells, son, and Timothy Shon Wells, son, of Decedent, Tandy W. Wells, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Tandy W. Wells to cause severe emotional distress upon his widow, Cleta Wells, Stella Wells George, his sister, Frances Mangrum, his sister, Edith Holland Wells, his mother, Perry Glenn Wells, his brother, Danny Holland Wells, his brother, the Estate of Harold Dean Wells, his brother, Michael Shane Wells, his son, and Timothy Shon Wells, his son, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible

community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Cleta Wells, Stella Wells George, Frances Mangrum, Edith Holland Wells, Perry Glenn Wells, Danny Holland Wells, the Estate of Harold Dean Wells, Michael Shane Wells, and Timothy Shon Wells, have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Cleta Wells, for herself, Stella Wells George, Frances Mangrum, Edith Holland Wells, Perry Glenn Wells, Danny Holland Wells, the Estate of Harold Dean Wells, Michael Shane Wells, and Timothy Shon Wells, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT XLVIII**
**ESTATE OF TANDY W. WELLS**
**PUNITIVE DAMAGES**
**PURSUANT TO 28 U.S.C.**
**§1605A**

(117) The Plaintiff, Cleta Wells, Personal Representative of the Estate of Tandy W. Wells, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(118) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Cleta Wells, Personal Representative of the Estate of Tandy W. Wells, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

## COUNT XLIX CLAIM OF JOHN SANTOS PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR ASSAULT AND BATTERY

(119) Plaintiff, John Santos, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(120) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, John Santos, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, John Santos, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

**CLAIMS OF JOHN SANTOS AND TRACY ANN SANTOS INDIVIDUALLY
AND ON BEHALF OF ABBIGIAL ELIZABETH SANTOS ALEXANDRA
ELIZABETH SANTOS, LIBBI ELIZABETH SANTOS
LILLI ELIZABETH SANTOS AND COOPER JEFFREY SANTOS, ET AL
FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
PURSUANT TO THE FEDERAL AND STATE COMMON LAW
AND 28 U.S.C. §1605A**

(121) Plaintiffs, John Santos and Tracy Ann Santos, individually, and on behalf of Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi Elizabeth Santos, Lilli Elizabeth Santos and Cooper Jeffrey Santos, and Raoul Santos, Mary Santos, Donna Duffy, Mary Cropper, Doreen Callahan, Cassie Lemire, Jean Winner, Kevin Santos, and Raoul Santos, individually, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(122) John Santos and Tracy Ann Santos are the parents of Abbigial Elizabeth Santos (b. 2/5/90), Alexandra Elizabeth Santos (b. 8/28/91), Libbi Elizabeth Santos(b. 6/12/95), Lilli Elizabeth Santos (b. 9/7/96) and Cooper Jeffrey Santos (b. 5/26/99). The Plaintiffs, Raoul Santos (father), Mary Santos (mother), Donna Duffy (sister), Mary Cropper (sister), Doreen Callahan (sister), Cassie Lemire (sister), Jean Winner (sister), Kevin Santos (brother), and Raoul Santos(brother) bring claims individually. On October 23, 1983, Plaintiff, John Santos, was a member of the 24th Marine Amphibious Unit, 1st Battalion, 8th Marine Regiment. He suffered severe physical and emotional injuries as a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security. The injuries inflicted upon John Santos on said date constituted an act of terrorism and were caused by a willful and deliberate act of the agents of these Defendants who financed the attack, planned the attack, provided the suicide truck driver, provided the explosives and rendered material support to the activities of Hezbollah that resulted in the injuries to John Santos. Those agents were at

all times acting within the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(123) As a direct and proximate result of the attack on October 23, 1983, John Santos and Tracy Ann Santos and the children of John Santos and Tracy Ann Santos, Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi Elizabeth Santos, Lilli Elizabeth Santos and Cooper Jeffrey Santos, and the Santos family, consisting of Raoul Santos, Mary Santos, Donna Duffy, Mary Cropper, Doreen Callahan, Cassie Lemire, Jean Winner, Kevin Santos, and Raoul Santos, suffered severe emotional injuries as a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in that (1) the defendants, acting through their agent and employee, on or about September 26, 1983, instructed members of the Iranian Revolutionary Guards stationed at Baalback in the Bakaa Valley of Lebanon, to carry out a suicide attack upon the Marine Barracks in Beirut, Lebanon, which instructions were, after extensive preparation, carried out on October 23, 1983, by driving a truck carrying over 22,000 pounds of PETN, a high explosive, into the building inhabited by approximately 500 other members of the Armed Forces of the United States, and by their conduct they intentionally inflicted physical injury resulting in injury to John Santos which in turn resulted in severe emotional distress suffered by his children, Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi Elizabeth Santos, Lilli Elizabeth Santos and Cooper Jeffrey Santos, and his mother, father, and siblings, Raoul Santos, Mary Santos, Donna Duffy, Mary Cropper, Doreen Callahan, Cassie Lemire, Jean Winner, Kevin Santos, and Raoul Santos. The conduct of these Defendants through their agents and employees as above described was far in excess of that found to be

Tracy Ann Santos, Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi Elizabeth Santos, Lilli Elizabeth Santos, Cooper Jeffrey Santos, Raoul Santos, Mary Santos, Donna Duffy, Mary Cropper, Doreen Callahan, Cassie Lemire, Jean Winner, Kevin Santos, and Raoul Santos have each thereby suffered damages in the amount of three million dollars.

WHEREFORE, Plaintiffs, John Santos and Tracy Ann Santos, individually and on behalf of Abbigial Elizabeth Santos, Alexandra Elizabeth Santos, Libbi Elizabeth Santos, Lilli Elizabeth Santos and Cooper Jeffrey Santos, and Raoul Santos, Mary Santos, Donna Duffy, Mary Cropper, Doreen Callahan, Cassie Lemire, Jean Winner, Kevin Santos, and Raoul Santos, individually demand judgment for each in the amount of THREE MILLION DOLLARS ($3,000,000.00), besides costs.

## COUNT LI
## CLAIM OF JOHN SANTOS
## PURSUANT TO 28 U.S.C.
## §1605A AND IN ACCORDANCE
## WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL
## DISTRESS

(124) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(125) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, John Santos, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

<u>**COUNT LII**</u>
<u>**CLAIM OF JOHN SANTOS**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**PUNITIVE DAMAGES**</u>

(126) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(127) The actions of the Hezbollah members, as above set forth, were intentional

and malicious and in willful, wanton and reckless disregard of John Santos's rights and

physical well being. All of the acts of Hezbollah were facilitated by funding, training and

support by the Iranian Ministry of Information and Security. In accordance with 28

United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of

Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore

vicariously liable for the actions of the Hezbollah members.  In providing such funding,

direction and training, the Iranian Ministry of Information and Security was acting within

the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency

rendered material support to those actually carrying out the acts above described. An

award of punitive damages is requested as to both defendants, jointly and severally, in

accordance with the provisions of Public Law 105-277, amending 28 United States Code,

§1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism

under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive

damages.

and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<u>COUNT LIII</u>
<u>CLAIM OF GARY WAYNE ALLISON</u>
<u>PURSUANT TO 28 U.S.C. §1605A</u>
<u>AND IN ACCORDANCE WITH</u>
<u>THE FEDERAL AND STATE COMMONLAW</u>
<u>FOR BATTERY</u>

(128) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(129) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Gary Wayne Allison, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Gary Wayne Allison, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

### COUNT LIV
### CLAIM OF GARY WAYNE ALLISON
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL COMMON LAW
### FOR ASSAULT

(130) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(131) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Gary Wayne Allison, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Gary Wayne Allison, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT LV
### CLAIM OF GARY WAYNE ALLISON
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

above with like effect as if alleged herein.

(133) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Gary Wayne Allison, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Gary Wayne Allison, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LVI
## CLAIM OF GARY WAYNE ALLISON
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(134) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(135) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Gary Wayne Allison's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was

Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Gary Wayne Allison, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<u>**COUNT LVII**</u>
<u>**CLAIM OF MARK BARTHOLOMEW**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL AND STATE COMMON LAW**</u>
<u>**FOR BATTERY**</u>

(136) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(137) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Mark Bartholomew, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Mark Bartholomew, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LVIII
## CLAIM OF MARK BARTHOLOMEW
## PURSUANT TO 28 U.S.C. §1605A AND
## IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR ASSAULT

(138) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(139) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Mark Bartholomew, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Mark Bartholomew, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LIX
## CLAIM OF MARK BARTHOLOMEW
## PURSUANT TO 28 U.S.C. §1605A AND
## IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(140) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(141) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Mark Bartholomew, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Mark Bartholomew, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LX
## CLAIM OF MARK BARTHOLOMEW
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(142) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(143) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Mark Bartholomew's

training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Mark Bartholomew, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT LXI
### CLAIM OF ROBERT BRAGG
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR BATTERY

(144) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(145) On October 23, 1983 members of Hezbollah by use of an explosive device

body of the Plaintiff, Robert Bragg, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Robert Bragg, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LXII
## CLAIM OF ROBERT BRAGG
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR ASSAULT

(146) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(147) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Robert Bragg, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the

Security, and the Plaintiff was injured in that he endured extreme mental anguish,

physical injury and pain and suffering.

WHEREFORE, Plaintiff, Robert Bragg, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LXIII
## CLAIM OF ROBERT BRAGG
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(148) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(149) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Robert Bragg, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Robert Bragg, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

(150) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(151) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Robert Bragg's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Robert Bragg, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

(152) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(153) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Thomas D. Brown, Jr., inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Thomas D. Brown, Jr., demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT LXVI
CLAIM OF THOMAS D. BROWN, JR.
PURSUANT TO 28 U.S.C. §1605A
AND IN ACCORDANCE WITH
THE FEDERAL AND STATE COMMON LAW
FOR ASSAULT**

(154) The Plaintiff repeats and re-alleges each and every allegation set forth

(155) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Thomas D. Brown, Jr., in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Thomas D. Brown, Jr., demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<u>**COUNT LXVII**</u>
<u>**CLAIM OF THOMAS D. BROWN, JR.**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL AND STATE COMMON LAW FOR**</u>
<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>

(156) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(157) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Thomas D. Brown, Jr., endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT LXVIII**
**CLAIM OF THOMAS D. BROWN, JR.**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(158) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(159) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Thomas D. Brown, Jr.'s rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for

WHEREFORE, Plaintiff, Thomas D. Brown, Jr., demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT LXIX**
**CLAIM OF JEANETTE ODOM AND DEBORAH VOGT**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(160) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(161) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Thomas D. Brown, Jr., with the intent to inflict emotional distress upon him and upon members of his family, Jeanette Odom (his mother) and Deborah Vogt (his sister), and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Thomas D. Brown, Jr.'s family, consisting of his sister, and mother were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Jeannette Odom and Deborah Vogt demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

**COUNT LXX**
**CLAIM OF MICHAEL CORRIGAN**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**

(162) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(163) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Michael Corrigan, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Michael Corrigan, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT LXXI
### CLAIM OF MICHAEL CORRIGAN
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(164) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

placed the Plaintiff, Michael Corrigan, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Michael Corrigan, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT LXXII
### CLAIM OF MICHAEL CORRIGAN
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(166) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(167) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Michael Corrigan, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT LXXIII**
**CLAIM OF MICHAEL CORRIGAN**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(168) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(169) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Michael Corrigan's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT LXXIV CLAIM OF EARL GUY PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR BATTERY

(170) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(171) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Earl Guy, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Earl Guy, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT LXXV CLAIM OF

(172) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(173) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Earl Guy, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Earl Guy, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT LXXVI CLAIM OF
EARL GUY PURSUANT TO 28
U.S.C. §1605A AND IN
ACCORDANCE WITH
THE FEDERAL COMMON LAW FOR
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(174) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(175) As a direct and proximate result of the willful, wrongful and intentional

of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Earl Guy, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Earl Guy, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT LXXVII CLAIM OF EARL GUY PURSUANT TO 28 U.S.C. §1605A PUNITIVE DAMAGES

(176) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(177) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Earl Guy's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An

accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Earl Guy, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT LXXVIII
### CLAIM OF JOAN M. CRAWFORD, IAN GUY, EDDIE GUY, JR., AND ADAM GUY
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(178) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(179) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Earl Guy, with the intent to inflict emotional distress upon him and upon members of his family, Joan M. Crawford (his sister), Ian Guy (his brother), Eddie Guy, Jr. (his brother), and Adam Guy (his brother), and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Earl Guy's family, consisting of his sister, and mother were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Joan M. Crawford, Ian Guy, Eddie Guy, Jr., and

Adam Guy, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

## COUNTS LXXIX – LXXXII CLAIM OF DONALD HAMMONS

The court dismissed Mr. Hammons' claim without prejudice on 8/9/11 (Docket entry #66). However, since the Special Master Reports reference specific counts in the Second Amended Complaint, Counsel has left Mr. Hammons' counts in this complaint merely as a place holder and does not intend for the court to deem his complaint re-filed.

## COUNT LXXXIII
## CLAIM OF THOMAS HOKE PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR BATTERY

(189) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(190) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Thomas Hoke, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and

WHEREFORE, Plaintiff, Thomas Hoke, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LXXXIV CLAIM OF THOMAS HOKE PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR ASSAULT

(191) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(192) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Thomas Hoke, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Thomas Hoke, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

(193) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(194) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Thomas Hoke, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Thomas Hoke, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT LXXXVI CLAIM OF
THOMAS HOKE PURSUANT TO
28 U.S.C. §1605A PUNITIVE
DAMAGES**

(195) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(196) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Thomas Hoke's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28

Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore

vicariously liable for the actions of the Hezbollah members. In providing such funding,

direction and training, the Iranian Ministry of Information and Security was acting within

the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency

rendered material support to those actually carrying out the acts above described. An

award of punitive damages is requested as to both defendants, jointly and severally, in

accordance with the provisions of Public Law 105-277, amending 28 United States Code,

§1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism

under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive

damages.

WHEREFORE, Plaintiff, Thomas Hoke, demands that judgment be entered, jointly

and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry

of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS ($500,000,000.00), and costs.**

### COUNT LXXXVII CLAIM OF GLENN W. HOLLIS PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR BATTERY

(197) The Plaintiff repeats and re-alleges each and every allegation set forth above

with like effect as if alleged herein.

(198) On October 23, 1983 members of Hezbollah by use of an explosive device as

above described, willfully, violently and forcefully battered and did violence to the body

of the Plaintiff, Glenn W. Hollis, inflicting severe and permanent injuries upon him

resulting in great pain and suffering, which injuries required and continue to require

hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Glenn W. Hollis, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT LXXXVIII CLAIM OF GLENN W. HOLLIS PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR ASSAULT

(199) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(200) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Glenn W. Hollis, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT LXXXIX
### CLAIM OF GLENN W. HOLLIS
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(201) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(202) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Glenn W. Hollis, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Glenn W. Hollis, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT XC
### CLAIM OF GLENN W. HOLLIS
### PURSUANT TO 28 U.S.C. §1605A
### PUNITIVE DAMAGES

(203) The Plaintiff repeats and re-alleges each and every allegation set forth

(204) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Glenn W. Hollis's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Glenn W. Hollis, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT XCI**
**CLAIM OF JANE COSTA AND THE ESTATE OF ANN HOLLIS**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(205) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(206) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Glenn W. Hollis, with the intent to inflict emotional distress upon him and upon members of his family, Jane Costa (his sister) and the Estate of Ann Hollis (his wife), and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Glenn W. Hollis's family, consisting of his sister, and wife were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Jane Costa and the estate of Ann Hollis, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

## COUNT XCII
## CLAIM OF KEVIN JIGGETTS
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR BATTERY

(207) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(208) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Kevin Jiggetts, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require

hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Kevin Jiggetts, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT XCIII
### CLAIM OF KEVIN JIGGETTS
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(209) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(209) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Kevin Jiggetts, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT XCIV**
**CLAIM OF KEVIN JIGGETTS**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(210) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(211) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Kevin Jiggetts, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Kevin Jiggetts, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT XCV**
**CLAIM OF KEVIN JIGGETTS**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

above with like effect as if alleged herein.

(213) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Kevin Jiggetts's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Kevin Jiggetts, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT XCVI CLAIM OF DONALD LONG PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR BATTERY

with like effect as if alleged herein.

(215) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Donald Long, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Donald Long, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT XCVII CLAIM OF DONALD LONG PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR ASSAULT

(216) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(217) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Donald Long, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful,

Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Donald Long, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT XCVIII CLAIM OF DONALD LONG PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(218) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(219) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Donald Long, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Donald Long, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT XCIX CLAIM OF DONALD LONG PURSUANT TO 28 U.S.C. §1605A PUNITIVE DAMAGES

(220) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(221) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Donald Long's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Donald Long, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT C
### CLAIM OF ROBERT LYNCH
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR BATTERY

(222) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(223) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Robert Lynch, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Robert Lynch, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**


## COUNT CI
### CLAIM OF ROBERT LYNCH
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

above with like effect as if alleged herein.

(225) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Robert Lynch, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Robert Lynch, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CII
## CLAIM OF ROBERT LYNCH
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(226) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(227) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Robert Lynch, endured extreme mental anguish and pain and suffering, suffered

injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Robert Lynch, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CIII
### CLAIM OF ROBERT LYNCH
### PURSUANT TO 28 U.S.C. §1605A
### PUNITIVE DAMAGES

(228) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(229) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Robert Lynch's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism

damages.

WHEREFORE, Plaintiff, Robert Lynch, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<u>**COUNT CIV**</u>
<u>**CLAIM OF TIM MCCOSKEY**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL AND STATE COMMON LAW**</u>
<u>**FOR BATTERY**</u>

(230) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(231) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Tim McCoskey, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Tim McCoskey, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

**DOLLARS ($20,000,000.00), and costs.**

**COUNT CV**
**CLAIM OF TIM MCCOSKEY**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR ASSAULT**

(232) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(233) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Tim McCoskey, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Tim McCoskey, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CVI**
**CLAIM OF TIM MCCOSKEY**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(234) The Plaintiff repeats and re-alleges each and every allegation set forth

(235) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Tim McCoskey, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Tim McCoskey, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<u>**COUNT CVII**</u>
<u>**CLAIM OF TIM MCCOSKEY**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**PUNITIVE DAMAGES**</u>

(236) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(237) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Tim McCoskey's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within

rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Tim McCoskey, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<u>**COUNT CVIII**</u>
<u>**CLAIM OF RONALD L. MOORE**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL AND STATE COMMON LAW**</u>
<u>**FOR BATTERY**</u>

(238) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(239) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Ronald L. Moore, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Ronald L. Moore, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<u>**COUNT CIX**</u>
<u>**CLAIM OF RONALD L. MOORE**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL AND STATE COMMON LAW**</u>
<u>**FOR ASSAULT**</u>

(240) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(241) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Ronald L. Moore, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Ronald L. Moore, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## CLAIM OF RONALD L. MOORE
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(242) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(243) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Ronald L. Moore, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Ronald L. Moore, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXI
## CLAIM OF RONALD L. MOORE
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(244) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(245) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Ronald L. Moore's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training

United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Ronald L. Moore, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<u>**COUNT CXII**</u>
<u>**CLAIM OF JOHN W. NASH**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL AND STATE COMMON LAW**</u>
<u>**FOR BATTERY**</u>

(246) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(247) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, John W. Nash, inflicting severe and permanent injuries upon him

extensive medical treatment, have necessitated the expenditure of funds, inter alia, for

hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived

the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The

willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and

Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, John W. Nash, demands that judgment be entered, jointly

and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry

of Information and Security, in the amount of **TWENTY MILLION DOLLARS**

**($20,000,000.00), and costs.**

### COUNT CXIII CLAIM OF JOHN W. NASH PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR ASSAULT

(248) The Plaintiff repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(249) The members of Hezbollah, as above alleged, intentionally and willfully

placed the Plaintiff, John W. Nash, in fear and apprehension of harm as a direct

result of their actions including the physical abuse they inflicted upon him. The willful,

wrongful and intentional acts of Hezbollah members were funded by and directed by the

Islamic Republic of Iran through its agency, the Iranian Ministry of Information and

Security, and the Plaintiff was injured in that he endured extreme mental anguish,

WHEREFORE, Plaintiff, John W. Nash, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXIV CLAIM OF JOHN W. NASH PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(250) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(251) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, John W. Nash, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, John W. Nash, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXV CLAIM OF JOHN W. NASH PURSUANT TO 28 U.S.C. §1605A PUNITIVE DAMAGES

(252) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(253) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of John W. Nash's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, John W. Nash, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT CXVI
### CLAIM OF ROSE ANN NASH, ESTATE OF FRANK E. NASH, WILLIAM H. NASH, MARK S. NASH, FRANK E. NASH, JR., JAKI MILLIKEN, AND ROSEMARIE VLIET

(254) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(255) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against John W. Nash, with the intent to inflict emotional distress upon him and upon members of his family, Rose Ann Nash (his mother), the Estate of Frank E. Nash (his father), William H. Nash (his brother), Mark S. Nash (his brother), Frank E. Nash, Jr. (his brother), Jaki Milliken (his sister), and Rosemarie Vliet (his sister), and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, John W. Nash's family, consisting of his sister, and wife were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs, Rose Ann Nash, the Estate of Frank E. Nash, William H. Nash, Mark S. Nash, Frank E. Nash, Jr., Jaki Milliken, and Rosemarie Vliet, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

**COUNT CXVII**
**CLAIM OF JAMES MICHAEL PUCKETT**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR BATTERY**

(256) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, James Michael Puckett, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, James Michael Puckett, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXVIII
## CLAIM OF JAMES MICHAEL PUCKETT
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR ASSAULT

(258) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(259) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, James Michael Puckett, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the

Security, and the Plaintiff was injured in that he endured extreme mental anguish,

physical injury and pain and suffering.

WHEREFORE, Plaintiff, James Michael Puckett, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXIX
## CLAIM OF JAMES MICHAEL PUCKETT
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(260) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(261) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, James Michael Puckett, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, James Michael Puckett, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXX

(262) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(263) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of James Michael Puckett's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, James Michael Puckett, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

(264) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(265) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Ronald Putnam, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Ronald Putnam, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CXXII
CLAIM OF RONALD PUTNAM
PURSUANT TO 28 U.S.C. §1605A
AND IN ACCORDANCE WITH
THE FEDERAL AND STATE COMMON LAW
FOR ASSAULT**

(266) The Plaintiff repeats and re-alleges each and every allegation set forth

(267) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Ronald Putnam, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Ronald Putnam, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CXXIII
### CLAIM OF RONALD PUTNAM
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL COMMON LAW FOR INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS

(268) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(269) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic

Plaintiff, Ronald Putnam, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Ronald Putnam, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CXXIV**
**CLAIM OF RONALD PUTNAM**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(270) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(271) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Ronald Putnam's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in

§1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Ronald Putnam, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT CXXV**
**CLAIM OF BRUCE H. RICHARDSON**
**PURSUANT TO 28 U.S.C. §1605A AND**
**IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR BATTERY**

(272) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(273) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Bruce H. Richardson, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Bruce H. Richardson, demands that judgment be entered,

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

### COUNT CXXVI
### CLAIM OF BRUCE H. RICHARDSON
### PURSUANT TO 28 U.S.C. §1605A AND
### IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(274) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(275) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Bruce H. Richardson, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Bruce H. Richardson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CXXVII
### CLAIM OF BRUCE H. RICHARDSON
### PURSUANT TO 28 U.S.C. §1605A AND
### IN ACCORDANCE WITH
### THE FEDERAL COMMON LAW FOR INTENTIONAL

(276) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(277) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Bruce H. Richardson, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Bruce H. Richardson, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXXVIII
## CLAIM OF BRUCE H. RICHARDSON
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(278) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(279) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Bruce H. Richardson's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such

acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Bruce H. Richardson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT CXXIX**
**CLAIM OF ELIZABETH M. RICHARDSON**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(280) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(281) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Bruce H. Richardson, with the intent to inflict emotional distress upon him and his daughter, Elizabeth M. Richardson, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Bruce H. Richardson's family, consisting of his daughter were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Elizabeth M. Richardson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

<b><u>COUNT CXXX<br>CLAIM OF THOMAS RUTTER<br>PURSUANT TO 28 U.S.C. §1605A<br>AND IN ACCORDANCE WITH<br>THE FEDERAL AND STATE COMMON LAW<br>FOR BATTERY</u></b>

(282) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(283) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Thomas Rutter, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Thomas Rutter, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXXXI
## CLAIM OF THOMAS RUTTER
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR ASSAULT

(284) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(285) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Thomas Rutter, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Thomas Rutter, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXXXII
## CLAIM OF THOMAS RUTTER
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(286) The Plaintiff repeats and re-alleges each and every allegation set forth

(287) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Thomas Rutter, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Thomas Rutter, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXXXIII CLAIM OF THOMAS RUTTER PURSUANT TO 28 U.S.C. §1605A PUNITIVE DAMAGES

(288) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(289) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Thomas Rutter's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within

rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Thomas Rutter, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT CXXXIV
### CLAIM OF JOSEPH RICHARD SCHNEIDER
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR BATTERY

(290) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(291) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Joseph Richard Schneider, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Joseph Richard Schneider, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CXXXV**
**CLAIM OF JOSEPH RICHARD SCHNEIDER**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR ASSAULT**

(292) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(293) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Joseph Richard Schneider, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Joseph Richard Schneider, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the

**DOLLARS ($20,000,000.00), and costs.**

**COUNT CXXXVI**
**CLAIM OF JOSEPH RICHARD SCHNEIDER**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(294) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(295) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Joseph Richard Schneider, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Joseph Richard Schneider, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CXXXVII**
**CLAIM OF JOSEPH RICHARD SCHNEIDER**
**PURSUANT TO 28 U.S.C. §1605A PUNITIVE**
**DAMAGES**

(296) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(297) The actions of the Hezbollah members, as above set forth, were intentional

Schneider's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Joseph Richard Schneider, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT CXXXVIII
### CLAIM OF MORRIS SCHNEIDER AND JACQUELINE GIBSON
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(298) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Joseph Richard Schneider, with the intent to inflict emotional distress upon him and his father, Morris Schneider, and his daughter, Jacqueline Gibson, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Joseph Richard Schneider's family, consisting of his daughter and father, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Morris Schneider and Jacqueline Gibson, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

### COUNT CXXXIX CLAIM OF PAUL SEGARRA PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR BATTERY

(300) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(301) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Paul Segarra, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Paul Segarra, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<u>COUNT CXL</u>
<u>CLAIM OF PAUL SEGARRA</u>
<u>PURSUANT TO 28 U.S.C. §1605A</u>
<u>AND IN ACCORDANCE WITH</u>
<u>THE FEDERAL AND STATE COMMON LAW</u>
<u>FOR ASSAULT</u>

(302) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(303) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Paul Segarra, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Paul Segarra, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

## COUNT CXLI
### CLAIM OF PAUL SEGARRA
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(304) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(305) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Paul Segarra, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Paul Segarra, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXLII CLAIM OF PAUL
### SEGARRA PURSUANT TO 28
### U.S.C. §1605A PUNITIVE
### DAMAGES

(306) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(307) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Paul Segarra's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and

United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Paul Segarra, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT CXLIII**
**CLAIM OF STEVEN MICHAEL SHAPURAS**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR BATTERY**

(308) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(309) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Steven Michael Shapuras, inflicting severe and permanent injuries

require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Steven Michael Shapuras, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXLIV
### CLAIM OF STEVEN MICHAEL SHAPURAS
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(310) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(311) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Steven Michael Shapuras, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish,

WHEREFORE, Plaintiff, Steven Michael Shapuras, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXLV
## CLAIM OF STEVEN MICHAEL SHAPURAS
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(312) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(313) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Steven Michael Shapuras, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Steven Michael Shapuras, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXLVI
## CLAIM OF STEVEN MICHAEL SHAPURAS
## PURSUANT TO 28 U.S.C. §1605A PUNITIVE
## DAMAGES

above with like effect as if alleged herein.

(315) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Steven Michael Shapuras's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Steven Michael Shapuras, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT CXLVII CLAIM OF DAVID W. SHARP PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR BATTERY

with like effect as if alleged herein.

(317) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, David W. Sharp, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, David W. Sharp, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXLVIII CLAIM OF DAVID W. SHARP PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR ASSAULT

(318) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(319) The members of Hezbollah, as above alleged, intentionally and willfully

result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, David W. Sharp, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CXLIX
### CLAIM OF DAVID W. SHARP
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL COMMON LAW FOR INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS

(320) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(321) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, David W. Sharp, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, David W. Sharp, demands that judgment be entered,

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

## COUNT CL
## CLAIM OF DAVID W. SHARP
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(322) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(323) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of David W. Sharp's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, David W. Sharp, demands that judgment be entered, jointly

of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS ($500,000,000.00), and costs.**

## COUNT CLI
## CLAIM OF THOMAS SHARP AND DAVENE SHARP PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The court dismissed the claims of Thomas and Davene Sharp without prejudice on

8/9/11 (Docket entry #66).  However, since the Special Master Reports reference specific

counts in the Second Amended Complaint, Counsel has left Count CLI in this complaint

merely as a place holder and does not intend for the court to deem his complaint re-filed.

## COUNT CLII
## CLAIM OF CHARLES SIMMONS
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR BATTERY

(326) The Plaintiff repeats and re-alleges each and every allegation set forth above

with like effect as if alleged herein.

(327) On October 23, 1983 members of Hezbollah by use of an explosive device

as above described, willfully, violently and forcefully battered and did violence to the

body of the Plaintiff, Charles Simmons, inflicting severe and permanent injuries upon

him resulting in great pain and suffering, which injuries required and continue to require

extensive medical treatment, have necessitated the expenditure of funds, inter alia, for

hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived

the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The

willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Charles Simmons, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CLIII
### CLAIM OF CHARLES SIMMONS
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(328) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(329) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Charles Simmons, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Charles Simmons, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CLIV
## CLAIM OF CHARLES SIMMONS
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(330) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(331) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Charles Simmons, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Charles Simmons, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CLV
## CLAIM OF CHARLES SIMMONS
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(332) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(333) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Charles Simmons's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training

United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Charles Simmons, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT CLVI
### CLAIM OF EDWARD J. STREKER
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR BATTERY

(334) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(335) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Edward J. Streker, inflicting severe and permanent injuries upon him

extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Edward J. Streker, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CLVII
### CLAIM OF EDWARD J. STREKER
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(336) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(337) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Edward J. Streker, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish,

WHEREFORE, Plaintiff, Edward J. Streker, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CLVIII**
**CLAIM OF EDWARD J. STREKER**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(338) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(339) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Edward J. Streker, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Edward J. Streker, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CLIX**
**CLAIM OF EDWARD J. STREKER**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

above with like effect as if alleged herein.

(341) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Edward J. Streker's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Edward J. Streker, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT CLX**
**CLAIM OF JOHN TURNER**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR BATTERY**

with like effect as if alleged herein.

(343) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, John Turner, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, John Turner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CLXI CLAIM OF JOHN TURNER PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR ASSAULT

(344) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(345) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, John Turner, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful,

Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, John Turner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CLXII CLAIM OF JOHN TURNER PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(346) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(347) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, John Turner, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, John Turner, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

(348) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(349) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of John Turner's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, John Turner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

(350) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(351) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against John Turner, with the intent to inflict emotional distress upon him and his wife, Judy Turner, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, John Turner's family, consisting of his wife, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Judy Turner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

### COUNT CLXV
### CLAIM OF THOMAS ANDREW WALSH
### PURSUANT TO 28 U.S.C. §1605A AND IN
### ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR BATTERY

(352) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(353) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Thomas Andrew Walsh, inflicting severe and permanent injuries

require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Thomas Andrew Walsh, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CLXVI
### CLAIM OF THOMAS ANDREW WALSH
### PURSUANT TO 28 U.S.C. §1605A AND IN
### ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR ASSAULT

(354) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(355) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Thomas Andrew Walsh, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish,

WHEREFORE, Plaintiff, Thomas Andrew Walsh, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<u>**COUNT CLXVII**</u>
<u>**CLAIM OF THOMAS ANDREW WALSH**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A AND IN**</u>
<u>**ACCORDANCE WITH**</u>
<u>**THE FEDERAL AND STATE COMMON LAW FOR**</u>
<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>

(356) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(357) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Thomas Andrew Walsh, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Thomas Andrew Walsh, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

<u>**COUNT CLXVIII**</u>
<u>**CLAIM OF THOMAS ANDREW WALSH**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**PUNITIVE DAMAGES**</u>

(358) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(359) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Thomas Andrew Walsh's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Thomas Andrew Walsh, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT CLXIX
### CLAIM OF CHARLES WALSH, RUTH WALSH, PAT CAMPBELL, RACHEL WALSH, TIMOTHY WALSH, MICHAEL WALSH, AND THE ESTATE OF SEAN WALSH PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR

(360) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(361) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Thomas Andrew Walsh, with the intent to inflict emotional distress upon him and family, Charles Walsh, Ruth Walsh, Pat Campbell, Rachel Walsh, Tim Walsh, Mike Walsh, and the Estate of Sean Walsh, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Thomas Andrew Walsh's family, consisting of his parents and siblings, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Charles Walsh, Ruth Walsh, Pat Campbell, Rachel Walsh, Tim Walsh, Mike Walsh, and the Estate of Sean Walsh, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

## COUNT CLXX
### CLAIM OF BRYAN K. WESTRICK
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR BATTERY

(362) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(363) On October 23, 1983 members of Hezbollah by use of an explosive device

body of the Plaintiff, Bryan K. Westrick, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Bryan K. Westrick, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CLXXI
## CLAIM OF BRYAN K. WESTRICK
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR ASSAULT

(364) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(365) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Bryan K. Westrick, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the

Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Bryan K. Westrick, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CLXXII**
**CLAIM OF BRYAN K. WESTRICK**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(366) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(367) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Bryan K. Westrick, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Bryan K. Westrick, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

(368) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(369) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Bryan K. Westrick's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Bryan K. Westrick, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### CLAIM OF ANDREW K. WESTRICK, AARON M. WESTRICK, JOHN WESTRICK, PATRICIA WESTRICK, AND WHITNEY R. WESTRICK PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(370) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(371) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Bryan K. Westrick, with the intent to inflict emotional distress upon him and family, Andrew K. Westrick, Aaron M. Westrick, John Westrick, Patricia Westrick, and Whitney R. Westrick, and as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Bryan K. Westrick's family, consisting of his parents and siblings, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Andrew K. Westrick, Aaron M. Westrick, John Westrick, Patricia Westrick, and Whitney R. Westrick, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

### COUNT CLXXV
### CLAIM OF GERALD WILKES, JR. PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR BATTERY

(372) The Plaintiff repeats and re-alleges each and every allegation set forth above

(373) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Gerald Wilkes, Jr., inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Gerald Wilkes, Jr., demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CLXXVI
## CLAIM OF GERALD WILKES, JR.
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR ASSAULT

(374) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(375) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Gerald Wilkes, Jr., in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful,

Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Gerald Wilkes, Jr., demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CLXXVII
## CLAIM OF GERALD WILKES, JR.
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(376) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(377) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Gerald Wilkes, Jr., endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Gerald Wilkes, Jr., demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

**COUNT CLXXVIII**
**CLAIM OF GERALD WILKES, JR.**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(378) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(379) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Gerald Wilkes, Jr.'s rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Gerald Wilkes, Jr., demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION**

## COUNT CLXXIX
## CLAIM OF GERALD WILKES, III, JUSTIN WILKES, JOSHUA WILKES, GERALD WILKES, SR. AND PEGGIE WILKES PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(380) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(381) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Gerald Wilkes, Jr., with the intent to inflict emotional distress upon him and parents, Gerald Wilkes, Sr., and Peggie Wilkes, and his children, Gerald Wilkes, III, Justin Wilkes, and Joshua Wilkes, as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Gerald Wilkes, Jr.'s family, consisting of his parents and children, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Gerald Wilkes, III, Justin Wilkes, Joshua Wilkes, Gerald Wilkes, Sr., and Peggie Wilkes, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

## COUNT CLXXX CLAIM OF MICHAEL ZILKA PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW

(382) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(383) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Michael Zilka, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Michael Zilka, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CLXXXI CLAIM OF MICHAEL ZILKA PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR ASSAULT

(384) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(385) The members of Hezbollah, as above alleged, intentionally and willfully

result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Michael Zilka, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CLXXXII CLAIM OF MICHAEL ZILKA PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(386) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(387) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Michael Zilka, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Michael Zilka, demands that judgment be entered,

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

### COUNT CLXXXIII CLAIM OF MICHAEL ZILKA PURSUANT TO 28 U.S.C. §1605A PUNITIVE DAMAGES

(388) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(389) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Michael Zilka's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Michael Zilka, demands that judgment be entered, jointly

of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS ($500,000,000.00), and costs.**

<h3 style="text-align:center"><u>COUNT CLXXXIV</u><br><u>CLAIM OF SUE ZILKA, MICHAEL ZILKA, JR., COURTNEY ZILKA,</u><br><u>CHRISTOPHER ZILKA, AND MYRIAH ZILKA PURSUANT TO 28</u><br><u>U.S.C. §1605A</u><br><u>AND IN ACCORDANCE WITH</u><br><u>THE FEDERAL AND STATE COMMON LAW FOR</u><br><u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u></h3>

(390) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(391) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Michael Zilka, with the intent to inflict emotional distress upon him, his wife, Sue Zilka, and children, Michael Zilka, Jr., Courtney Zilka, Christopher Zilka, and Myriah Zilka, as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Michael Zilka's family, consisting of his wife and children, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff, Sue Zilka, Michael Zilka, Jr., Courtney Zilka, Christopher Zilka, and Myriah Zilka, demand that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(392) Plaintiff, Arthur Johnson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(393) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff and half-brother, of James Baynard, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon James Baynard to cause severe emotional distress upon his half-brother, Arthur Baynard, beneficiary of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Arthur Baynard has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Arthur Baynard, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT CLXXXVI**
**MECOT ECHO CAMARA, THERESA RIGGS,**
**AND ELISA CAMARA THOMPSON**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

allegation set forth above with like effect as if alleged herein.

(395) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff, son of Mecot Camara, has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Mecot Camara to cause severe emotional distress upon his son, Mecot Echo Camara, a beneficiary of this action, and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Mecot Echo Camara, has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Mecot Echo Camara, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs**.

## COUNT CLXXXVII
## THE ESTATE OF MANUAL MASSA, SR.
## SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(396) Plaintiff, the Estate of Manual Massa, Sr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(397) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff and

defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon David Massa to cause severe emotional distress upon his father, Manual Massa, Sr., (now deceased) beneficiary of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. The Estate of Manual Massa, Sr. has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, The Estate of Manual Massa, Sr., demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CLXXXVIII JENNIFER PAGE NELSON SOLATIUM CLAIM PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(398) Plaintiff, Jennifer Page Nelson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(399) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff and widow, of Connie Ray Page, has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Connie Ray Page to cause severe

the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Jennifer Page Nelson has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Jennifer Page Nelson, demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CLXXXIX
### TIMOTHY PRICE AND THE ESTATE OF BETTY LOU PRICE
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(400) Plaintiff, Timothy Price and the Estate of Betty Lou Price, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(401) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the brother and mother, of James Price, has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon James Price to cause severe emotional distress upon his brother and mother (now deceased), Timothy Price and the Estate of Betty Lou Price, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional

be expected to endure it. Timothy Price and the Estate of Betty Lou Price have thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Timothy Price and the Estate of Betty Lou Price, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CXC
## PATRICIA FITZGERALD WASHINGTON AND GERALD FOISTER
## SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(402) Plaintiff, Patricia Fitzgerald Washington and Gerald Foister, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(403) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the widow and brother, of Eric Glenn Washington, has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Eric Glenn Washington to cause severe emotional distress upon his widow and brother, Patricia Fitzgerald Washington and Gerald Foister, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Patricia Fitzgerald Washington

WHEREFORE, Patricia Fitzgerald Washington and Gerald Foister, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CXCI
### THE ESTATE OF DOROTHY WILLIAMS
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(404) Plaintiff, the Estate of Dorothy Williams, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(405) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff, the mother, of Scipio Williams, Jr., has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Scipio Williams, Jr. to cause severe emotional distress upon his mother, The Estate of Dorothy Williams, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. The Estate of Dorothy Williams has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, The Estate of Dorothy Williams, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and

DOLLARS ($20,000,000.00), besides costs.

### COUNT CXCII BILL WILLIAMSON
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(406) Plaintiff, Bill Williamson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(407) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff, the father, of Johnny Adam Williamson, has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Johnny Adam Williamson to cause severe emotional distress upon his father, Bill Williamson, beneficiary of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Decedents family was so severe that no reasonable person could be expected to endure it. Bill Williamson has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Bill Williamson, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CXCIII
### FAITH ALBRIGHT, MARVIN ALBRIGHT, JR.,
### MEREQUIN ALBRIGHT, AND SHATERIA ALBRIGHT
### SOLATIUM CLAIM PURSUANT TO

(408) Plaintiffs, Faith Albright, Marvin Albright, Jr., Merequin Albright, and Shateria Albright, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(409) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the wife and children, of Marvin Albright, has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Marvin Albright to cause severe emotional distress upon his family, Faith Albright, Marvin Albright, Jr., Merequin Albright, and Shateria Albright, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Albright family was so severe that no reasonable person could be expected to endure it. Faith Albright, Marvin Albright, Jr., Merequin Albright, and Shateria Albright have thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Faith Albright, Marvin Albright, Jr., Merequin Albright, and Shateria Albright, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CXCIV CLAIM OFANTHONY BANKS, JR.

The court dismissed Mr. Banks' claim without prejudice on 8/9/11 (Docket entry #66). However, since the Special Master Reports reference specific counts in the Second

place holder and does not intend for the court to deem his complaint re-filed.

## COUNT CXCV
## CHRISTOPHER BURNETTE, MICHELLE BURNETTE, EVAN BURNETTE, CONNIE DECKER, GWEN BURNETTE, GWEN WOODCOCK, AND LISA BURLEYSON SOLATIUM CLAIM PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(412) Plaintiff's, Christopher Burnette, Michelle Burnette, Evan Burnette, Connie Decker, Gwen Burnette, Gwen Woodcock, and Lisa Burleyson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(413) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the children, sisters, and mother, of Rodney Darrell Burnette, has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Rodney Darrell Burnette to cause severe emotional distress upon his family, Christopher Burnette (son), Michelle Burnette (daughter), Evan Burnette (son), Connie Decker (sister), Gwen Burnette (sister), Gwen Woodcock (mother), and Lisa Burleyson (ex-wife), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Burnette family was so severe that no reasonable person could be expected to endure it. Christopher Burnette, Michelle Burnette, Evan Burnette, Connie Decker, Gwen Burnette, Gwen Woodcock, and Lisa Burleyson, has thereby suffered damages in the amount of ten million dollars.

Decker, Gwen Burnette, Gwen Woodcock, and Lisa Burleyson, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT CXCVI**
**DALE COMES AND TOMMY COMES**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(414) Plaintiff's, Dale Comes and Tommy Comes, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(415) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the son and brother, of Frank Comes, Jr., has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Frank Comes, Jr. to cause severe emotional distress upon his family, Dale Comes (son) and Tommy Comes (brother), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Comes family was so severe that no reasonable person could be expected to endure it. Dale Comes and Tommy Comes, has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Dale Comes and Tommy Comes, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION

## COUNT CXCVII
## CHRISTOPHER EAVES, INDIA EAVES, DAVID EAVES, SYLVIA EAVES, THE SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(416) Plaintiff's, Christopher Eaves, India Eaves, David Eaves and Sylvia Eaves repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(417) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the son, daughter, wife, and siblings of Frederick Daniel Eaves has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Frederick Daniel Eaves to cause severe emotional distress upon his family, Christopher Eaves (son), India Eaves (daughter), David Eaves (brother), Sylvia Eaves (wife), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Eaves family was so severe that no reasonable person could be expected to endure it. Christopher Eaves, India Eaves, David Eaves, Sylvia Eaves, have thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Christopher Eaves, India Eaves, David Eaves, Sylvia Eaves, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CXCVIII
## JOSEPH MATTHEW GARNER, JUSTINA NICOLE GARNER, REVA PAIGE

(418) Plaintiff's, Joseph Matthew Garner, Justina Nicole Garner, Reva Paige Garner, and Penny Garner, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(419) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the son, daughters, and wife of Truman Dale Garner has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Truman Dale Garner to cause severe emotional distress upon his family, Joseph Matthew Garner (son), Justina Nicole Garner (daughter), Reva Paige Garner (daughter), and Penny Garner (wife), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Garner family was so severe that no reasonable person could be expected to endure it. Joseph Matthew Garner, Justina Nicole Garner, Reva Paige Garner, and Penny Garner, has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Joseph Matthew Garner, Justina Nicole Garner, Reva Paige Garner, and Penny Garner, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CXCIX

(420) Plaintiff's, Chadwick Matthews and Drew Matthews, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(421) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the sons of Burnham Matthews has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Burnham Matthews to cause severe emotional distress upon his family, Chadwick Matthews (son), and Drew Matthews (son) beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Matthews family was so severe that no reasonable person could be expected to endure it. Chadwick Matthews and Drew Matthews, has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Chadwick Matthews and Drew Matthews, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT CC**
**DEBORAH WISE**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(422) Plaintiff's, Debra Wise, repeats and re-alleges each and every allegation set

(423) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the sister of Timothy Mitchell has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Timothy Mitchell to cause severe emotional distress upon his sister, Debra Wise, beneficiary of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Mitchell family was so severe that no reasonable person could be expected to endure it. Debra Wise, has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Debra Wise, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CCI
### BERNICE RIVERS, AND SANDRA RIVERS SOLATIUM CLAIM PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(424) Plaintiffs, Bernice Rivers, and Sandra Rivers, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(425) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the wife and mother of Paul Rivers have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through

family members, Bernice Rivers (mother), and Sandra Rivers (wife), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Rivers family was so severe that no reasonable person could be expected to endure it. Bernice Rivers and Sandra Rivers have thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Bernice Rivers, and Sandra Rivers, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT CCII
### BARBARA ANN RUSSELL, ROBERT EMMETT RUSSELL, GLENN EDWARD RUSSELL, CHARLES EDWARD RUSSELL, JR., JEAN LOUISE BROWN, NANCY MACDONALD, DIANE CAROL HIGGINS, THE ESTATE OF THOMAS WILLIAM RUSSELL, AND RICHARD LYNDE FOLEY
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(426) Plaintiff's, Barbara Ann Russell, Robert Emmett Russell, Glenn Edward Russell, Charles Edward Russell, Jr., Jean Louise Brown, Nancy MacDonald, Diane Carol Higgins, the Estate of Thomas William Russell, and Richard Lynde Foley, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(427) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the mother and siblings, of Stephen Russell has suffered extraordinary grief and mental

through infliction of physical injury upon Stephen Russell to cause severe emotional distress upon his family, Barbara Ann Russell (mother), Robert Emmett Russell (brother), Glenn Edward Russell (brother), Charles Edward Russell (brother), Jean Louise Brown (sister), Nancy MacDonald (sister), Diane Carol Higgins (sister), Thomas William Russell (deceased brother), and Richard Lynde Foley (half-brother), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Russell family was so severe that no reasonable person could be expected to endure it. Barbara Ann Russell, Robert Emmett Russell, Glenn Edward Russell, Charles Edward Russell, Jr., Jean Louise Brown, Nancy MacDonald, Diane Carol Higgins, the Estate of Thomas William Russell, and Richard Lynde Foley, has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Barbara Ann Russell, Robert Emmett Russell, Glenn Edward Russell, Charles Edward Russell, Jr., Jean Louise Brown, Nancy MacDonald, Diane Carol Higgins, the Estate of Thomas William Russell, and Richard Lynde Foley, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT CCIII – THE CLAIMS OF CHARLES FRYE, JR., GINA FRYE, LINCOLN FRYE, AND RANDALL FRYE

The court dismissed the claims of the above referenced members of the Frye family without prejudice on 8/9/11 (Docket entry #66). However, since the Special Master Reports reference specific counts in the Second Amended Complaint, Counsel has left

deem these counts re-filed.

**JACK DARRELL HUNT, MENDY LEIGH HUNT, AND MOLLY FAY HUNT**
**SOLATIUM CLAIM PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(430) Plaintiff's, Jack Darrell Hunt, Mendy Leigh Hunt,

and Molly Fay Hunt, repeats and re-alleges each and every allegation set forth above

with like effect as if alleged herein.

(431) As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the

children, of Orval Hunt have suffered extraordinary grief and mental anguish, in that the

defendants, acting through their agents and by their conduct intended through infliction

of physical injury upon Orval Hunt to cause severe emotional distress upon his family,

Jack Darrell Hunt (son), Mendy Leigh Hunt (daughter), and Molly Fay Hunt (daughter),

beneficiaries of this action and the conduct above described was so extreme and

outrageous as to exceed all possible bounds of decency and must be regarded as

atrocious and utterly intolerable in a civilized community and the emotional distress

suffered by the Hunt family was so severe that no reasonable person could be expected

to endure it. Jack Darrell Hunt, Mendy Leigh Hunt, and Molly Fay Hunt has thereby

suffered damages in the amount of ten million dollars.

WHEREFORE, Jack Darrell Hunt, Mendy Leigh Hunt, and Molly Fay Hunt,

demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian

Ministry of Information and Security, jointly and severally, for each in the amount of

TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT CCV**
**CLAIM OF RICHARD DUDLEY**
**PURSUANT TO 28 U.S.C.**
**§1605A AND IN ACCORDANCE**
**WITH**
**THE FEDERAL AND STATE COMMON**
**LAW FOR BATTERY**

(432) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(433) On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Richard Dudley, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continue to require extensive medical treatment, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity ands have permanently disabled the said Plaintiff. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Richard Dudley, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CCVI**
**CLAIM OF RICHARD DUDLEY**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL AND STATE COMMON LAW**
**FOR ASSAULT**

above with like effect as if alleged herein.

(435) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Richard Dudley, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering.

WHEREFORE, Plaintiff, Richard Dudley, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT CCVII
### CLAIM OF RICHARD DUDLEY
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(436) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(437) As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Richard Dudley, endured extreme mental anguish and pain and suffering,

physical injury, pain, discomfort and inconvenience.

WHEREFORE, Plaintiff, Richard Dudley, demands that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CCVIII**
**CLAIM OF RICHARD DUDLEY**
**PURSUANT TO 28 U.S.C.**
**§1605A PUNITIVE DAMAGES**

(438) The Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(439) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Richard Dudley's rights and physical well being. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605 (a)(7) both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code, §1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism

damages.

WHEREFORE, Plaintiff, Richard Dudley, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<strong><u>COUNT CCIX</u></strong><br>
<strong><u>TOLEDO DUDLEY, SHERRY LATOZ, CYNTHIA BLANKENSHIP, GINGER TUTON, AND SCOTT DUDLEY</u></strong><br>
<strong><u>PURSUANT TO 28 U.S.C. §1605A</u></strong><br>
<strong><u>AND IN ACCORDANCE WITH</u></strong><br>
<strong><u>THE FEDERAL AND STATE COMMON LAW FOR</u></strong><br>
<strong><u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u></strong>

(440) The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(441) The acts alleged above, funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security, constituted extreme and outrageous conduct carried out against Richard Dudley, with the intent to inflict emotional distress upon him, his wife, Toledo Dudley, and his children, Sherry Latoz, Cynthia Blankenship, Ginger Tuton, and Scott Dudley, as a direct result and proximate result of these willful, wrongful and intentional acts of Hezbollah, Richard Dudley's family, consisting of his parents and children, were caused to suffer severe emotional distress.

WHEREFORE, Plaintiff's, Toledo Dudley, Sherry Latoz, Cynthia Blankenship, Ginger Tuton, and Scott Dudley, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, as to each in the amount of **FIVE MILLION DOLLARS ($5,000,000.00), and costs.**

## CATALDO ANTHONY NASHTON, CLAUDIA COMINO, MARK NASHTON, AND MYLES NASHTON SOLATIUM CLAIM PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(442) Plaintiff's, Cataldo Anthony Nashton, Claudia Comino, Mark Nashton, and Myles Nashton, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(443) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the siblings of Jeffrey Nashton have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Jeffrey Nashton to cause severe emotional distress upon his family, Cataldo Anthony Nashton (sister), Claudia Comino (sister), Mark Nashton (brother), and Myles Nashton (brother), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Nashton family was so severe that no reasonable person could be expected to endure it. Cataldo Anthony Nashton, Claudia Comino, Mark Nashton, and Myles Nashton has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Cataldo Anthony Nashton, Claudia Comino, Mark Nashton, and Myles Nashton, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

# TERESA BATHOLOMEW, CRYSTAL BARTHOLOMEW, MARK E. BARTHOLOMEW, JERRY BARTHOLOMEW, AND JOYCE BARTHOLOMEW SOLATIUM CLAIM PURSUANT TO 28 U.S.C. §1605A AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(444) Plaintiff's, Teresa Bartholomew, Crystal Bartholomew, Mark E. Bartholomew, Jerry Bartholomew, and Joyce Bartholomew, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(445) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Plaintiff's, the wife, children, and parents, of Mark Bartholomew have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury upon Mark Bartholomew to cause severe emotional distress upon his family, Teresa Bartholomew (wife), Crystal Bartholomew (daughter), Mark E. Bartholomew (son), Jerry Bartholomew (father), and Joyce Bartholomew (mother), beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Bartholomew family was so severe that no reasonable person could be expected to endure it. Teresa Bartholomew, Crystal Bartholomew, Mark E. Bartholomew, Jerry Bartholomew, and Joyce Bartholomew has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Teresa Bartholomew, Crystal Bartholomew, Mark E. Bartholomew, Jerry Bartholomew, and Joyce Bartholomew, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and

DOLLARS ($20,000,000.00), besides costs.

Date: March \_\_\_, 2012

Respectfully submitted,

FAY KAPLAN LAW, PA

*Thomas Fortune Fay*
THOMAS FORTUNE FAY
Unified Bar No. 23929

Joseph W. Fay
<span>Digitally signed by Joseph W. Fay
DN: cn=Joseph W. Fay, o=Fay Kaplan Law, P.A.,
ou, email=Joe.Fay@FayKaplanLaw.com, c=US
Date: 2012.03.28 17:38:23 -04'00'</span>

JOSEPH W. FAY
Bar No. MD 17769

Attorneys for Plaintiffs