**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | ) | |
|---|---|---|
| CAROLYN DAVIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 07-cv-1302 (RCL) |
| | ) | |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

In this Court's Order and Judgment of March 30, 2012, it required that plaintiffs, "consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Order and Judgment, and the Memorandum Opinion issued this date, to defendants." This process of providing defendants notice of final judgment under the Foreign Sovereign Immunities Act ("FSIA") is governed by the same substantive procedures that govern service of process under the Act. 28 U.S.C. § 1608(e) (directing that "default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section"). The reference in this provision to "the manner prescribed for service in this section" refers to the instructions found in § 1608(a), which "prescribes four methods of service, in descending order of preference. Plaintiffs must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 52 (D.D.C. 2008).

These methods include service (1) "in accordance with any special arrangement . . . between the plaintiff and the foreign state," (2) "by delivery . . . in accordance with an applicable

international convention," (3) "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt," and (4) "by sending two copies" to the U.S. Department of State, which "shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted." 28 U.S.C. § 1608(a)(1)–(4).

Here, there is no special arrangement for service between the parties, and defendant is not party to any applicable international convention on service of judicial documents. *See* Hague Conf. on Private Int'l Law, Status Table, http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited June 20, 2012) (not listing Iran as signatory to the Hague Convention). Correctly, plaintiffs attempted to serve the final judgment via § 1608(a)(3).

Subsection (a)(3) provides that service on a foreign state is made "by sending . . . [a copy of the final judgment] by any form of mail requiring a signed receipt, to be addressed and *dispatched by the clerk of the court* to the head of the ministry of foreign affairs of the foreign state concerned." § 1608(a)(3) (emphasis added). On April 19, 2012, Plaintiffs sent a package containing a copy of the Order and Judgment to defendants by registered mail. Mot. to Take Notice of Service, June 7, 2012, ECF No. 126, Ex. 4 (postmark on image of envelope). However, the docket contains no certification from the clerk's office that the package was "dispatched by the clerk of court." It appears that plaintiffs dispatched these documents themselves. This is contrary to § 1608(a)(3)'s clear requirements, and therefore plaintiffs' motion must be DENIED. While this reason is independently sufficient to deny plaintiffs' motion, the Court notes one additional aspect of plaintiff's motion that gives it pause.

FSIA § 1608(c) governs when service has been properly effected in a FSIA case. Relevant here, subsection (c)(2) recognizes three ways to prove service: (1) a date of receipt indicated on a certification, (2) a signed and returned postal receipt, or (3) other proof of service applicable to the method of service employed.  *See* § 1608(c)(2).  In this case, plaintiffs sent their package via the United States Postal Service using PS Form 2865—Return Receipt for International Mail.  *See* ECF No. 126-5 (image of package); *see also* http://about.usps.com/forms/ps2865.pdf (last accessed June 21, 2012).  Therefore, the second option for proving service under subsection (c)(2)—a signed and returned postal receipt—most clearly applies.

Here, plaintiffs have no certification or signed postal receipt.  Plaintiffs attempt to rely on subsection (c)(2)'s catch-all third option—"other proof of service applicable to the method of service employed."[1]  Plaintiffs argue that "proof of service is evident by the markings on the outside of the package."  Mem. of Points and Authorities, ECF No. 126-1, at 1.

It is true that the package was returned to plaintiffs containing markings on the outside. *See* Aff. of Service by Mail, June 4, 2012, ECF No. 126-3, at ¶ 4.  However, most of the writing on the package is in Farsi and plaintiffs have offered no certified translation that the Court can rely upon.  In lieu of a translation, plaintiffs represent that "[t]he date on the package indicates, in Farsi, that the package was delivered on May 1, 2012."  Mem. of Points and Authorities, ECF No. 126-1, at 1 n.1.  Plaintiffs' selective "translation" of certain parts of the package is not enough.  This Court is unwilling to rely solely on plaintiffs' representations—especially in light of plaintiffs' incorrect representation that "the delivery is marked as 'refused' in English."  *Id.* at 1.  The package is actually marked "Refusé," which is French for "refused," not English.  *See* ECF No. 126-5 (image of package).

---

[1] Because the "method of service employed" was PS Form 2865, it is unlikely any other "proof of service" may be "applicable" other than a signed and returned PS Form 2865.

3

Finally, plaintiffs' motion fails to account for defendant Iranian Ministry of Information and Security and whether or not it has been served with the final judgment in compliance with this Court's previous order.

Accordingly, it is hereby

ORDERED that plaintiffs' Motion to Take Notice of Service Upon Defendant the Islamic Republic of Iran is hereby DENIED.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on July 2, 2012.